Leah Chavez
6333 Pacific Ave. #355
Stockton, CA 95207
*Pro Se*



**FILED**

AUG 1 2 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

2:22  CV 1 4 3 1  TLN KJN PS

RUDOLFO CHAVEZ,

    Plaintiff,

vs.

LEAH CHAVEZ,

    Defendant.

Case No. _____

**LEAH CHAVEZ' NOTICE OF REMOVAL**

### LEAH CHAVEZ' NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446, Leah Chavez hereby removes this action from The Superior Court of California, County of San Joaquin to the United States District Court for the Eastern District of California.  In support of this Notice of Removal, Leah Chavez avers as follows:

#### Procedural History and Plaintiff's Allegations

The register of action for this matter is attached as to this Notice of Removal (EXHIBIT A).

On August 22, 2013 Plaintiff Rudolfo Chavez filed a Petition for Dissolution of Marriage in The Superior Court of California County of Alameda. On January 28, 2014

the matter was ordered transferred to The Superior Court of California, County of San

Joaquin.  On March 20, 2015 Plaintiff Rudolfo Chavez filed an Amended Petition for

Dissolution in The Superior Court of California County of San Joaquin.

The uncontradicted facts relevant to the issues presented in this removal request

are that the parties' dissolution trial was scheduled to begin on September 10, 2019 in

front of the Honorable Judge Tony J. Agbayani, Jr., the judge "assigned for all purposes"

and the judicial officer the parties regularly appeared before. The parties filed settlement

conference statements before the trial was set to begin (EXHIBITS B and C).

Judge Agbayani thought it would be good if a different judge conducted the

settlement conference before trial, so on July 17, 2019 he set a settlement conference

before the Honorable Judge Linda L. Lofthus (whom the parties had never appeared in

front of before) for August 14, 2019 at 10:00 am which was continued on the court's own

motion to August 21, 2019 at 10:00 am (EXHIBIT D).

After the off the record settlement conference concluded Judge Lofthus, Judge

Lofthus clerk Lupe, the parties, Husband's attorney, and Husband's attorney's assistant

moved into the courtroom specifically to have the parties' settlement agreement read on

the record and transcribed by the court reporter in order to satisfy the requirements of

California Code of Civil Procedure 664.6, nothing more (EXHIBIT E).

After the parties were seated and by surprise without discussion about terminating

the parties marital status, and without notice or an opportunity to be heard on the matter,

the court *sua sponte* ruled to bifurcate and terminate the parties' marital status effective

immediately under <u>California Rules of Court 5.390</u> (the statute being challenged in this removal action as unconstitutional).

Notice of Appeal as to the unconstitutional bifurcation of marital status was made on August 26, 2019 (EXHIBIT F).  The parties signed a Settlement Agreement Pursuant to C.C.P. 664.6 on October 16, 2019 (EXHIBIT G).  The court's *sua sponte* ruling made on August 21, 2019 terminating the parties' marital status without notice or an opportunity to be heard was recorded in the Findings and Order After Hearing filed on October 28, 2019 (EXHIBIT H).

On April 18, 2022 the Third District Court of Appeals issued its Opinion in appeal C090325, stating:

> Defendant argues the "trial court denied her due process right to "notice and . . . opportunity to prepare and argue against bifurcation." We affirm the trial court's order." … "California Rules of Court, rule 5.390(a) states that on noticed motion of a party, using form FL-300, "Request for Order," "the stipulation of the parties, case management, *or the court's own motion,* the court may bifurcate one or more issues to be tried separately before other issues are tried." (Italics added.) Accordingly, the court had the authority to bifurcate and terminate the parties' marital status on its own motion."  (EXHIBIT I).

Defendant had been actively involved in the litigation of her dissolution since the beginning and was preparing for her long awaited dissolution trial, which was set to

begin September 10, 2019 and included the issue of marital status and related protected

rights (including among other property rights to be heard at trial, spousal health insurance

and federal COBRA health insurance). The trial court judge was forthright in stating on

the record that bifurcation and termination of marital status was not agreed upon by the

parties but was her decision stating: "That was a decision I made when I was sitting here.

So that wasn't part of your settlement. I thought it was, but it turns out it wasn't, but that's

okay. So I made the call, and I think the record reflects that."  Judge Lofthus then went

on to state again on the record that she was maintaining her decision to *sua sponte*

terminate the parties' marital status: "so it's clear I made that call on the status… That

wasn't your agreement." (EXHIBIT E, *supra*)

       Defendant asserts not only was the trial court's ruling based on an unconstitutional

statute C.R.C. 5.390, but the ruling was racially discriminatory against Defendant who is

African American.  This assertion and Defendant's challenge of C.R.C. 5.390 termination

of marital status "on the court's own motion" without first providing notice and the

opportunity to be heard as unconstitutional was fully addressed in Defendants *Petition for*

*Review in the Supreme Court of California* filed May 31, 2022, which is hereby

incorporated by reference as if fully set forth herein (EXHIBIT J). Review in the

Supreme Court of California was denied on July 20, 2022 (EXHIBIT K). Remittitur from

Supreme Court of California back to the Superior Court of San Joaquin County issued on

August 4, 2022 (EXHIBIT L).

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **Grounds for Removal**

This Court has original jurisdiction under 28 U.S. Code § 1331 (Federal question), which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  As previously discussed, the subject matter of this case is the constitutionality of California Rules of Court 5.390 Bifurcation Statute, which reads in part: on "the court's own motion, the court may bifurcate one or more issues to be tried separately before other issues are tried…" and the statute goes on to list under C.R.C. 5.390(b)(7) "Termination of status of a marriage or domestic partnership" as one of the issues the court can bifurcate.

Although the issue involves the decision to terminate the marital status of the parties, the issue presented for removal is not "inextricably intertwined" with the decision of the local court. The issue presented here is that C.R.C. 5.390 violates the United States Constitution's Due Process and Equal Protection clauses, and thus the federal court has subject matter jurisdiction. (*Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003*)

C.R.C. 5.390 gives the court authority to terminate the marital status of individuals, which terminates their property rights, including in health and social security benefits, without *first* providing them due process of law – this is unconstitutional under Fourteenth Amendment to the United States Constitution which states "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *U.S. Const. amend. XIV, § 1.*

This removal constitutes a legislative challenge, to the California Rules of Court 5.390, as unconstitutional.

### Notice of Constitutional Challenge to a Statute

Defendant, Leah Chavez, is questioning the constitutionality of California Rules of Court 5.390, and the constitutionality of the court's authority to "bifurcate" and terminate a parties marital status, on the "court's own motion" as the statute reads, without *first* providing notice and an opportunity to be heard.  Defendant has served notice on the Attorney General of the State of California as required by FRCP 5.1(a).

### The Procedural Requirements for Removal Have Been Satisfied

Venue is proper in the Eastern District of California pursuant 28 U.S.C. 1441(a) because the action is pending in the Superior Court of California, County of San Joaquin; and pursuant to 28 U.S.C. 1391(b) (1) Defendant resides in the Eastern District of California, and pursuant to 28 U.S.C. 1391(b) (2) this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

Under 28 U.S.C. § 1443(1) a civil action commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending if there is an action "(a)gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof…" Defendant was denied and cannot enforce in the State courts her constitutional right of due process before deprivation of marital property rights.

Defendant exhausted all state law remedies.  When the California Supreme Court made its ruling on July 20, 2022 denying Defendant's Petition for Review, the case became removable under 28 U.S. Code § 1446(b)(3) which states: "*if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, <u>order or other paper</u> from which it may first be ascertained that the case is one which is or has become removable*".  This case became removable when the Supreme Court issued its "ruling" (order or other paper) denying Defendant's Petition for Review challenging the constitutionality of C.R.C. 5.390.

Defendant is filing this Notice of Removal within 30 days from when the case became removable after her Petition for Review was denied on July 20, 2022; and Remittitur issued on August 4, 2022.  This case has been timely removed.

Defendant, Leah Chavez, will serve written notice of this Notice of Removal on adverse parties (E.D. Cal. L.R. 210(b)) and will immediately file the same with the Clerk of the Superior Court of California, County of San Joaquin in accordance with 28 U.S.C. § 1446(d).

True and correct copies process, pleadings, and orders served on the defendants in the action pending in the Superior Court of California, County of San Joaquin are attached hereto as Exhibits (See EXHIBIT LIST below).

Contemporaneous with the filing of this Notice of Removal Defendant has filed a Request To Use Electronic Filing Under Local Rule 133(b)(3).

## **Non-Waiver of Defenses**

By removing this action from The Superior Court of California, County of San Joaquin, Leah Chavez does not waive any defenses available to her.

By removing this action from The Superior Court of California, County of San Joaquin, Leah Chavez does not admit any of the allegations in plaintiff's complaint.

**WHEREFORE**, Leah Chavez removes the above-captioned action from The Superior Court of California, County of San Joaquin to the United States District Court for the Eastern District of California.

Dated: August 12, 2022

Respectfully submitted,

By: _____

Leah Chavez

//

//

//

//

//

//

//

//

# EXHIBIT LIST

A – Register of Actions

B – Leah Chavez - Amended Settlement Conference Statement 8-7-18

C – Rudolfo Chavez - 3rd Settlement Conference Statement 10-10-18

D – Notice of Settlement Conference (Judge Lofthus) 8-14-2019, filed 7-17-19

E – Transcript – Settlement read into the record under C.C.P. 664.6, 8-21-2019

F– Notice of Appeal – C.R.C. 5.390 Bifurcation of Marital Status 8-26-2019

G – Settlement Agreement Pursuant to C.C.P. 664.6, 10-16-19

H – FOAH - Status Bifurcation 10-28-19

I – Appellate Opinion (C.R.C. 5.390 Bifurcation) - C090325 4-18-22

J – Petition for Review with the Supreme Court of California 5-28-22

K – Supreme Court of California Decision Denying Petition for Review 7-20-22

L – Remittitur from the Supreme Court of California – 8-4-22.


Dated: August 12, 2022

Respectfully submitted,

By: _____

Leah Chavez

# EXHIBIT A

| Date | Action |
|------|--------|
| **Rudolfo Chavez VS Leah Chavez** | |
| 09/16/2014 | Initial petition/complaint filed 8/22/13 |
| 09/16/2014 | Receipt of Records Notice of transmittal of the transfer case file from Alameda County |
| 09/16/2014 | Notice of Receiving Transferred Action |
| 09/16/2014 | Proof of service by mail[PETR] Rudolfo Chavez c/o Atty Justin Tabayoyon; Notice of Receiving Transferred Action, mailed 9/16/14 |
| 09/16/2014 | Proof of service by mail[RESP] Leah Chavez; Notice of Receiving Transferred Action, Copy of FW request, copy of FW order, mailed 9/16/14 |
| 09/16/2014 | Fee waiver requested by **[RESP] Leah Chavez; |
| 09/16/2014 | Fee waiver granted to **[RESP] Leah Chavez; |
| 09/25/2014 | Resp's NOM to Modify Child Support, Spousal Support, other |
| 09/25/2014 | Motion re child support |
| 09/25/2014 | Motion re spousal support |
| 09/25/2014 | Resp's Civil Subpoena for Personal Appearance at trial of hearing to: Law Offices of Justin Tabayoyon |
| 09/25/2014 | Proof of service by mail[PETR] Rudolfo Chavez c/o atty Justin Tabayoyon; OAH 4/16/14 hrg, mailed 7/9/14 |
| 10/14/2014 | Hearing moved by golden rod per Respondent, opposing counsel unavailable New hearing date: 11/13/2014 |
| 10/14/2014 | Notice of Correction to Appellant's Notice Designating Record on Appeal |
| 10/14/2014 | Proof of service filed Notice to Consumer or Employee and Objection served on 10/03/14 |
| 10/14/2014 | Proof of service filed OSC to Set Aside/Modify Support and Request for Hearing and Application to set Aside Support Order Under FC3691 served on 10/08/14 |
| 10/14/2014 | Civil Subpoena for production of business records |
| 10/14/2014 | Proof of service filed-deposition subpoena for production of business records, srvd to haily ayres on 10-8-14 |
| 10/15/2014 | Proof of service filed[PETR] Rudolfo Chavez; Atty srvd rfo 10/8/14 |
| 10/15/2014 | Proof of service filed for Deposition Subpoena srvd Hailey Ayres for Justin Tabayoyon on 10/8/14 |
| 10/15/2014 | Amended Proof of service filed for Notice to consumer srvd Cinnamin Murray for Justin Tabayoyon on 10/3/14 |
| 10/15/2014 | Amended Proof of service filed  for OSC to Set Aside/Modify Support and Request for Hearing srvd Hailey Ayres for Justin Tabayoyon on 10/8/14 |
| 10/16/2014 | Resp's NOM to compel |
| 10/16/2014 | Proof of service by email to atty Tabayoyon on 10/16/14 |
| 10/16/2014 | Proof of service filed[PETR] Rudolfo Chavez; atty srvd attachment & subpoena 10/8/14 |
| 10/24/2014 | Proof of service filed;RFO;Req. for hearing to[PETR] Rudolfo Chavez; |
| 10/28/2014 | Responsive declaration to OSC or Notice of Motion[PETR] Rudolfo Chavez; |
| 10/28/2014 | Responsive declaration to OSC or Notice of Motion[PETR] Rudolfo Chavez; |
| 11/03/2014 | Resp's Reply to Atty's Responsive Declaration dated 10/21/14 and Separate Points and Authorities  dated 10/21/14 to Resp's Motion to Compel |
| 11/03/2014 | Proof of service by mail[PETR] Rudolfo Chavez; served with Resp's Reply to Justin Tabayoyon's Responsive Decl and Points and Authorities in Opposition to Respondent's Motion to Compel and Resp's Reply to Petr's Responsive Decl. on |
| 11/03/2014 | Proof of service filed ATTY for [PETR] Rudolfo Chavez; electronically served with file stamped copy of the NOM and Motion to Compel, Memo of Points and Authorities adn Declaration of Leah Chavez on 10/16/14 |
| 11/03/2014 | Resp's Reply to Petr's RDOM for Set Aside of Support Order |
| 11/12/2014 | Minute Order of hearing calendared for November 12, 2014 |
| 11/13/2014 | MO: Motion hearing held |
| 11/13/2014 | Stipulation and Order of Approval pursuant to  259(d) CCP |
| 11/13/2014 | Appointment of Official Reporter pro Tempore |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 11/14/2014 | Deposition subpoena for Production of business records |
| 11/17/2014 | MO: Hearing continued on party's motion New hearing date: 01/08/2015 |
| 11/17/2014 | Resp's OSC contempt |
| 11/19/2014 | Resp's Amended OSC contempt |
| 11/19/2014 | Proof of service filed for Contempt srvd Rudolfo Chavez on 11/18/14 |
| 11/19/2014 | Proof of service filed for Contempt Srvd the Law office of Justin Tabayoyon |
| 11/19/2014 | Proof of service filed for Demand for Production of Documents--Set One, Form Interrogatories, srvd Cheryl foti at Justin Tabayoyon Law office on 11/14/14 |
| 12/01/2014 | depo subpoena srvd 11/14/14 on Legal Copy & Process service |
| 12/01/2014 | Proof of service by mail[PETR] Rudolfo Chavez; srvd amended osc 11/19/14 |
| 12/01/2014 | Proof of service by mail law office of Justin Tabayoyon srvd amended osc 10/16/14 |
| 12/01/2014 | Proof of service filed[PETR] Rudolfo Chavez; srvd Notice of Consumer or Employee Objection 11/14/14 |
| 12/09/2014 | Substitution of attorney[PETR] Rudolfo Chavez; |
| 12/09/2014 | Notice of limited scope rep[PETR] Rudolfo Chavez; |
| 12/16/2014 | Proof of service by mail re: Motion to Compel Further Responses sent by Email to[PETR] Rudolfo Chavez;c/o atty Tabayoyon on 12/16/14 |
| 12/22/2014 | MO: OSC hearing held |
| 12/22/2014 | Appointment of Official Reporter Pro Tempore |
| 01/08/2015 | Appointment of Official Reporter Pro Tempore |
| 01/08/2015 | Long cause trial |
| 01/08/2015 | MO: Hearing continued on party's motion New hearing date: 04/10/2015 |
| 01/08/2015 | Case under submission with Judge McCann |
| 01/08/2015 | Amended minute order of hearing/trial calendared for January 8, 2015 |
| 01/08/2015 | Amended minute order of hearing/trial calendared for January 8, 2015 |
| 01/08/2015 | MO: Hearing continued on court's motion New hearing date: 01/23/2015 |
| 01/14/2015 | Resp NOM Determine & Judgment on Arrearages |
| 01/14/2015 | Resp NOM Medical Sum Certain |
| 01/14/2015 | Civil Subpoena for Personal Appearance at trial of hearing re: Legal Copy & Process Service |
| 01/15/2015 | Resp's OSC contempt |
| 01/23/2015 | MO: Other hearing held |
| 01/23/2015 | MO: Hearing continued on party's motion New hearing date: 01/30/2015 |
| 01/30/2015 | MO: Motion hearing held |
| 02/06/2015 | Findings & Order After Hearing: o |
| 02/13/2015 | Child support wage assignment order $1771 CS & $100 arrears payable to Leah Chavez |
| 02/13/2015 | Proof of service by mail - OSC -[PETR] Rudolfo Chavez; Mailed 1/15/15 |
| 02/23/2015 | Pursuant to minute order dated 2/23/15. New hearing date: 02/27/2015 |
| 02/23/2015 | MO: Hearing continued on plaintiff's motion New hearing date: 02/27/2015 |
| 02/23/2015 | MO: OSC hearing held |
| 02/23/2015 | Application to be relieved as counsel upon completion of limited scope representation -[PETR] Rudolfo Chavez; |
| 02/27/2015 | MO: Motion hearing held |
| 02/27/2015 | MO: Hearing continued on party's motion New hearing date: 05/15/2015 |
| 02/27/2015 | MO: Hearing continued on party's motion New hearing date: 05/15/2015 |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 02/27/2015 | Proof of service by mail Law Office of Justin Tabayoyon srvd  Discovery Responses 1/9/15 |
| 02/27/2015 | Proof of service by mail[PETR] Rudolfo Chavez; srvd foahr 11/13/15 hrg 2/26/15 |
| 03/20/2015 | Amended Petition for Dissolution of Marriage |
| 03/20/2015 | Amended summons issued and filed |
| 03/20/2015 | Proof of service by mail - Amended Petition mailed to[RESP] Leah Chavez; 2/10/15 |
| 04/03/2015 | Trial Brief[RESP] Leah Chavez; |
| 04/06/2015 | Proof of service filed Robt Chavez srvd for [PETR] Rudolfo Chavez;  trial brief 4/3/15 |
| 04/08/2015 | RESP (Leah Chavez ) no longer a pro per; |
| 04/08/2015 | Substitution of attorney[RESP] Leah Chavez; |
| 04/08/2015 | Notice of limed Scope Representation[RESP] Leah Chavez; |
| 04/10/2015 | Long cause trial |
| 04/10/2015 | Case under submission with Judge McCann |
| 04/10/2015 | Appointment of Official Reporter Pro Tempore |
| 04/22/2015 | order on application to be relieved as councel upong completion of limited scope representation[PETR] Rudolfo Chavez; |
| 04/22/2015 | PETR (Rudolfo Chavez ) changed to pro per; |
| 04/30/2015 | Notice of Demurrer and Demurrer to Second Amended OSC are Request to Take Judicial Notice |
| 05/13/2015 | Respondent's Motion to Strike Petitioner's Demurrer; and Opposition to  Petitioner's Demurrer to Respondent's OSC for Contempt and Supporting Affidavit and Request to take Judicial Notice |
| 05/13/2015 | Proof of service by mail for Resp's Motion to Strike Demurrer and Opposition to Petitioner's Demurrer |
| 05/15/2015 | MO: Other hearing held |
| 05/15/2015 | Minute Order of hearing calendared for May 15, 2015 |
| 05/15/2015 | MO: Hearing continued on party's motion New hearing date: 05/29/2015 |
| 05/15/2015 | MO: Hearing continued on court's motion New hearing date: 05/29/2015 |
| 05/29/2015 | MO: Motion hearing held |
| 05/29/2015 | Case under submission with Judge *Agbayani* |
| 06/05/2015 | Order after hearing |
| 06/08/2015 | Certificate of Service by Mail |
| 06/08/2015 | No longer under submission with Judge McCann |
| 06/19/2015 | Resp's Notice of motion to Vacate /New Trial Reconsider |
| 06/19/2015 | Deposition Subpoena For Personal Appearance[RESP] Leah Chavez; |
| 06/26/2015 | Order after hearing |
| 06/26/2015 | Certificate of Service by Mail- 6/26/15 |
| 06/26/2015 | No longer under submission with Judge |
| 06/29/2015 | deposition subpoena for personal appearance[RESP] Leah Chavez; |
| 06/29/2015 | Proof of personal service filed re: notice and motion for reconsidering of ruling holding msa srvd[PETR] Rudolfo Chavez; on 6/19/15 |
| 07/06/2015 | deposition subpoena for personal appearance |
| 07/15/2015 | Deposition Subpoena for personal appearance |
| 07/21/2015 | Proof of service by mail re: Declaration of Jamila williams, Decl of James Broe, Decl of Aaron Stanley, Decl of Ariel Chavez, mailed on 7-15-15 to[PETR] Rudolfo Chavez; |
| 07/21/2015 | Declaration[RESP] Leah Chavez; |
| 07/21/2015 | Declaration Of James Broe[RESP] Leah Chavez; |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| | |
|------|--------|
| 07/21/2015 | Declaration of Jamila Williams &Aaron Stanley |
| 07/23/2015 | Case under submission with Judge **McCann |
| 07/23/2015 | MO: Motion hearing held |
| 07/23/2015 | Appointment of Official Reporter Pro Tempore |
| 08/18/2015 | Order after hearing |
| 08/18/2015 | Certificate of Service by Mail |
| 08/18/2015 | No longer under submission with Judge McCann |
| 09/02/2015 | Notice of Filing Notice of Appeal |
| 10/13/2015 | Ex Parte Application for Earnings Assignment Order filed by Chavez, Leah. |
| 11/16/2015 | Court of Appeal Letter (Unsuccessful Mediation) filed by the Superior Court, County of San Joaquin. |
| 11/24/2015 | Appellant's Notice Designating Record on Appeal - CT & RT (Unlimited Civil Case) filed by Chavez, Leah. |
| 11/24/2015 | Proof of service by Mail filed by Chavez, Leah. |
| 11/24/2015 | Proof of service by mail filed by Chavez, Leah. |
| 11/24/2015 | Proof of Service by Mail filed by Chavez, Leah. |
| 11/30/2015 | Proof of Service of Mailing (Copy of Appellant's Designation mailed to Court of Appeal) by the Appeals Clerk filed by the Superior Court, County of San Joaquin. |
| 11/30/2015 | Notice of Default on Appeal filed by the Superior Court, County of San Joaquin. |
| 11/30/2015 | Proof of Service of Mailing (Notice of Default mailed to Appellant Leah Chavez) by the Appeals Clerk filed by the Superior Court, County of San Joaquin. |
| 12/28/2015 | Clerk's Estimate of Costs for Preparation of Clerk's Transcript on Appeal filed by the Superior Court, County of San Joaquin. |
| 12/28/2015 | Proof of Service of Mailing (Clerk's Estimate of Costs) by the Appeals Clerk filed by the Superior Court, County of San Joaquin. |
| 01/19/2016 | Proof of Service by Mail- Record on Appeal (Clerk's Transcript on Appeal, volumes 1-2; Reporter's Transcript on Appeal, one volume; Declaration of Kellie Griffin) filed by the Superior Court, County of San Joaquin. |
| 01/25/2016 | Income Withholding for Support entered and filed. |
| 02/29/2016 | Letter of Omission (RT only) filed by Chavez, Leah. |
| 02/29/2016 | Proof of service filed by Chavez, Leah. |
| 03/18/2016 | Proof of Service by Mail- Record on Appeal (Reporter's Supplemental Transcript) filed by the Superior Court, County of San Joaquin. |
| 10/26/2016 | Substitution of Attorney filed by Chavez, Rudolfo. |
| 10/26/2016 | Attorney, In Pro Per, retained for Rudolfo Chavez . |
| 11/03/2016 | Request to Supplement Record filed by Chavez, Leah. |
| 11/10/2016 | Proof of Service by Mail- Record on Appeal (Supplemental Transcript) filed by the Superior Court, County of San Joaquin. |
| 04/04/2017 | Substitution of Attorney filed by Chavez, Rudolfo. |
| 04/04/2017 | At-Issue Memorandum filed by Chavez, Rudolfo. |
| 04/04/2017 | Attorney, Claire Osborn, District Attorney Office of San Joaquin County retained for Rudolfo Chavez . |
| 04/05/2017 | Income and Expense Declaration filed by Chavez, Rudolfo. |
| 04/05/2017 | Declaration Regarding Service of Declaration of Disclosure and Income and Expense Declaration filed by Chavez, Rudolfo. |
| 04/11/2017 | Counter At-Issue Memorandum filed by Chavez, Leah. |
| 04/17/2017 | Notice of Trial Setting |
| 04/17/2017 | Hearing regarding: Trial Setting , set for 05/22/2017 at 8:30 AM before Hon. Robin Appel in Department F2. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 05/10/2017 | Responsive Declaration to Request for Order filed by Chavez, Leah. |
| 05/10/2017 | Proof of service filed by Chavez, Leah. |
| 05/12/2017 | RFO-Request for Order (Initial) filed by Chavez, Rudolfo. |
| 05/12/2017 | Hearing regarding: Motion for Bifurcation Petr's RFO to Bifurcate Marital Status, set for 06/28/2017 at 8:15 AM before Hon. Cheryl A. McCann in Department F3. |
| 05/15/2017 | Payment received by Claire Osborn in the amount of $60.00. Receipt number 168530. |
| 05/17/2017 | hearing Dropped by Golden Rod |
| 05/17/2017 | Hearing Result: Dropped |
| 05/18/2017 | At-Issue Memorandum filed by Chavez, Rudolfo. |
| 05/18/2017 | Proof of Service of Request for Order as to Leah Chavez served on 05/17/2017 by Mailing. |
| 05/30/2017 | Counter At-Issue Memorandum filed by Chavez, Leah. |
| 06/20/2017 | Proof of Service by Mail - Civil filed by Chavez, Leah. |
| 06/20/2017 | Responsive Declaration to Request for Order (No Fee) filed by Chavez, Leah. |
| 06/21/2017 | Notice of Trial Setting filed. |
| 06/21/2017 | Hearing regarding: Trial Setting , set for 08/08/2017 at 8:30 AM before Hon. Robin Appel in Department 4A. |
| 06/23/2017 | Proof of service filed by Chavez, Rudolfo. |
| 06/23/2017 | Notice of Errata filed by Chavez, Rudolfo. |
| 06/28/2017 | Minutes finalized for Request for Order - Other held on 06/28/2017 08:15 AM . |
| 06/28/2017 | Hearing re: Request for Order - Other held on June 28, 2017. |
| 06/28/2017 | Hearing regarding: Request for Order-Initial Petr's RFO to bifurcate marital status, set for 08/08/2017 at 8:30 AM before Hon. Robin Appel in Department 4A. |
| 06/28/2017 | Stipulation & Order Of Approval Pursuant To 259(d) CCP for Family Support entered and filed. |
| 07/25/2017 | Responsive Declaration to Request for Order (No Fee) filed by Chavez, Leah. |
| 08/08/2017 | Minutes finalized for Request for Order-Initial held on 08/08/2017 08:15 AM . |
| 08/08/2017 | Hearing re: Request for Order-Initial held on August 8, 2017. |
| 08/08/2017 | Hearing re: Trial Setting held on August 8, 2017. |
| 08/08/2017 | Order Appointing Official Reporter Pro Tempore filed. |
| 08/09/2017 | Hearing regarding: Court Trial RE: Status, set for 08/28/2017 at 8:30 AM before Hon. Robin Appel in Department 4A. |
| 08/15/2017 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah |
| 08/15/2017 | Request for Order with Temporary Orders and/or Order Shortening Time Granted and filed on 08/15/2017. |
| 08/15/2017 | Temporary Emergency (Ex Parte) Orders as to Leah Chavez Denied and filed. |
| 08/15/2017 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 08/15/2017 | Hearing regarding: Request for Order-Initial Resp's RFO Petition for Writ of Supersedeas to stay dissolution proceedings under CCP 916(a), CCP 128, or other appropriate stay, or in the alternative for OST to hear matter on or before August 25, 2017, set for 08/25/2017 at 8:15 AM before Hon. Robin Appel in Department 4A. |
| 08/17/2017 | Proof of Service of Request for Order as to Rudolfo Chavez served on 08/16/2017 by Business. $0.00. Served By Fax. |
| 08/25/2017 | Minutes finalized for Request for Order-Initial held on 08/25/2017 08:15 AM . |
| 08/25/2017 | Hearing re: Request for Order-Initial held on August 25, 2017. |
| 08/25/2017 | Hearing Result: Vacated |
| 08/25/2017 | Order Appointing Official Reporter Pro Tempe filed by Rudolfo Chavez, Leah Chavez. |
| 08/31/2017 | Findings and Orders After Hearing as to Rudolfo Chavez, Leah Chavez Entered. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 09/01/2017 | Notice of Gavron Admonition, filed by Chavez, Rudolfo. |
| 09/01/2017 | Proof of service filed by Chavez, Rudolfo. |
| 09/01/2017 | Proof of service filed by Chavez, Rudolfo. |
| 09/13/2017 | Order After Hearing issued/filed. |
| 10/18/2017 | Opinion/ Decision/ Order on Appeal received. |
| 11/13/2017 | Opinion/ Decision/ Order on Appeal received. |
| 12/22/2017 | At-Issue Memorandum filed by Chavez, Rudolfo. |
| 12/29/2017 | RFO-Request for Order (Initial) filed by Chavez, Rudolfo. |
| 12/29/2017 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation, set for 01/30/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 12/29/2017 | Payment received by Claire Osborn in the amount of $60.00. Receipt number 246463. |
| 01/02/2018 | Counter At-Issue Memorandum filed by Chavez, Leah. |
| 01/03/2018 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 01/03/2018 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 01/03/2018 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah . |
| 01/03/2018 | Proof of Service of Request for Order as to Leah Chavez served on 01/02/2018 by Mailing. . |
| 01/03/2018 | Request for Order with Temporary Orders and/or Order Shortening Time Granted and filed on 01/03/2018. |
| 01/03/2018 | Temporary Emergency (Ex Parte) Orders as to Leah Chavez Denied and filed. |
| 01/03/2018 | Hearing regarding: Request for Order-Initial Resp's RFO Drop hearing re Bifurcation currently set for 1/30/2018, court ordered STAY pending appeal C08020 in effect by order of Judge Appel 9/13/17, Temp Orders, set for 01/26/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 01/04/2018 | Hearing Result: Dropped |
| 01/04/2018 | Golden Rod filed. |
| 01/29/2018 | Remittitur filed. |
| 01/30/2018 | Hearing Result: Transferred to another department |
| 01/30/2018 | Minutes finalized for Request for Order-Initial held on 01/30/2018 08:15 AM . |
| 01/30/2018 | Hearing re: Request for Order-Initial held on January 30, 2018. |
| 01/30/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation **In office we have At-Issue & Counter At-Issue. Waiting for Appeal decision before setting**, set for 01/30/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 01/30/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation, set for 03/14/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 02/07/2018 | Request for Joinder of Employee Benefit Plan Order filed by Chavez, Rudolfo. |
| 02/07/2018 | Pleading on Joinder Employee Benefit Plan filed by |
| 02/07/2018 | Summons for Joinder Issued and Filed |
| 02/22/2018 | Proof of service filed by Chavez, Leah. |
| 02/22/2018 | Responsive Declaration to Request for Order (No Fee) filed by Chavez, Leah. |
| 02/28/2018 | Notice of Settlement Conference |
| 02/28/2018 | Notice of Court Trial |
| 02/28/2018 | Hearing regarding: Court Trial , set for 08/14/2018 at 8:30 AM before Hon. Robin Appel in Department 4A. |
| 03/05/2018 | Declaration of prejudice pursuant to 170.6 CCP as to Judge Robin Appel filed by Leah Chavez. |
| 03/05/2018 | Declaration in Support of Motion for Peremptory Challenge filed by Chavez, Leah. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 03/05/2018 | Proof of service filed by Chavez, Leah. |
| 03/08/2018 | Hearing Result: Continued - Parties Motion |
| 03/08/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation, set for 04/03/2018 at 10:45 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/08/2018 | Golden Rod |
| 03/13/2018 | Declaration of Prejudice/ Peremptory Challenge Pursuant to CCP 170.6 GRANTED. |
| 03/27/2018 | Order to Show Cause and Affidavit for Contempt-Submitted submitted by Chavez, Leah |
| 03/27/2018 | . |
| 03/27/2018 | Hearing regarding: OSC Re: Contempt Resp's OSC and Affidavit for Contempt, set for 04/23/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 03/28/2018 | Hearing Result: Reset - Parties Motion |
| 03/28/2018 | Hearing regarding: OSC Re: Contempt Resp's OSC and Affidavit for Contempt, set for 05/21/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 03/29/2018 | Memorandum of Costs After Judgment filed by Chavez, Leah. |
| 03/29/2018 | Order to Show Cause for Contempt Granted |
| 04/02/2018 | Golden Rod |
| 04/02/2018 | Hearing Result: Continued - Parties Motion |
| 04/02/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation, set for 05/23/2018 at 10:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 04/06/2018 | Reset |
| 04/16/2018 | Declaration for Issuance of Writ of Execution and Order Issued to Contra Costa County |
| 04/16/2018 | Declaration for Issuance of Writ of Execution and Order Issued to San Joaquin County |
| 04/16/2018 | Declaration for Issuance of Writ of Execution and Order Issued to Solano County |
| 05/08/2018 | Order to Show Cause Matter Reset |
| 05/08/2018 | Hearing Result: Reset - Parties Motion |
| 05/08/2018 | Hearing regarding: OSC Re: Contempt Resp's OSC and Affidavit for Contempt, set for 08/27/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 05/11/2018 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah |
| 05/11/2018 | . |
| 05/18/2018 | Request for Order with Temporary Orders and/or Order Shortening Time Denied and filed on 05/18/2018. |
| 05/18/2018 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 05/18/2018 | Hearing regarding: Request for Order-Initial Resp's RFO Trial Setting Conference for Second Amended OSC Contempt filed 1/15/2015, set for 07/13/2018 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 05/22/2018 | Hrg of 5/23/18 is cont'd on golden rod per atty Osborn's request. |
| 05/22/2018 | Hrgs of 7/3/18 and 8/14/18 are cont'd on golden rod per atty Osborn's request. |
| 05/22/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation, set for 06/07/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 05/22/2018 | Hearing regarding: Settlement Conference , set for 08/14/2018 at 8:30 AM before Hon. Robin Appel in Department 4A. |
| 05/22/2018 | Hearing regarding: Court Trial , set for 10/16/2018 at 8:30 AM before Hon. Robin Appel in Department 4A. |
| 05/22/2018 | Hearing Result: Continued - Parties Motion |
| 05/22/2018 | Hearing Result: Continued - Parties Motion |
| 05/22/2018 | Hearing Result: Continued - Parties Motion |
| 05/23/2018 | Hrg of 6/07/18 is cont'd on golden rod per atty Osborn's request |

Dkt Listing
All Locations
STA-FL-DWC-2014-0005424

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| | |
|------|--------|
| 05/23/2018 | Hearing Result: Continued - Parties Motion |
| 05/23/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation, set for 07/11/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 06/07/2018 | Findings and Orders After Hearing as to Leah Chavez and Rudolfo Chavez Entered. |
| 07/06/2018 | Proof of service filed by Chavez, Leah. |
| 07/06/2018 | Proof of service filed by Chavez, Leah. |
| 07/11/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation (filed on 12/29/2017), set for 08/14/2018 at 8:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 07/11/2018 | Minutes finalized for Request for Order-Initial held on 07/11/2018 08:15 AM . |
| 07/11/2018 | Request for Order-Initial Petr's RFO Bifurcation scheduled on 07/11/2018 at 8:15 AM has been Continued. |
| 07/11/2018 | Proof of Service of OSC and Affidavit for Contempt  as to Rudolfo Chavez served on 07/11/2018 by Personal Service. |
| 07/13/2018 | Minutes finalized for Request for Order-Initial held on 07/13/2018 09:00 AM . |
| 07/13/2018 | Hearing re: Request for Order-Initial held on July 13, 2018. |
| 07/13/2018 | Hearing regarding: Request for Order-Initial Resp's RFO Trial Setting Conference for Second Amended OSC Contempt filed 1/15/2015, set for 08/03/2018 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 08/01/2018 | Settlement Conference Statement filed by Chavez, Rudolfo. |
| 08/01/2018 | Proof of Service by Mail filed. |
| 08/03/2018 | Hearing regarding: Request for Order-Initial Resp's RFO Trial Setting Conference for Second Amended OSC Contempt filed 1/15/2015, set for 08/10/2018 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 08/03/2018 | Minutes finalized for Request for Order-Initial held on 08/03/2018 09:30 AM . |
| 08/03/2018 | Hearing re: Request for Order-Initial held on August 3, 2018. |
| 08/10/2018 | Proof of service by mail filed. |
| 08/10/2018 | Income and Expense Declaration filed by Chavez, Rudolfo. |
| 08/10/2018 | Hearing regarding: Court Trial , set for 11/27/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 08/10/2018 | Hearing regarding: Settlement Conference , set for 08/14/2018 at 8:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 08/10/2018 | Minutes finalized for Request for Order-Initial held on 08/10/2018 10:30 AM . |
| 08/10/2018 | Hearing re: Request for Order-Initial held on August 10, 2018. |
| 08/10/2018 | Hearing Result: Rescheduled |
| 08/14/2018 | Hearing regarding: Request for Order-Initial Petr's RFO Bifurcation (filed on 12/29/2017), set for 08/29/2018 at 3:00 PM before Hon. Tony J. Agbayani in Department 4B. |
| 08/14/2018 | Hearing regarding: Settlement Conference / case management conference, set for 08/29/2018 at 3:00 PM before Hon. Tony J. Agbayani in Department 4B. |
| 08/14/2018 | Minutes finalized for Request for Order-Initial held on 08/14/2018 08:30 AM . |
| 08/14/2018 | Hearing re: Request for Order-Initial held on August 14, 2018. |
| 08/14/2018 | Hearing re: Settlement Conference held on August 14, 2018. |
| 08/16/2018 | Proof of Service by Fax of Respondent's Settlement Conference Statement filed by Chavez, Leah. |
| 08/16/2018 | Respondent's Settlement Conference Statement filed. |
| 08/17/2018 | Proof of Service filed by Chavez, Leah. |
| 08/17/2018 | Amended Respondent's Settlement Conference Statement filed. |
| 08/20/2018 | RFO-Request for Order (Modification) filed by Chavez, Leah. |
| 08/20/2018 | Income and Expense Declaration filed by Chavez, Leah. |
| 08/20/2018 | Regarding spousal support. |

436

Rpt Listing
All Locations
STA-FL-DWC-2014-0005424

| Date | Action |
|---|---|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|---|---|
| 08/20/2018 | Hearing regarding: Request for Order-Initial Resp.'s RFO Mod child support, spousal support, set for 09/20/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 08/20/2018 | Regarding child support. |
| 08/21/2018 | Hearing regarding: Request for Order-Modification Resp.'s RFO Mod child support, spousal support, set for 09/27/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 08/21/2018 | Hearing regarding: Request for Order-Modification Resp.'s RFO Mod child support, spousal support, set for 09/27/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 08/21/2018 | Hearing regarding: Request for Order-Initial Resp.'s RFO motion for breach of fiduciary duty, set for 09/25/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 08/21/2018 | Hrg 09/20/18 at 0815 RESET to 09/27/18 at 0815. |
| 08/21/2018 | Hearing Result: Reset - Parties Motion |
| 08/21/2018 | RFO-Request for Order (Initial) filed by Chavez, Leah. |
| 08/24/2018 | Notice of Change of Address filed by Chavez, Rudolfo. |
| 08/27/2018 | Hearing regarding: OSC Re: Contempt Resp's OSC and Affidavit for Contempt, set for 08/27/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 08/27/2018 | Hearing Result: Transferred to another department |
| 08/27/2018 | Minutes finalized for OSC Re: Contempt held on 08/27/2018 08:15 AM . |
| 08/27/2018 | Hearing re: OSC Re: Contempt held on August 27, 2018. |
| 08/27/2018 | Proof of Service of Request for Order as to Rudolfo Chavez served on 08/21/2018 by Mailing. |
| 08/29/2018 | Hearing regarding: OSC Re: Contempt Appointment of Public Defender/ Arraignment on OSC re: Contempt filed on 3/27/2018, set for 09/21/2018 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 08/29/2018 | Hearing regarding: Court Trial , set for 10/26/2018 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 08/29/2018 | Hearing Result: Vacated |
| 08/29/2018 | Minutes finalized for OSC Re: Contempt held on 08/29/2018 03:00 PM . |
| 08/29/2018 | Hearing re: Request for Order-Initial held on August 29, 2018. |
| 08/29/2018 | Hearing re: Settlement Conference held on August 29, 2018. |
| 09/05/2018 | RFO-Request for Order (Other - No Fee) filed by Chavez, Leah. |
| 09/05/2018 | Hearing regarding: Request for Order-Initial Resp's RFO for Notice of Motion and Motion for Sanctions for Violations of CCP sec. 128.7 and Declaration of Leah Chavez, set for 10/24/2018 at 8:15 AM before Hon. Robin Appel in Department 4A. |
| 09/05/2018 | Proof of service filed by Chavez, Leah. |
| 09/07/2018 | Proof of service by mail filed by Chavez, Rudolfo. |
| 09/07/2018 | Declaration Regarding Service of Declaration of Disclosure and Income and Expense Declaration filed by Chavez, Rudolfo. |
| 09/07/2018 | Supplemental Settlement Conference Statement filed by Chavez, Rudolfo. |
| 09/10/2018 | Declaration Regarding Service of Declaration of Disclosure and Income and Expense Declaration filed by Chavez, Leah. |
| 09/10/2018 | Respondent's Responsive Settlement Conference Statement filed. |
| 09/10/2018 | Proof of service by mail filed by Chavez, Leah. |
| 09/11/2018 | Hearing Result: Vacated |
| 09/20/2018 | Hearing regarding: Request for Order-Modification Resp.'s RFO Mod child support, spousal support, set for 09/25/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 09/20/2018 | Hearing Result: Reset - Court's Motion |
| 09/21/2018 | Hearing regarding: Request for Order-Initial Petr's RFO to have the three real estate properties appraised., set for 10/05/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 09/21/2018 | Hearing regarding: Court Trial Re: OSC/CONTEMPT, set for 11/27/2018 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 09/21/2018 | Hearing regarding: OSC Re: Contempt Fur. Arraignment of OSC/CONTEMPT filed on 3/27/2018, set for 12/07/2018 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 09/21/2018 | Hearing regarding: Motion Petr. Motion to Dismiss OSC/Contempt filed on 1/15/2015 and other motions., set for 11/16/2018 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 09/21/2018 | Hearing regarding: Request for Order-Initial Resp's RFO ost for petitioner to serve responses to respondent's request for admissions - set one., set for 10/05/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 09/21/2018 | Proof of Service by Mail filed. |
| 09/21/2018 | Proof of Service by Mail filed. |
| 09/21/2018 | Proof of Service of NOM and Motion for Sanctions as to Rudolfo Chavez served on 09/21/2018 by Mailing. |
| 09/21/2018 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah |
| 09/21/2018 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Rudolfo |
| 09/21/2018 | Payment received by Claire Osborn in the amount of $60.00. Receipt number 338407. |
| 09/21/2018 | Hearing Result: Vacated |
| 09/21/2018 | Minutes finalized for OSC Re: Contempt held on 09/21/2018 09:30 AM . |
| 09/21/2018 | Hearing re: OSC Re: Contempt held on September 21, 2018. |
| 09/21/2018 | Temporary Emergency (Ex Parte) Orders as to Leah Chavez Denied and filed. |
| 09/21/2018 | Request for Order with Temporary Orders and/or Order Shortening Time Granted and filed on 09/21/2018. |
| 09/21/2018 | Request for Order with Temporary Orders and/or Order Shortening Time Granted and filed on 09/21/2018. |
| 09/21/2018 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 09/21/2018 | Declaration re: Notice of Ex Parte Application filed by Chavez, Rudolfo. |
| 09/24/2018 | Responsive Declaration to Request for Order (No Fee) filed by Chavez, Rudolfo. |
| 09/25/2018 | Hearing Result: Transferred to another department |
| 09/25/2018 | Hearing Result: Transferred to another department |
| 09/25/2018 | Minutes finalized for Request for Order-Initial held on 09/25/2018 08:15 AM . |
| 09/25/2018 | Hearing re: Request for Order-Initial held on September 25, 2018. |
| 09/25/2018 | Hearing re: Request for Order-Modification held on September 25, 2018. |
| 09/25/2018 | Hearing regarding: Request for Order-Initial Resp.'s RFO motion for breach of fiduciary duty**170.6 as to Judge Robin Appel Granted** Also on cal in 5A on 09/27/18 at 8:15am**, set for 09/25/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 09/25/2018 | Hearing regarding: Request for Order-Modification Resp.'s RFO Mod child support, spousal support, set for 09/25/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 09/25/2018 | Proof of service by mail filed by Chavez, Rudolfo. |
| 09/27/2018 | Proof of Service of Request for Order as to Leah Chavez served on 09/25/2018 by Mailing. |
| 09/27/2018 | Proof of Service of Request for Order as to Rudolfo Chavez served on 09/25/2018 by Fax. |
| 09/27/2018 | Amended Responsive Declaration to Request for Order (No Fee) filed by Chavez, Rudolfo. |
| 09/27/2018 | Responsive Declaration to Request for Order (No Fee) filed by Chavez, Rudolfo. |
| 09/27/2018 | Proof of Service by Mail also via Email filed by Chavez, Rudolfo. |
| 09/27/2018 | Proof of Service By Mail also via Email filed by Chavez, Rudolfo. |
| 10/01/2018 | Amended Notice of Gavron Admonition filed by Chavez, Rudolfo. |

| Date | Action |
|------|--------|
| | **Rudolfo Chavez VS Leah Chavez** |
| 10/01/2018 | Proof of Service by mail filed by Chavez, Rudolfo. |
| 10/02/2018 | Request for Judicial Notice filed by Chavez, Rudolfo. |
| 10/02/2018 | Proof of Service by Mail filed by Chavez, Rudolfo. |
| 10/03/2018 | Petitioner's Response to Request for Admission filed. |
| 10/03/2018 | Proof of Service by Mail filed by Chavez, Rudolfo. |
| 10/05/2018 | Minutes finalized for Request for Order-Initial held on 10/05/2018 08:15 AM . |
| 10/05/2018 | Amended Minutes finalized for Request for Order-Initial held on 10/05/2018 08:15 AM . |
| 10/05/2018 | Hearing re: Request for Order-Initial held on October 5, 2018. |
| 10/05/2018 | Hearing re: Request for Order-Initial held on October 5, 2018. |
| 10/05/2018 | RFO-Request for Order (Modification) filed by Chavez, Leah. |
| 10/05/2018 | Hearing regarding: Request for Order - Other Petr's RFO motion to deem admissions admitted and for monetary sanctions, set for 11/06/2018 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 10/05/2018 | Proof of service by Mail also Via Email filed by Chavez, Leah. |
| 10/09/2018 | Petitioner's Amended Response to Request for Admission filed by Chavez, Rudolfo. |
| 10/09/2018 | Proof of Service by mail of Petitioner's Amended Response to Request for Admission filed by Chavez, Rudolfo. |
| 10/10/2018 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah |
| 10/10/2018 | Proof of service by mail filed by Chavez, Leah. |
| 10/10/2018 | Proof of service by mail filed by Chavez, Leah. |
| 10/10/2018 | Proof of Service of 3rd Settlement Conference Statement with Global Offer as to Leah Chavez served on 10/09/2018 by Mailing. . |
| 10/10/2018 | 3rd Settlement Conference with Global Offer Statement filed by Chavez, Rudolfo. |
| 10/10/2018 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 10/10/2018 | Respondent, Leah Chavez Settlement Numbers (as Ordered by Judge Agbayani) filed. |
| 10/10/2018 | Request for Order with Temporary Orders and/or Order Shortening Time Denied and filed on 10/10/2018. |
| 10/10/2018 | Hearing regarding: Request for Order-Initial Resp's RFO ost advancing support hearing date currently set for 2/19/19., set for 11/21/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 10/22/2018 | Amended Declaration in Support of Motion to Deem Admissions admitted (Set one) or Motion to Compel Further Responses to request for admission (set one) and for Monetary Sanctions filed. |
| 10/22/2018 | Separate Statement of Leah Chavez In Support of Motion to Compel Further Response to Request for Admissions (set one) or to Deem Admissions admitted and for monetary sanctions filed by Chavez, Leah. |
| 10/22/2018 | Respondent's Reply Declaration To Petitioner's Responsive Declaration and Amended Responsive Declaration to Respondent's RFO Support filed by Chavez, Leah. |
| 10/22/2018 | Amended Motion to Deem Admission filed by Chavez, Leah. |
| 10/22/2018 | Proof of service by mail filed by Chavez, Leah. |
| 10/22/2018 | Proof of service by mail filed by Chavez, Leah. |
| 10/22/2018 | Proof of service by mail filed by Chavez, Leah. |
| 10/23/2018 | Hearing regarding: Request for Order-Initial Resp's RFO for Notice of Motion and Motion for Sanctions for Violations of CCP sec. 128.7 and Declaration of Leah Chavez **170.6 as to Judge Robin Appel Granted**, set for 10/24/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 10/23/2018 | Hearing Result: Transferred to another department |
| 10/24/2018 | Minutes finalized for Request for Order-Initial held on 10/24/2018 08:15 AM . |
| 10/24/2018 | Hearing re: Request for Order-Initial held on October 24, 2018. |

| 12:30 PM | 11 of 24 | 10/26/2021 |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 10/26/2018 | Payment received by Rudolfo Chavez in the amount of $60.00. Receipt number 350978. |
| 10/26/2018 | RFO-Request for Order (Enforcement) filed by Chavez, Rudolfo. |
| 10/26/2018 | Stipulation to Allow Trial Judge to Conduct Settlement Conference filed by Chavez, Rudolfo. |
| 10/26/2018 | Hearing regarding: Request for Order-Enforcement Petr's RFO request for sanctions and attorney fees and to deem the respondent as a vexatious litigant, set for 11/21/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 10/26/2018 | Hearing re: Court Trial held on October 26, 2018. |
| 10/26/2018 | Minutes finalized for Court Trial held on 10/26/2018 01:30 PM . |
| 11/01/2018 | Proof of Service of Request for Order as to Leah Chavez served on 10/29/2018 by Mailing. $0.00. |
| 11/01/2018 | Payment received in the amount of $14.00, receipt number 353159. |
| 11/01/2018 | Notice and Acknowledgment of Receipt filed by Chavez, Rudolfo. |
| 11/02/2018 | Proof of Service of RFO as to Rudolfo Chavez served on 10/26/2018 by Electronic Service. |
| 11/06/2018 | Hearing regarding: Request for Order - Other Petr's RFO motion to deem admissions admitted and for monetary sanctions, set for 11/06/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/06/2018 | Hearing Result: Transferred to another department (4B) |
| 11/06/2018 | Minutes finalized for Request for Order - Other held on 11/06/2018 08:15 AM . |
| 11/06/2018 | Hearing re: Request for Order - Other held on November 6, 2018. |
| 11/08/2018 | Responsive Declaration to Request for Order (No Fee) filed by Chavez, Rudolfo. |
| 11/08/2018 | Proof of service by mail filed by Chavez, Rudolfo. |
| 11/13/2018 | Notice of Motion and Motion to Continue Trial Date and Motion Date and Declaration of John B. Lauper filed by Chavez, Rudolfo. |
| 11/16/2018 | Minutes finalized for Motion held on 11/16/2018 09:30 AM . |
| 11/16/2018 | Hearing re: Motion held on November 16, 2018. |
| 11/16/2018 | Respondent's Reply Declaration to Petitioner's Responsive Declaration to RFO Advancing Support Hearing Date filed. |
| 11/16/2018 | Proof of Electronic Service filed by Chavez, Leah. |
| 11/16/2018 | Hearing regarding: Motion Petr. Motion to Dismiss OSC/Contempt filed on 1/15/2015 and other motions., set for 11/27/2018 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/19/2018 | Information to Be Corrected In the Minute Order Dated 10-24-18 as Requested by Judge Agbayani on 11-6-18 filed by Chavez, Leah. |
| 11/19/2018 | Proof of Electronic service filed by Chavez, Leah. |
| 11/21/2018 | Hearing regarding: Request for Order-Initial Resp's RFO ost advancing support hearing date currently set for 2/19/19.**170.6 as to Judge Robin Appel Granted**, set for 11/29/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/21/2018 | Hearing regarding: Request for Order-Enforcement Petr's RFO request for sanctions and attorney fees and to deem the respondent as a vexatious litigant**170.6 as to Judge Robin Appel Granted**, set for 11/29/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/21/2018 | Minutes finalized for Request for Order-Initial held on 11/21/2018 08:15 AM . |
| 11/21/2018 | Request for Order-Initial Resp's RFO ost advancing support hearing date currently set for 2/19/19.**170.6 as to Judge Robin Appel Granted** scheduled on 11/21/2018 at 8:15 AM has been Continued. |
| 11/21/2018 | Request for Order-Enforcement Petr's RFO request for sanctions and attorney fees and to deem the respondent as a vexatious litigant**170.6 as to Judge Robin Appel Granted** scheduled on 11/21/2018 at 8:15 AM has been Continued. |
| 11/21/2018 | Notice of Motion and Motion to Continue Trial Date and Motion Date and Declaration of John B. Lauper or in Limine Motions filed by Chavez, Rudolfo. |
| 11/27/2018 | Hearing regarding: Trial Setting Re: OSC/CONTEMPT**170.6 as to Judge Robin Appel Granted** **No POS**, set for 11/29/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 11/27/2018 | Hearing regarding: Motion Petr. Motion to Dismiss OSC/Contempt filed on 1/15/2015 and other motions., set for 11/29/2018 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/27/2018 | Minutes finalized for Court Trial held on 11/27/2018 10:00 AM . |
| 11/27/2018 | Hearing Result: Continued - Parties Motion |
| 11/27/2018 | Hearing Result: Continued - Parties Motion |
| 11/28/2018 | Payment received in the amount of $7.00, receipt number 361700. |
| 11/29/2018 | Hearing regarding: Request for Order-Initial Resp's RFO ost advancing support hearing date currently set for 2/19/19.**170.6 as to Judge Robin Appel Granted**, set for 12/18/2018 at 10:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/29/2018 | Hearing regarding: Request for Order-Enforcement Petr's RFO request for sanctions and attorney fees and to deem the respondent as a vexatious litigant**170.6 as to Judge Robin Appel Granted**, set for 12/18/2018 at 10:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/29/2018 | Hearing regarding: Trial Setting Re: OSC/CONTEMPT**170.6 as to Judge Robin Appel Granted** **No POS**, set for 12/07/2018 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/29/2018 | Hearing regarding: Miscellaneous Hearing Petr. Motion to Dismiss OSC/Contempt filed on 1/15/2015 and other motion hearing setting, set for 12/07/2018 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 11/29/2018 | Request for Order-Initial Resp's RFO ost advancing support hearing date currently set for 2/19/19.**170.6 as to Judge Robin Appel Granted** scheduled on 11/29/2018 at 8:15 AM has been Continued. |
| 11/29/2018 | Request for Order-Enforcement Petr's RFO request for sanctions and attorney fees and to deem the respondent as a vexatious litigant**170.6 as to Judge Robin Appel Granted** scheduled on 11/29/2018 at 8:15 AM has been Continued. |
| 11/29/2018 | Trial Setting Re: OSC/CONTEMPT**170.6 as to Judge Robin Appel Granted** **No POS** scheduled on 11/29/2018 at 8:15 AM has been Continued. |
| 11/29/2018 | Motion Petr. Motion to Dismiss OSC/Contempt filed on 1/15/2015 and other motions. scheduled on 11/29/2018 at 8:15 AM has been Continued. |
| 11/29/2018 | Minutes finalized for Request for Order-Initial held on 11/29/2018 08:15 AM . |
| 11/29/2018 | Order after Hearing filed. |
| 12/07/2018 | Minutes finalized for OSC Re: Contempt held on 12/07/2018 08:15 AM . |
| 12/07/2018 | Hearing re: OSC Re: Contempt held on December 7, 2018. |
| 12/07/2018 | Hearing re: Trial Setting held on December 7, 2018. |
| 12/07/2018 | Hearing re: Miscellaneous Hearing held on December 7, 2018. |
| 12/07/2018 | Hearing regarding: Court Trial Re: OSC/CONTEMPT, set for 01/16/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 12/11/2018 | Proof of Service of Request for Order as to Leah Chavez served on 12/04/2018 by Personal Service. $0.00. |
| 12/13/2018 | Minutes finalized for Ruling held on 12/13/2018 04:50 PM . |
| 12/13/2018 | Order After Hearing filed by Rudolfo Chavez, Leah Chavez. |
| 12/17/2018 | Proof of Personal Service of Form Interrogatories, Petitioner's Special Interrogatories, Petitioner's Demand for Production of Documents filed by Chavez, Rudolfo. |
| 12/18/2018 | Minutes finalized for Request for Order-Initial held on 12/18/2018 10:30 AM . |
| 12/18/2018 | Hearing re: Request for Order-Initial held on December 18, 2018. |
| 12/18/2018 | Hearing re: Request for Order-Enforcement held on December 18, 2018. |
| 12/21/2018 | Minutes finalized for Ruling on Submitted Matter held on 12/21/2018 01:44 PM . |
| 12/21/2018 | Order After Hearing filed by Leah Chavez, Rudolfo Chavez. |
| 12/21/2018 | Motion in Limine filed by Chavez, Rudolfo. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 12/31/2018 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah |
| 12/31/2018 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah |
| 12/31/2018 | Declaration filed by Chavez, Leah. |
| 12/31/2018 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 12/31/2018 | Declaration of Leah Chavez in Support of Ex Parte Application and Notice of Motion and Motion to Correct OAH dated 12/13/2018 on Court's own Motion under CCP 473 (Re Amend, Motion to Deem Admissions Admitted) filed by Chavez, Leah. |
| 12/31/2018 | Request for Order with Temporary Orders and/or Order Shortening Time Denied and filed on 12/31/2018. |
| 12/31/2018 | Hearing regarding: Request for Order-Initial Resp.'s RFO notice of motion and motion to correct OAH dated 12-13-2018 on court's own motion or under CCP 437(d) (Re amend motion to deem admissions admited), order shortening time, set for 02/07/2019 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 01/02/2019 | Amended Request for Order with Temporary Orders and/or Order Shortening Time Denied and filed on 01/02/2019. |
| 01/02/2019 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 01/02/2019 | Hearing regarding: Request for Order-Initial Resp's Amended RFO Amended NOM and Motion to correct OAH dated 12/13/2018 on court's own motion or under CCP437(d), Re: Amend motion to deem admissions admitted, OST, set for 02/07/2019 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 01/16/2019 | Civil Supoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things a Trial Hearing and Declaration (United Parcel Service, Inc.) filed by Chavez, Leah. |
| 01/16/2019 | Civil Supoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things a Trial Hearing and Declaration (Custodian of Records (Civil) San Joaquin County Sheriff) filed by Chavez, Leah. |
| 01/16/2019 | Civil Supoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things a Trial Hearing and Declaration (J.P. Morgan Chase) filed by Chavez, Leah. |
| 01/16/2019 | Notice to Consumer or Employee and Objection (Lyft, INC.) filed by Chavez, Leah. |
| 01/16/2019 | Notice to Consumer or Employee and Objection (United Parcel Service, Inc.) filed by Chavez, Leah. |
| 01/16/2019 | Notice to Consumer or Employee and Objection (J.P. Morgan Chase) filed by Chavez, Leah. |
| 01/16/2019 | Notice to Consumer or Employee and Objection (Custodian of Records (Civil) San Joaquin County Sheriff) filed by Chavez, Leah. |
| 01/16/2019 | Civil Supoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things a Trial Hearing and Declaration (Uber Technologies, INC.) filed by Chavez, Leah. |
| 01/16/2019 | Notice to Consumer or Employee and Objection (Uber Technologies, INC.) filed by Chavez, Leah. |
| 01/16/2019 | Civil Supoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things a Trial Hearing and Declaration (Kuehne + Nagel INC.) filed by Chavez, Leah. |
| 01/16/2019 | Notice to Consumer or Employee and Objection (Kuehne + Nagel INC.) filed by Chavez, Leah. |
| 01/16/2019 | Civil Supoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things a Trial Hearing and Declaration (Lyft, INC.) filed by Chavez, Leah. |
| 01/16/2019 | Civil Supoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things a Trial Hearing and Declaration (Raiser, LLC.) filed by Chavez, Leah. |
| 01/16/2019 | Notice to Consumer or Employee and Objection (Raiser, LLC.) filed by Chavez, Leah. |
| 01/16/2019 | Proof of electronic service filed by Chavez, Leah. |
| 01/16/2019 | Proof of electronic service filed by Chavez, Leah. |
| 01/16/2019 | Hearing regarding: Court Trial re: child support and spousal support., set for 02/19/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 01/16/2019 | Hearing regarding: Demurrer to OSC/Contempt filed on 3/27/2018, set for 02/13/2019 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 01/16/2019 | Minutes finalized for Court Trial held on 01/16/2019 10:00 AM . |
| 01/16/2019 | Hearing re: Court Trial held on January 16, 2019. |
| 01/17/2019 | Payment received by Claire Osborn in the amount of $60.00. Receipt number 378170. |
| 01/17/2019 | RFO-Request for Order (Initial) filed by Chavez, Rudolfo. |
| 01/17/2019 | Hearing regarding: Request for Order-Initial Petr's RFO for Request for Order of Appointment of Vocational Evaluation of Respondent., set for 03/05/2019 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 01/24/2019 | Proof of Service of Request for Order as to Leah Chavez served on 01/23/2019 by Mailing. |
| 01/25/2019 | Notice of Demurrer and Demurrer to OSC Filed March 27, 2018 filed by Chavez, Rudolfo. |
| 01/31/2019 | Minutes finalized for Ruling on Submitted Matter held on 01/31/2019 01:19 PM . |
| 01/31/2019 | Order After Hearing of 12/18/2018 filed. |
| 02/01/2019 | Payment received by Claire Osborn in the amount of $60.00. Receipt number 383989. |
| 02/01/2019 | Petitioner's Notice of Motion and Motion to Compel Further Responses to the Request for Production of Documents (Set Two); Form Interrogatories (Set One); Special Interrogatories (Set One); and Request for Attorney Fees and Sanctions filed by Chavez, Rudolfo. |
| 02/01/2019 | Petitioner's Separate Statement in Support of Motion to Compel Further Responses to Special Interrogatories (Set One) filed by Chavez, Rudolfo. |
| 02/01/2019 | Declaration of Claire Osborn in Support of Motion to Compel Further Responses to the Request for Production of Documents (Set Two); Form Interrogatories (Set One); Special Interrogatories (Set One); and Request for Attorney Fees and Sanctions filed by Chavez, Rudolfo. |
| 02/01/2019 | Separate Statement in Support of Petitioner's Motion to Compel Further Responses to Form Interrogatories (Set One); and Request for Attorney Fees and Sanctions filed by Chavez, Rudolfo. |
| 02/01/2019 | Petitioner's Separate Statement in Support of Motion to Compel Further Responses to Demand of Production of Documents (Set Two) filed by Chavez, Rudolfo. |
| 02/01/2019 | Memorandum in Support of Petitioner's Motion and Compel Further Responses and Declaration of Claire Osborn in Support of Request for Attorney's Fees and Sanctions filed by Chavez, Rudolfo. |
| 02/06/2019 | Amended Notice of Motion filed by Chavez, Rudolfo. |
| 02/06/2019 | Hearing regarding: Motion Petr's Amended Notice of Motion and Motion to Compel Further Responses to the Request for the production of documents (set two); Form interogs (set one); Special interogs (set one); and Request for attorney fees and sanctions, set for 03/19/2019 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 02/07/2019 | Minutes finalized for Request for Order-Initial held on 02/07/2019 09:00 AM . |
| 02/07/2019 | Hearing re: Request for Order-Initial held on February 7, 2019. |
| 02/07/2019 | Hearing re: Request for Order-Initial held on February 7, 2019. |
| 02/07/2019 | Proof of service by mail filed by Chavez, Leah |
| 02/07/2019 | Respondent's Opposition to Petitioner's Demurrer to Respondent's Osc for Contempt and Supporting Affidavit Filed 3/27/18 and Request to Take Judicial Notice filed by Chavez, Leah |
| 02/07/2019 | Proof of service by mail filed by Chavez, Leah |
| 02/11/2019 | Proof of Service of Petitioner's Amended Notice of Motion and Motion to Compel Further Responses to the Request for Production of Documents (Set Two); Form Interrogatories (Set One); Special Interrogatories (Set One); Request for Attorney Fees and Sanctions, Declaration of Claire Osborn in Support of Motion to Compel Further Responses, Memorandum in Support of Petitioner's Motion to Compel Further Responses, Separate Statements in Support of Motion to Compel Further Responses filed by Chavez, Rudolfo. |
| 02/13/2019 | Hearing regarding: Demurrer to OSC/Contempt filed on 3/27/2018, set for 03/01/2019 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| | |
|------|--------|
| 02/13/2019 | Minutes finalized for Request for Order-Initial held on 02/13/2019 09:00 AM . |
| 02/13/2019 | Demurrer to OSC/Contempt filed on 3/27/2018 scheduled on 02/13/2019 at 9:00 AM has been Continued. |
| 02/15/2019 | Income and Expense Declaration filed by Chavez, Rudolfo. |
| 02/15/2019 | Petitioner's Supplemental Declaration in Support to Respondent's Request for Modification of Child Support and Request for Spousal Support filed by Chavez, Rudolfo. |
| 02/19/2019 | Proof of Personal Service filed by Chavez, Rudolfo. |
| 02/19/2019 | Hearing regarding: Court Trial re: child support and spousal support (Day 2), set for 03/05/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 02/19/2019 | Minutes finalized for Court Trial held on 02/19/2019 10:00 AM . |
| 02/19/2019 | Amended Minutes finalized for Court Trial held on 02/19/2019 10:00 AM . |
| 02/19/2019 | Hearing re: Court Trial held on February 19, 2019. |
| 02/21/2019 | Respondent's Responsive Declaration to Petitioner's Request for Vocational Evaluation of Respondent and Employment Efforts Order Filed 1/17/2019 filed by Chavez, Leah. |
| 02/21/2019 | Respondent's Motion in Limine to Exclude Testimony and Other Evidence By Contemnor for an Order of the Court in the Support Trial, and Bar Requested Orders by Contemnor filed by Chavez, Leah. |
| 02/21/2019 | Proof of Electronic Service filed by Chavez, Leah. |
| 02/21/2019 | Proof of Electronic Service filed by Chavez, Leah. |
| 03/01/2019 | Minutes finalized for Demurrer held on 03/01/2019 09:00 AM . |
| 03/01/2019 | Hearing re: Demurrer held on March 1, 2019. |
| 03/01/2019 | Hearing regarding: Court Trial re: child support and spousal support (Day 2), set for 03/15/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/01/2019 | Hearing Result: Vacated |
| 03/05/2019 | Hearing regarding: Request for Order-Initial Petr's RFO for Request for Order of Appointment of Vocational Evaluation of Respondent, set for 03/05/2019 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/05/2019 | Hearing regarding: Request for Order-Initial Petr's RFO for Request for Order of Appointment of Vocational Evaluation of Respondent., set for 03/05/2019 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/05/2019 | Minutes finalized for Request for Order-Initial held on 03/05/2019 08:15 AM . |
| 03/05/2019 | Hearing re: Request for Order-Initial held on March 5, 2019. |
| 03/05/2019 | Hearing Result: Transferred to another department |
| 03/05/2019 | Hearing Result: Vacated |
| 03/05/2019 | Order After Hearing of 3/5/2019 filed. |
| 03/07/2019 | Respondent's Memorandum of Points and Authorities in Opposition to Petitioner's Amended Motion to Compel Further Responses To the Production of Documents  form interrogatories, special interrogatories filed 02/06/19 and Request for monetary sanctions against Petitioner and his counsel filed  by Chavez, Leah. |
| 03/07/2019 | Respondents declaration in support of respondents Memorandum of Points and Authorities In Opposition to petitioner's Amended Motion to Compel further responses to the production of documents, form interrogatories, special interrogatories filed 02/06/19 and Request for monetary sanctions against Petitioner and his counsel filed by Chavez, Leah. |
| 03/07/2019 | Declaration Of Leah Chavez In Support Of Respondent's Notice of Motion and Motion To Correct OAH Dated 03/05/19 Under CCp 473 (Re vocational Examination and Employment Efforts Order) filed by Chavez, Leah. |
| 03/07/2019 | RFO-Request for Order (Other - No Fee) filed by Chavez, Leah. |
| 03/07/2019 | Proof of Electronic Service of filed by Chavez, Leah. |
| 03/07/2019 | Proof of Electronic Service filed by Chavez, Leah. |

444

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 03/07/2019 | Hearing regarding: Request for Order - Other Resp' RFO NOM and Motion to Correct OAH dated 03/05/19 Under CCP473 (d) (Re Vocational Evaluation and Employment Efforts Order), set for 05/14/2019 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/11/2019 | Respondent's Motion in Limine (set Two) Objecting to Petitioner's Supplemental Declaration and Request to Impute Income and Other Requests of Petitioner filed 2-15-2019 filed by Chavez, Leah. |
| 03/11/2019 | Declaration of Leah Chavez in Support of Respondent's Motion in Limine (Set Two) Objecting to Petitioner's Supplemental Declaration and Request to Impute Income and Other Requests of Petitioner filed 2-15-2019 filed by Chavez, Leah. |
| 03/11/2019 | Proof of Electronic Service filed by Chavez, Leah. |
| 03/11/2019 | Proof of Electronic Service filed by Chavez, Leah. |
| 03/13/2019 | Respondent's Motion in Limine (set three) to Enforce the Stipulated Order of the Court Filed 1/9/18 (CCP 664.6); Preclude Testimony in Variance of Agreement (EC623), and Preclude Petitioner's Assertion of Inconsistent Positions (EC 623); Judicial Estoppel) filed by Chavez, Leah. |
| 03/13/2019 | Declaration of Leah Chavez in Support of Respondent's Motion in Limine (set three) to Enforce the Stipulated Order of The Court filed 1/9/15 (CCP 664.6); Preclude Testimony in Variance of Agreement (EC 623), and Preclude Petitioner's Assertion of Inconsistent Positons (EC 623; Judicial Estoppel) filed by Chavez, Leah. |
| 03/13/2019 | Proof of Electronic service filed by Chavez, Leah. |
| 03/15/2019 | Minutes finalized for Ruling on Submitted Matter held on 03/15/2019 09:51 AM . |
| 03/15/2019 | Minutes finalized for Court Trial held on 03/15/2019 10:00 AM . |
| 03/15/2019 | Order After Hearing of 10/5/2018 and 11/06/2018 filed. |
| 03/15/2019 | Hearing regarding: Court Trial Day 1, set for 09/10/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/15/2019 | Hearing regarding: Court Trial Day 2, set for 09/11/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/15/2019 | Hearing regarding: Court Trial Day 3, set for 09/12/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/15/2019 | Hearing regarding: Court Trial Day 4, set for 09/13/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/15/2019 | Hearing regarding: Court Trial Day 5, set for 09/17/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 03/15/2019 | Hearing re: Court Trial held on March 15, 2019. |
| 03/19/2019 | Minutes finalized for Motion held on 03/19/2019 09:00 AM . |
| 03/19/2019 | Hearing re: Motion held on March 19, 2019. |
| 03/22/2019 | Amended  OSC/Contempt submitted by Chavez, Leah. |
| 03/25/2019 | Minutes finalized for Ruling on Submitted Matter held on 03/25/2019 11:28 AM . |
| 03/25/2019 | Order After Hearing of 3/1/2019 filed. |
| 03/25/2019 | Order to Show Cause for Contempt Granted |
| 03/25/2019 | Hearing regarding: OSC Re: Contempt Resp's OSC Re: Contempt, set for 04/22/2019 at 8:50 AM before Hon. Cheryl A. McCann in Department 5A. |
| 03/28/2019 | Proof of Service of Amended Order  to Show Cause as to Rudolfo Chavez served on 03/26/2019 by Mailing. |
| 03/28/2019 | Proof of service by mail filed by Chavez, Rudolfo. |
| 03/29/2019 | Notice to Consumer or Employee and Objection filed by Chavez, Rudolfo. |
| 03/29/2019 | Proof of service filed by Chavez, Rudolfo. |
| 04/02/2019 | Deposition Subpoena for Production of Business Records  filed by Chavez, Rudolfo. |
| 04/02/2019 | Memorandum of Points and Authorities filed by Chavez, Rudolfo. |
| 04/02/2019 | Hearing regarding: Further Order to Show Cause Arraignment on amended OSC, set for 04/05/2019 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 04/03/2019 | Order After Hearing of 3/5/2019 filed. |
| 04/05/2019 | Minutes finalized for Further Order to Show Cause held on 04/05/2019 09:30 AM . |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 04/05/2019 | Hearing re: Further Order to Show Cause held on April 5, 2019. |
| 04/05/2019 | Declaration of Leah Chavez in Support of Resp's Memorandum of Points and Authorities in Opposition to Petr's Request for Property Appraisals; and Resp's Motion (CRC 5.92) for Enforcement of the Parties Settlement Agreement Under CCP 664.6 filed by Chavez, Leah. |
| 04/05/2019 | Resp's Memorandum of Points and Authorities in Oppositon to Petr's Request for Property Appraisals and Resp's Motion (CRC 5.92) for Enforcement of the Parties Settlement Agreement Under CCP 664.6 filed by Chavez, Leah. |
| 04/08/2019 | Proof of Service of Electronic Service filed by Chavez, Leah. |
| 04/08/2019 | Notice to Consumer or Employee and Objection filed by Chavez, Leah. |
| 04/09/2019 | Hearing regarding: Miscellaneous Hearing Confirmation of Trial or Plea & Resp's opposition and objection to sentence indicated for OSC contempt, set for 05/03/2019 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 04/09/2019 | Hearing regarding: Court Trial Re: OSC Contempt, set for 07/30/2019 at 10:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 04/12/2019 | Hearing Result: Vacated |
| 04/12/2019 | Hearing regarding: OSC Re: Contempt Resp's OSC Re: Contempt, set for 04/22/2019 at 8:15 AM before Hon. Cheryl A. McCann in Department 5A. |
| 04/22/2019 | Minutes finalized for OSC Re: Contempt held on 04/22/2019 08:15 AM . |
| 04/22/2019 | Minutes finalized for Ruling on Submitted Matter held on 04/22/2019 10:00 AM . |
| 04/22/2019 | Hearing Result: Dropped |
| 04/22/2019 | Tentative Decision filed by Rudolfo Chavez, Leah Chavez. |
| 05/03/2019 | Hearing regarding: Miscellaneous Hearing Confirmation of Trial or Plea & Resp's opposition and objection to sentence indicated for OSC contempt, set for 05/31/2019 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 05/03/2019 | Minutes finalized for Miscellaneous Hearing held on 05/03/2019 09:30 AM . |
| 05/03/2019 | Miscellaneous Hearing Confirmation of Trial or Plea & Resp's opposition and objection to sentence indicated for OSC contempt scheduled on 05/03/2019 at 9:30 AM has been Continued. |
| 05/07/2019 | Respondent's Objections to Ommissions, Ambiguities, and Inaccuracies in the Tentative Decision re Support filed 4/22/19 filed. |
| 05/07/2019 | Proof of electronic service filed by Chavez, Leah. |
| 05/14/2019 | Minutes finalized for Request for Order - Other held on 05/14/2019 08:15 AM . |
| 05/14/2019 | Request for Order - Other Resp' RFO NOM and Motion to Correct OAH dated 03/05/19 Under CCP473 (d) (Re Vocational Evaluation and Employment Efforts Order) scheduled on 05/14/2019 at 8:15 AM has been Continued. |
| 05/14/2019 | Hearing regarding: Request for Order - Other Resp' RFO NOM and Motion to Correct OAH dated 03/05/19 Under CCP473 (d) (Re Vocational Evaluation and Employment Efforts Order), set for 07/25/2019 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 05/31/2019 | Minutes finalized for Miscellaneous Hearing held on 05/31/2019 09:00 AM . |
| 05/31/2019 | Hearing re: Miscellaneous Hearing held on May 31, 2019. |
| 05/31/2019 | Hearing regarding: Miscellaneous Hearing , set for 06/04/2019 at 8:15 AM before Hon. Tony J. Agbayani in Department 4B. |
| 06/04/2019 | Minutes finalized for Miscellaneous Hearing held on 06/04/2019 08:15 AM . |
| 06/04/2019 | Hearing re: Miscellaneous Hearing held on June 4, 2019. |
| 06/05/2019 | Order After Hearing of 3/19/2019 filed. |
| 07/17/2019 | Hearing regarding: Miscellaneous Hearing Tentative Decision on Marriage of Chavez, set for 07/30/2019 at 9:00 AM before Hon. Tony J. Agbayani in Department 4B. |
| 07/17/2019 | Hearing regarding: Settlement Conference , set for 08/14/2019 at 10:00 AM before Hon. Linda L. Lofthus in Department 7C. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 07/24/2019 | Notice and Demand for A Jury Trial on All Matters to Which He is Entitled to a Jury Trial filed by Chavez, Rudolfo. |
| 07/25/2019 | Minutes finalized for Request for Order - Other held on 07/25/2019 08:15 AM . |
| 07/25/2019 | Hearing re: Request for Order - Other held on July 25, 2019. |
| 07/25/2019 | Hearing Result: Vacated |
| 07/30/2019 | Minutes finalized for Court Trial held on 07/30/2019 09:00 AM . |
| 07/30/2019 | Hearing regarding: Miscellaneous Hearing Compliance Review / See Findings and Order Regarding Contempt filed 7/30/2019., set for 11/01/2019 at 9:30 AM before Hon. Tony J. Agbayani in Department 4B. |
| 07/30/2019 | Hearing regarding: Trial Readiness Conference , set for 10/24/2019 at 8:30 AM before Hon. Linda L. Lofthus in Department 7C. |
| 07/30/2019 | Hearing regarding: Jury Trial Assignment, set for 11/01/2019 at 8:15 AM before Hon. Linda L. Lofthus in Department 7C. |
| 07/30/2019 | Hearing re: Court Trial held on July 30, 2019. |
| 07/30/2019 | Findings and Orders After Hearing as to Rudolfo Chavez, Leah Chavez Entered. |
| 07/30/2019 | Findings and Order Regarding Contempt as to Rudolfo Chavez, Leah Chavez Granted and filed. |
| 08/05/2019 | Ruling filed. |
| 08/05/2019 | Proof of Service by Mail filed by Chavez, Rudolfo. |
| 08/14/2019 | Hearing regarding: Settlement Conference , set for 08/21/2019 at 10:00 AM before Hon. Linda L. Lofthus in Department 7C. |
| 08/14/2019 | Settlement Conference  scheduled on 08/14/2019 at 10:00 AM has been Continued. |
| 08/21/2019 | Minutes finalized for Settlement Conference held on 08/21/2019 10:00 AM . |
| 08/21/2019 | Minutes finalized for Settlement Conference held on 08/21/2019 10:00 AM . |
| 08/21/2019 | Minutes finalized for Settlement Conference held on 08/21/2019 10:00 AM . |
| 08/21/2019 | Hearing re: Settlement Conference held on August 21, 2019. |
| 08/26/2019 | Notice of Appeal filed by Chavez, Leah. |
| 08/26/2019 | Case status updated to Appeal. |
| 08/27/2019 | Respondent's Trial Brief filed. |
| 08/27/2019 | Proof of Electronic Service filed by Chavez, Leah . |
| 09/03/2019 | Petitioner's Trial Brief filed. |
| 09/04/2019 | Notice of Filing Notice of Appeal filed by the Superior Court, County of San Joaquin. |
| 09/04/2019 | Order filed. |
| 09/10/2019 | Minutes finalized for Court Trial held on 09/10/2019 10:00 AM . |
| 09/10/2019 | Minutes finalized for Miscellaneous Hearing held on 09/10/2019 03:30 PM . |
| 09/10/2019 | Hearing re: Court Trial held on September 10, 2019. |
| 09/10/2019 | Hearing re: Miscellaneous Hearing held on September 10, 2019. |
| 09/10/2019 | Hearing regarding: Miscellaneous Hearing clarification of 08/21 minute order, set for 09/10/2019 at 3:30 PM before Hon. Linda L. Lofthus in Department 4B. |
| 09/10/2019 | Proof of Personal Service filed by Chavez, Rudolfo. |
| 09/11/2019 | Hearing Result: Vacated |
| 09/12/2019 | Court Trial  scheduled on 09/12/2019 at 10:00 AM has been Continued. |
| 09/13/2019 | Hearing re: Court Trial held on September 13, 2019. |
| 09/13/2019 | Minutes finalized for Court Trial held on 09/13/2019 01:30 PM . |
| 09/16/2019 | Respondent's Motion in Limine to Exclude Testimony and Other Evidence Related to any Vocational Examination of Respondent (Set One) filed by Chavez, Leah. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 09/16/2019 | Declaration of Leah Chavez in Support of Respondents Motion in Limine to Exclude Testimony and Other Evidence Related to any Vocational Examination of Respondent (Set One) filed by Chavez, Leah. |
| 09/16/2019 | Proof of Electronic service filed by Chavez, Leah. |
| 09/17/2019 | Minutes finalized for Court Trial held on 09/17/2019 10:00 AM . |
| 09/17/2019 | Hearing re: Court Trial held on September 17, 2019. |
| 10/02/2019 | Proof of Service of Proof of Service as to Rudolfo Chavez served on 10/01/2019 by Electronic Service. . |
| 10/11/2019 | Proof of Service of Resp's Alternate Proposed FOAH as to Rudolfo Chavez served on 10/10/2019 by Electronic Service. . |
| 10/15/2019 | Court of Appeal Order Re Unsuitability for Mediation filed by the Superior Court, County of San Joaquin. |
| 10/16/2019 | Hearing Result: Reassigned |
| 10/16/2019 | Settlement Agreement Pursuant to C.C.P. 664.6 filed by Chavez, Rudolfo. |
| 10/21/2019 | Substitution of Attorney filed by Chavez, Rudolfo. |
| 10/24/2019 | Minutes finalized for Trial Readiness Conference held on 10/24/2019 08:30 AM . |
| 10/24/2019 | Hearing re: Trial Readiness Conference held on October 24, 2019. |
| 10/28/2019 | Findings and Orders After Hearing as to Leah Chavez, Rudolfo Chavez Granted. |
| 10/29/2019 | Notice of Default on Appeal filed by the Superior Court, County of San Joaquin. |
| 11/01/2019 | Hearing Result: Transferred to another department 9a |
| 11/01/2019 | Proof of Service by Mail filed by Chavez, Leah. |
| 11/01/2019 | Proof of Electronic Service filed by Chavez, Leah |
| 11/01/2019 | Hearing regarding: Jury Trial Re: Child Support; Re: Spousal Support, set for 11/01/2019 at 1:30 PM before Hon. Xapuri Villapudua in Department 9A. |
| 11/01/2019 | Hearing regarding: Jury Trial Day 1, set for 11/05/2019 at 9:00 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/01/2019 | Minutes finalized for Miscellaneous Hearing held on 11/01/2019 09:30 AM . |
| 11/01/2019 | Minutes finalized for Jury Trial held on 11/01/2019 01:30 PM . |
| 11/01/2019 | Hearing re: Miscellaneous Hearing held on November 1, 2019. |
| 11/01/2019 | Hearing re: Jury Trial held on November 1, 2019. |
| 11/01/2019 | Appellant's Notice Designating Record on Appeal (Unlimited Civil Case) filed by Chavez, Leah. |
| 11/01/2019 | Proof of Electronic service filed by Chavez, Leah. |
| 11/01/2019 | Proof of Electronic service filed by Chavez, Leah. |
| 11/01/2019 | Proof of Service of Mailing by the Appeals Clerk filed by the Superior Court, County of San Joaquin. |
| 11/04/2019 | In Limine Motion to continue, Postpone or Recess Trial and Declaration of John B. Lauper (Due Process Clauses of US and CA Constitutions filed by Chavez, Rudolfo. |
| 11/05/2019 | Hearing regarding: Miscellaneous Hearing Further Proceedings RE: Jury Trial, set for 11/07/2019 at 9:00 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/05/2019 | Minutes finalized for Jury Trial held on 11/05/2019 09:00 AM . |
| 11/05/2019 | Minutes finalized for Jury Trial held on 11/05/2019 09:00 AM . |
| 11/05/2019 | Hearing re: Jury Trial held on November 5, 2019. |
| 11/06/2019 | Reporter's Request for Additional Funds filed by the Superior Court, County of San Joaquin. |
| 11/07/2019 | Hearing regarding: Jury Trial Day 1, set for 11/08/2019 at 10:00 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/07/2019 | Hearing re: Miscellaneous Hearing held on November 7, 2019. |
| 11/07/2019 | Minutes finalized for Miscellaneous Hearing held on 11/07/2019 09:00 AM . |
| 11/08/2019 | Hearing regarding: Jury Trial, set for 11/13/2019 at 10:00 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/08/2019 | Minutes finalized for Miscellaneous Hearing held on 11/08/2019 09:00 AM . |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 11/08/2019 | Hearing re: Jury Trial held on November 8, 2019. |
| 11/12/2019 | Family Law Judgment entered and filed. - SET ASIDE |
| 11/12/2019 | Notice of Entry of Judgment filed. - SET ASIDE |
| 11/12/2019 | Case status updated to Disposed. |
| 11/13/2019 | Hearing regarding: Jury Trial Assignment, set for 11/15/2019 at 8:15 AM before Hon. Seth R. Hoyt Jr. in Department 7C. |
| 11/13/2019 | Minutes finalized for Jury Trial held on 11/13/2019 10:00 AM . |
| 11/13/2019 | Hearing re: Jury Trial held on November 13, 2019. |
| 11/14/2019 | Hearing Result: Vacated |
| 11/14/2019 | Hearing regarding: Jury Trial Assignment, set for 11/15/2019 at 8:15 AM before Hon. Seth R. Hoyt Jr. in Department 7C. |
| 11/15/2019 | Hearing Result: Transferred to another department |
| 11/15/2019 | Hearing regarding: Jury Trial Day 1, set for 11/19/2019 at 8:30 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/15/2019 | Hearing regarding: Jury Trial Assignment, set for 11/15/2019 at 10:00 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/15/2019 | Minutes finalized for Jury Trial held on 11/15/2019 08:15 AM . |
| 11/15/2019 | Hearing re: Jury Trial held on November 15, 2019. |
| 11/15/2019 | In Limine Motions regarding Extra Security filed by Chavez, Rudolfo. |
| 11/19/2019 | Hearing regarding: Jury Trial Day 2, set for 11/20/2019 at 9:30 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/19/2019 | Minutes finalized for Jury Trial held on 11/19/2019 08:30 AM . |
| 11/19/2019 | Hearing re: Jury Trial held on November 19, 2019. |
| 11/19/2019 | Proof of Service of Judgment as to Leah Chavez served on 11/15/2019 by Mailing. $0.00. |
| 11/19/2019 | Respondent's Motion in Limine in Opposition and Request to Strike john B. Lauper's false and Improper Motion in Limine filed 11-15-2019 and Request to Exclude Evidence (set one) filed by Chavez, Leah. |
| 11/20/2019 | Minutes finalized for Jury Trial held on 11/20/2019 09:00 AM . |
| 11/20/2019 | Declaration of John B Lauper (1) in Opposition to Respondent's Motion in Limine in Opposition and Request to Strike John B. Lauper's false and Improper Motion in Limine filed 11-15-2019 and Request to Exclude Evidence (set one) (2) Motion for Specifity as to Alleged False Statement, (3) Motion to Cite and find Respondent Leah Chavez in direct Contempt, and (4) to Perfect the Record filed. |
| 11/20/2019 | Declaration of John B Lauper in Opposition to in Limine Request for Judicial Notice filed. |
| 11/20/2019 | Hearing regarding: Jury Trial Day 3, set for 11/21/2019 at 9:00 AM before Hon. Xapuri Villapudua in Department 9A. |
| 11/20/2019 | Hearing re: Jury Trial held on November 20, 2019. |
| 11/21/2019 | Hearing regarding: Jury Trial Assignment, set for 01/10/2020 at 8:15 AM before Hon. Seth R. Hoyt Jr. in Department 7C. |
| 11/21/2019 | Minutes finalized for Jury Trial held on 11/21/2019 09:00 AM . |
| 11/21/2019 | Hearing re: Jury Trial held on November 21, 2019. |
| 11/21/2019 | Declaration and Order to Set Aside filed. |
| 11/25/2019 | Notice of Default on Appeal filed by the Superior Court, County of San Joaquin. |
| 11/26/2019 | Respondents Confirmation of Grant of Judicial Notice and Continuing and Additional Request of Judicial Notice filed by Chavez, Leah. |
| 11/26/2019 | Proof of Service of Respondents confirmation of Grant of Judicial Notice and Continuing and Additional Request of Judicial notice as to Rudolfo Chavez served on 11/25/2019 by First-Class Mailing. . |
| 12/03/2019 | Amended Appellant's Notice Designating Record on Appeal (Unlimited Civil Case) filed by Chavez, Leah. |
| 12/03/2019 | Proof of service filed by Chavez, Leah. |
| 12/03/2019 | Proof of service filed by Chavez, Leah. |

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 12/06/2019 | Clerk's Estimate of Costs for Preparation of Clerk's Transcript on Appeal filed by the Superior Court, County of San Joaquin. |
| 12/12/2019 | Proof of Service by Mail- Record on Appeal filed by the Superior Court, County of San Joaquin. |
| 01/07/2020 | Motion to continue and Declaration or in Limine Motion regarding Continuance and Declaration filed by Chavez, Rudolfo. |
| 01/09/2020 | Hearing regarding: Jury Trial Assignment , set for 01/10/2020 at 8:15 AM before Hon. Seth R. Hoyt Jr. in Department 7C. |
| 01/09/2020 | Hearing Result: Vacated |
| 01/10/2020 | Hearing regarding: Trial Setting , set for 02/10/2020 at 9:00 AM before Hon. Xapuri Villapudua in Department 9A. |
| 01/10/2020 | Minutes finalized for Jury Trial held on 01/10/2020 08:15 AM . |
| 01/10/2020 | Hearing Result: Transferred to another department 9a |
| 02/10/2020 | Hearing re: Trial Setting held on February 10, 2020. |
| 02/10/2020 | Minutes finalized for Trial Setting held on 02/10/2020 09:00 AM . |
| 02/14/2020 | Hearing regarding: Court Trial Day 4, set for 03/03/2020 at 9:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 02/14/2020 | Hearing regarding: Trial Setting , set for 03/03/2020 at 8:30 AM before Hon. Tony J. Agbayani in Department 9B. |
| 03/03/2020 | Hearing re: Trial Setting held on March 3, 2020. |
| 03/03/2020 | Hearing re: Court Trial held on March 3, 2020. |
| 03/03/2020 | Minutes finalized for Court Trial held on 03/03/2020 09:00 AM . |
| 03/03/2020 | Hearing regarding: Court Trial Day 4, set for 04/02/2020 at 9:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 03/03/2020 | Hearing regarding: Trial Setting , set for 04/02/2020 at 1:30 PM before Hon. Tony J. Agbayani in Department 9B. |
| 03/05/2020 | RFO Request for Order with Temporary Orders and/or Order Shortening Time-Submitted submitted by Chavez, Leah . |
| 03/05/2020 | Declaration re: Notice of ExParte Application filed by Chavez, Leah. |
| 03/05/2020 | Nonstatutory Motion to Dismiss Counts 1-45 of Second Amended OSC for Contempt or, in the Alternative for Joinder of counts filed. |
| 03/05/2020 | Hearing regarding: Request for Order-Initial Nonstatutory Motion to Dismiss Counts 1-45 of Second Amended OSC for Contempt or, in the Alternative for Joinder of Counts, set for 04/02/2020 at 1:30 PM before Hon. Tony J. Agbayani in Department 9B. |
| 04/01/2020 | Hearing regarding: Trial Setting , set for 05/11/2020 at 9:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 04/01/2020 | Court Trial Day 4 scheduled on 04/02/2020 at 9:00 AM has been Continued. |
| 04/01/2020 | Trial Setting scheduled on 04/02/2020 at 1:30 PM has been Continued. |
| 04/01/2020 | Request for Order-Initial Nonstatutory Motion to Dismiss Counts 1-45 of Second Amended OSC for Contempt or, in the Alternative for Joinder of Counts scheduled on 04/02/2020 at 1:30 PM has been Continued. |
| 04/29/2020 | Hearing regarding: Court Trial Court Trial Day 4, set for 06/15/2020 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 04/29/2020 | Hearing regarding: Request for Order-Initial Nonstatutory Motion to Dismiss Counts 1-45 of Second Amended OSC for Contempt or, in the Alternative for Joinder of Counts, set for 06/15/2020 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 04/29/2020 | Trial Setting scheduled on 05/11/2020 at 9:00 AM has been Continued. |
| 06/04/2020 | Hearing regarding: Court Trial Court Trial Day 4, set for 08/03/2020 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 06/04/2020 | Hearing regarding: Request for Order-Initial Nonstatutory Motion to Dismiss Counts 1-45 of Second Amended OSC for Contempt or, in the Alternative for Joinder of Counts, set for 08/03/2020 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 06/04/2020 | Court Trial Court Trial Day 4 scheduled on 06/15/2020 at 10:00 AM has been Continued. |

450

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 06/04/2020 | Request for Order-Initial Nonstatutory Motion to Dismiss Counts 1-45 of Second Amended OSC for Contempt or, in the Alternative for Joinder of Counts scheduled on 06/15/2020 at 10:00 AM has been Continued. |
| 06/22/2020 | Request for Order with Temporary Orders and/or Order Shortening Time Denied and filed on 03/31/2020. |
| 06/22/2020 | Temporary Emergency (Ex Parte) Orders as to Leah Chavez Denied and filed. |
| 06/22/2020 | Declaration re: Notice of Ex Parte Application filed by Chavez, Leah. |
| 06/22/2020 | Hearing regarding: Request for Order-Initial Resp's RFO - Probation Revocation, Temp Orders, set for 07/21/2020 at 8:15 AM before Hon. Tony J. Agbayani in Department 9B. |
| 07/06/2020 | Proof of Electronic Service of Probation Revocation as to Adam Grace, Public Defender. |
| 07/21/2020 | Hearing regarding: Request for Order-Initial Resp's RFO - Probation Revocation, Temp Orders (Judge Agbayani assigned for all purposes) Petr and Resp notified of bridge line information., set for 08/03/2020 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 07/21/2020 | Hearing regarding: Court Trial Court Trial Day 4, set for 09/14/2020 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 07/21/2020 | Court Trial Court Trial Day 4 scheduled on 08/03/2020 at 10:00 AM has been Continued. |
| 07/21/2020 | Hearing re: Request for Order-Initial held on July 21, 2020. |
| 07/21/2020 | Minutes finalized for Request for Order-Initial held on 07/21/2020 08:15 AM . |
| 08/03/2020 | Hearing re: Request for Order-Initial held on August 3, 2020. |
| 08/03/2020 | Hearing re: Request for Order-Initial held on August 3, 2020. |
| 08/03/2020 | Minutes finalized for Request for Order-Initial held on 08/03/2020 10:00 AM . |
| 08/03/2020 | Hearing regarding: Trial Setting , set for 10/26/2020 at 8:30 AM before Hon. Tony J. Agbayani in Department 9B. |
| 09/25/2020 | Minutes finalized for Trial Setting held on 09/25/2020 09:00 AM . |
| 09/25/2020 | Hearing regarding: Court Trial , set for 11/23/2020 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 09/25/2020 | Order After Hearing |
| 09/25/2020 | Ruling |
| 10/26/2020 | Hearing re: Trial Setting held on October 26, 2020. |
| 10/26/2020 | Findings and Order Regarding Contempt as to Rudolfo Chavez, Leah Chavez Entered and filed. |
| 10/26/2020 | Minutes finalized for Court Trial held on 11/23/2020 10:00 AM . |
| 11/06/2020 | Declaration of Leah Chavez to Enfroce Petitioner's Probation Violation Sentence Ordered By Judge Agbayani on 09-25-2020 filed by Chavez, Leah. |
| 11/06/2020 | Proof of service filed by Chavez, Leah. |
| 11/16/2020 | Respondent's Trial Brief filed. (filed on demand) |
| 11/16/2020 | Proof of Electronic Service filed by Chavez, Leah. (filed on demand) |
| 11/23/2020 | Court Trial  scheduled on 11/23/2020 at 10:00 AM has been Continued. |
| 11/23/2020 | Hearing regarding: Court Trial , set for 01/15/2021 at 10:00 AM before Hon. Tony J. Agbayani in Department 9B. |
| 11/24/2020 | Proof of Service by Mail of Trial Brief filed. |
| 01/15/2021 | Hearing re: Court Trial held on January 15, 2021. |
| 01/15/2021 | Minutes finalized for Court Trial held on 01/15/2021 10:00 AM . |
| 03/15/2021 | Minutes finalized for Ex Parte held on 03/15/2021 01:55 PM . |
| 03/15/2021 | Statement of Decision filed. |
| 04/05/2021 | Respondent's Objections to Ommissions, Ambiguities, and Inaccuracies in the Tentative Decision filed 03-15-2021 filed by Chavez, Leah. |
| 04/05/2021 | Proof of service filed by Chavez, Leah. |

| 12:30 PM | | 23 | of | 24 | | 10/26/2021 |
|----------|--|----|----|----|--|------------|

| Date | Action |
|------|--------|

## Rudolfo Chavez VS Leah Chavez

| Date | Action |
|------|--------|
| 06/09/2021 | Statement of Decision |
| 07/12/2021 | Payment received in the amount of $3.00, receipt number 659361. |
| 08/09/2021 | Notice of Appeal filed by Chavez, Leah. and Proof of Service |
| 08/11/2021 | Notice of Filing Notice of Appeal filed by the Superior Court, County of San Joaquin. |
| 08/11/2021 | Notice of Default on Appeal filed by the Superior Court, County of San Joaquin. |
| 08/11/2021 | Proof of service filed by Superior Court , County of San Joaquin<br>Default Notice. |
| 09/01/2021 | Order to Show Cause for Contempt Granted |
| 09/01/2021 | Hearing regarding: OSC Re: Contempt Resp's Order to Show Cause and Affidavit for Contempt, set for 10/15/2021 at 9:30 AM before Hon. Cheryl A. McCann in Department 5A. |
| 09/14/2021 | Court of Appeal Order Re Unsuitability for Mediation filed by the Superior Court, County of San Joaquin. |
| 09/17/2021 | Evidence presented at trial destroyed pursuant to CP1952.3. |
| 09/28/2021 | Notice of Default on Appeal filed by the Superior Court, County of San Joaquin. |
| 10/08/2021 | Request to Continue Hearing (No Fee) filed by Chavez, Leah. |
| 10/08/2021 | Hearing Result: Continued - Parties Motion *continued to 01/28/2022 per Resp's request |
| 10/08/2021 | Hearing regarding: OSC Re: Contempt Respondent's Order to Show Cause and Affidavit for Contempt * NO POS*, set for 01/28/2022 at 9:30 AM before Hon. Cheryl A. McCann in Department 5A. |
| 10/08/2021 | Order on Request to Continue Hearing filed by Leah Chavez. |
| 10/13/2021 | Appellant's Notice Designating Record on Appeal (Unlimited Civil Case) filed by Chavez, Leah. |
| 10/25/2021 | Reporter's Request for Additional Funds filed by the Superior Court, County of San Joaquin. |

# EXHIBIT B

1  Leah Chavez
2  6333 Pacific Ave. #355
   Stockton, CA 95207
3  *In Pro Per*

FILED
SUPERIOR COURT

2018 AUG 17  AM 8: 04

ROSA JUNQUEIRO, CLERK
BY RANDALL WEBER
DEPUTY

4

SUPERIOR COURT OF CALIFORNIA

5

6  SAN JOAQUIN COUNTY, UNLIMITED JURISDICTION

7  RUDOLFO CHAVEZ,                    Case No.: FL2014-5424

8       Petitioner,

9  vs.                                **AMENDED RESPONDENT'S**
                                      **SETTLEMENT CONFERENCE**
10 LEAH CHAVEZ,                       **STATEMENT**

11      Respondent

12                                    Date: August 29, 2018
                                      Time: 3:00p.m.
13                                    Trial Date: October 16, 2018 at 8:30a.m.
                                      Dept: 4B

14                  **PARTIES AND COUNSEL**

15
       Respondent, Leah Chavez (hereinafter referred to as "Wife"), is self represented, and
16
17 Petitioner, Rudolfo Chavez (hereinafter referred to as "Husband"), is represented by Claire

18 Osborn of Law Offices of Claire Osborn.

19                  **JURISDICTIONAL FACTS**

20     The parties were married on January 5, 2001, and separated on June 21, 2012.

21                       **NON-ISSUES**

22

23 1.  CUSTODY

24     The parties have four minor children: Rudolfo, (17); Ariel (16); Teo (11); and Diallo (9).

25 Husband agrees that Wife has Sole Legal and Sole Physical custody of all four children.

26 ///

27 ///

28
   AMENDED RESPONDENT'S SETTLEMENT CONFERENCE STATEMENT - 1

2. SPOUSAL SUPPORT

Husband, as the adjudicated perpetrator of domestic violence against Wife, agrees to terminate the court's jurisdiction to award him spousal support.

3. PERSONAL PROPERTY

Personal property and household furnishings have been divided to the mutual satisfaction of both parties, with no offset.

4. BANK ACCOUNTS

All bank accounts are awarded to the party in their respective names and ownership of account and no equalization of said accounts are due to the other.

5. STUDENT LOANS

Wife has a large amount of student loan debt, which she has always taken responsibility for. Husband has never paid on her debt and she is not requesting for him to pay on her debt. Wife agrees to hold Husband harmless from these debts.

6. REAL PROPERTY

Wife owns two real properties and a mobile home, as her separate property. All of the properties are titled in Wife's name alone, and all of the properties are encumbered by mortgages. None of the properties are titled in Husband's name. The real properties are a)

.in Stockton; b)                          in San Diego, and the mobile home is c)

'in San Leandro. All three properties are Wife's separate property, the Caleb Circle and Santa Maria properties Wife inherited from her grandmother during the marriage and under Family Code 770 (a)(2) are Wife's separate property; and the Ashland property was purchased before marriage and under Family Code 770 (a)(1) is also Wife's separate property. Husband

AMENDED RESPONDENT'S SETTLEMENT CONFERENCE STATEMENT - 2

agrees the above properties are Wife's separate property, and should be awarded as her sole and separate property.

7. DEBTS

The parties both acknowledge the community property debts listed below:

*Credit Card Debt*

a. American Express - $27,798

b. Bank of America - $27, 159

c. Citibank - $24, 797

Each of these accounts was used to purchase gas, groceries, clothing, entertainment, pay utilities, etc. for the family during the parties marriage. These debts were from credit cards in Wife's name only. Debt to be split between the parties.

*Mortgage on 1808 Caleb Circle*

There is currently an outstanding mortgage on the Caleb Circle property with a principal balance of $61,296.17 as of 8-13-2018, with a $324 per month current mortgage payment. The loan is in Husband's name, but Wife makes all payments.

**ISSUES**

8. CHILD SUPPORT

9. SPOUSAL SUPPORT

10. ADDITIONAL CHILD SUPPORT FOR CHILDREN'S COLLEGE EDUCATION

Husband agrees to pay ¾ and Wife agrees to pay ¼ of college tuition, fees, room and board, books and supplies, personal necessities, and transportation costs on behalf of the parties children while they attend college. Wife proposes, Husband and Wife pay these costs until the children reach age 26, as long as they are attending college.

AMENDED RESPONDENT'S SETTLEMENT CONFERENCE STATEMENT - 3

11. INSURANCE

    a.  Life Insurance

Wife requests Husband replace life insurance plans Husband had through his former employer during marriage and through the pending dissolution, by either adding Wife and children as beneficiaries to his current employers plan or purchasing new plans. Husband quit his previous jobs, and was hired on at a new employer during the dissolution process but it is unclear if Husband added Wife and children back on as beneficiaries. Wife requests continuation of the term life insurance to protect the children while they are minors, from any unforeseen tragedies that would affect the support and care of the children. This protection for his children would not cost Husband anything if attained through his current employer.

    b.  Continued Health Insurance for Wife

Wife requests Husband continue to provide medical, dental, and vision insurance for the children and Wife post-dissolution.

12. RETIREMENT ACCOUNTS

Husband and Wife were in a marriage of long duration and during that time Husband failed to disclose his retirement accounts to Wife. Husband breached his fiduciary duty to Wife by not disclosing his retirement accounts, including an account he held with his former employer Kuehne+Nagel. Husband has a pension with his current employer UPS, Wife proposes that she be awarded an equal share in Husband's UPS pension.

13. DEBT

Wife proposes that the community credit card debt (in Wife's name – listed above) be split between the parties, by Husband paying the mortgage (in Husband's name – listed above) and property taxes on the Caleb Circle home ($324 per month current mortgage payment;

AMENDED RESPONDENT'S SETTLEMENT CONFERENCE STATEMENT - 4

Principal Balance of $61,296.17 as of 8-13-2018) as an offset or equalizing payment for his half of the credit card debt ($79,754 total credit card debt) (Family Code 2622(a) and (b), F.C. 2550). In short, Wife proposes she take the credit card debt of $79,754 in her name, and Husband take the mortgage debt of $61,296.17 in his name.

14. ATTORNEY FEES

Wife requests Husband pay attorney fees and costs for Wife, as she has been unable to afford counsel on her own.  During the marriage Wife was a homemaker and Husband worked outside of the home.  Husband is in a substantially better financial position than Wife, and Husband has repeatedly participated in hiding assets over the years.

Dated:  August 16, 2018

Respectfully submitted,

Leah Chavez, _____

In Pro Per

AMENDED RESPONDENT'S SETTLEMENT CONFERENCE STATEMENT - 5

# EXHIBIT C

1  Claire Osborn, SBN 197948
   LAW OFFICE OF CLAIRE OSBORN
2  2502 Beverly Place
   Stockton, CA 95204
3  Telephone: (209)463-4693
   Facsimile: (209)467-5729
4

5  Attorney for Petitioner
   RUDOLFO CHAVEZ
6

FILED

2018 OC 10 PM 12: 16

DGA JUHQU

DEPUTY

7              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
8
9                    STOCKTON, BRANCH – FAMILY LAW

10  RUDOLFO CHAVEZ,
11
                Petitioner,           No: FL-2014-5424
12
13      vs.                           3RD SETTLEMENT CONFERENCE
                                      STATEMENT WITH GLOBAL OFFER
14                                    DATE: October 9, 2018

15  LEAH CHAVEZ,                      DEPT: 4B
16
                Respondent.
17  _____/

18

19              **PARTIES AND REPRESENTATION:**

20      Now comes before the Court, Petitioner, Rudolfo Chavez (hereinafter referred to as

21  "Husband", represented by Claire Osborn of LAW OFFICE OF CLAIRE OSBORN and

22  Respondent, Leah Chavez (hereinafter referred to as "Wife"), self represented.

23              **JURDISDICTIONAL FACTS:**
24
25      The parties married on January 5th, 2001 This was a marriage of long duration that lasted

26  over 10 years. Preliminary Declaration of Disclosures and Final Declaration of Disclosures were

27  exchanged.

28

Marriage of Chavez, Rudolfo vs. Leah          FL-2014-5424          Settlement Conference Statement

1.  **CUSTODY**

The parties have four children                         April 1st, 2013 while Wife

believes the date of separation was June 21st, 2012. As part of a *GLOBAL SETTLEMENT*,

Husband requests the court to establish which date should be recognized as the official date of

separation.


2.  **SPOUSAL SUPPORT AND CHILD SUPPORT**

The court has set a bifurcated trial on February 19th, 2019, regarding Child Support and

Spousal Support due to pending contempt charges against Petitioner.


3.  **OFFER OF SETTLEMENT**

Husband has attempted to resolve this matter several times, but issues the court cannot

order seem to be holding up any possible resolution. As a *GLOBAL SETTLEMENT* only to

resolve the below remaining issues associated with the dissolution, Husband proposes the

following:

Real Properties and Residences

Husband proposes as a *GLOBAL OFFER OF SETTLEMENT* for Wife retain the

residence located at                          San Diego, CA and the mobile home located at

San Lorenzo, CA along with any encumbrances therein and hold

Husband harmless and indemnify him thereof.  Husband will not request any offsets or

reimbursements for these properties.

Husband has a Moore/Marsden claim in the property located at

Stockton, CA with an encumbrance in his name only. Due to Wife's poor credit and creditor


Marriage of Chavez, Rudolfo vs. Leah              FL-2014-5424              Settlement Conference Statement

1   defaults, she is unable to refinance said property in her name. Husband proposes as a *GLOBAL*

2   *SETTLEMENT* to resolve said issues in this matter that this property be sold to remove

3   Husband's name from said liability and encumbrance and the proceeds of the sale be used to

4   satisfy the outstanding community credit card debt.

5

6        Credit Card Debt

7        Husband proposes the Caleb property be sold and proceeds be used to satisfy the

8   community property credit card debt. Wife recently provided documents to Husband showing

9   the maximum amount of community credit card debt is $59,596.21. Husband disputes some of

10   this as being community debt and/or contends Wife failed to mitigate some of this debt in breach

11   of her fiduciary duty to Husband.

12

13        Retirement Funds

14        Husband shall retain the Kuehne + Nagel 401(k) Plan account with a date of separation

15   balance on this account was $630.59. There were never any contributions to Husband's Home

16   Depot Retirement Fund or his Sherwin Williams Retirement Fund. Husband will retain his

17   separate property retirement from United Postal Service as he began this job post-separation.

18

19        Bank Accounts:

20        Wife shall retain the balance of the community bank accounts which had a date of

21   separation balance of greater than $5,000.00 as her sole and separate property. Husband will

22   waive any off-sets if there is a global settlement as to all the remaining issues.

23   ///

24   ///

25   ///

26   ///

27   ///

28

1    Attorney Fees:

2        Husband and Wife will each bear responsibility for the payment of all of their own

3    attorney's fees and costs incurred in connection with the negotiation, preparation and execution

4    of this agreement and throughout the pending proceeding for dissolution of marriage.

5

6

7        Dated: October 9, 2018

8

9                        Respectfully submitted,

10

11                       LAW OFFICE OF CLAIRE OSBORN
     A PROFESSIONAL LAW CORPORATION

12

13

14                       Claire Osborn
     Attorney for Petitioner

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN<br>180 E Weber Avenue<br>180 E Weber Avenue<br>Stockton , CA 95202 | FOR COURT USE ONLY |
|---|---|
| **Rudolfo Chavez VS Leah Chavez** | |
| **NOTICE OF SETTLEMENT CONFERENCE** | CASE NUMBER:<br><br>STA-FL-DWC-2014-0005424 |

Please take notice that a Settlement Conference has been scheduled on 08/14/2019 at 10:00 AM
in Department 7C of this court, located at 180 E Weber Avenue Stockton.

Rosa Junqueiro, Clerk of the Court

Date: 07/17/2019         By: <u>Esperanza Scurini</u>, Deputy

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause. I certify that a true copy was mailed following standard court practices in a
sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at
Stockton, California, on 07/17/2019.

By: <u>Esperanza Scurini</u>, Deputy Clerk

Claire Osborn
5250 Clairmont Ave, Ste 150
Stockton CA 95207

Leah Chavez
6333 Pacific Ave #355
Stockton CA 95207

# EXHIBIT E

```
 1   Case No. FL-DWC-2014-0005424                    C090325

 2

 3

 4              COURT OF APPEAL OF THE STATE OF CALIFORNIA

 5                    THIRD APPELLATE DISTRICT

 6                         ---o0o---

 7        Appeal from the Superior Court of San Joaquin County

 8                  HON. LINDA LOFTHUS, Judge

 9                         ---o0o---

10
     RUDOLFO CHAVEZ,                    )     ┌─────────────────┐
11                                      )     │   CERTIFIED     │
          Petitioner/Respondent,        )     │   TRANSCRIPT    │
12                                      )     └─────────────────┘
          vs.                           )
13                                      )     VOLUME 1 of 1
     LEAH CHAVEZ,                        )     (Pages 1 - 26)
14                                      )
          Respondent/Appellant.         )
15                                      )

16

17

18               REPORTER'S TRANSCRIPT ON APPEAL

19                  Wednesday, August 21, 2019

20                  APPEARANCES OF COUNSEL:

21   For the Appellant:      LEAH CHAVEZ, in propria persona
                             6333 Pacific Avenue, #355
22                           Stockton, CA 95207

23   For the Respondent:     RUDOLFO CHAVEZ, in propria persona
                             PO Box 14441
24                           Oakland, CA 94621

25
                        SUPERIOR COURT REPORTERS
26              180 East Weber Avenue, Suite 600
                    Stockton, California  95202
27                       (209) 992-5442

28
```

1

2

3              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

4                              ---o0o---

5     IN RE THE MARRIAGE OF:       )
                                   )
6     RUDOLFO CHAVEZ,              )        No. FL-2014-5424
                                   )
7              Petitioner,         )        Dept. 7C
                                   )
8              vs.                 )
                                   )
9     LEAH CHAVEZ,                 )        (Pages 2 - 26)
                                   )
10             Respondent.         )

11

12              WEDNESDAY, AUGUST 21, 2019 - 3:04 p.m.

13

14              The above-entitled matter came on regularly at

15    the date and time above set forth, before the HON. LINDA

16    LOFTHUS, Judge of the Superior Court of the State of California,

17    County of San Joaquin.

18                         APPEARANCES OF COUNSEL:

19              CLAIRE A. OSBORN, Attorney at Law, 5250 Claremont

20    Avenue, Suite 150, Stockton, California 95207, appeared as

21    counsel for and on behalf of the Petitioner.

22

23              LEAH CHAVEZ appeared in propria persona.

24

25

26

27

28    Reported by:  VANESSA R. CLAYTON, C.S.R. No. 13112, CCRR

```
 1                              SESSIONS

 2    DATE                                                      PAGE

 3    Wednesday, August 21, 2019

 4    AFTERNOON SESSION                                            4

 5

 6                            ---o0o---

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

 1                    (All parties present, the following

 2                    proceedings were had:)

 3            THE COURT:  All right.  We are on the record.

 4   We've held a settlement conference in the marriage of Rudolfo

 5   Chavez and Leah Chavez.  And Rudolfo Chavez has been present

 6   with his attorney, Ms. Osborn, along with her assistant, Kasie

 7   Cody, K-A-S-I-E, C-O-D-Y.  And Ms. Chavez is representing

 8   herself in pro per.

 9        May I have the parties sworn?

10            THE CLERK:  Yes.

11        Stand and raise your right hand, please.

12        You both do solemnly state the testimony you shall give in

13   this matter shall be the truth, the whole truth, and nothing but

14   the truth so help you God?

15            MS. CHAVEZ:  Yes.

16            MR. CHAVEZ:  Yes.

17            THE COURT:  Okay.  So let's just do this right

18   away, do the status.

19        Ms. Osborn, would you voir dire your client?

20            MS. OSBORN:  Yes.  Yes.  All right.

21        Mr. Chavez, on August 22nd of 2013, did you file a petition

22   for dissolution between you and Ms. Chavez?

23            MR. CHAVEZ:  Yes.

24            MS. OSBORN:  You are listed as the Petitioner in

25   this matter?

26            MR. CHAVEZ:  Yes.

27            MS. OSBORN:  And it originated in Alameda County;

28   is that right?

```
 1              MR. CHAVEZ:  Yes.
 2              MS. OSBORN:  And transferred over to San Joaquin
 3    County?
 4              MR. CHAVEZ:  Yes.
 5              MS. OSBORN:  Okay.  And are you a resident --
 6    have you been a resident in California for at least six
 7    months -- the past six months?
 8              MR. CHAVEZ:  Yes.
 9              MS. OSBORN:  And you are no longer a resident of
10    San Joaquin County, but were you when you filed the petition --
11        Actually, Your Honor, it was transferred, so he was a
12    resident of Alameda County.
13              THE COURT:  Right.
14              MS. OSBORN:  When you filed your petition, were
15    you a resident in Alameda for at least three months?
16              MR. CHAVEZ:  Yes.  Yes.
17              THE COURT:  He submits to the jurisdiction of
18    this Court to resolve property matters?
19              MR. CHAVEZ:  Yes.
20              MS. OSBORN:  Okay.  And do you currently -- you
21    have three minor children of this marriage; is that right?
22              MR. CHAVEZ:  Yes.
23              MS. OSBORN:  And you did have a fourth child who
24    just reached the age of majority in June?
25              MR. CHAVEZ:  Yes.
26              MS. OSBORN:  Have irreconcilable differences
27    caused an irremediable breakdown of your marriage?  Meaning,
28    have there been differences in your marriage that have arisen?
```

1          MR. CHAVEZ:  Yes.

2          MS. OSBORN:  And is it your belief that this

3     marriage cannot be saved by the Court, by counseling, or by any

4     other means?

5          MR. CHAVEZ:  Yes.

6          MS. OSBORN:  Is it your desire to terminate the

7     marriage and be divorced today?

8          MR. CHAVEZ:  Yes.

9          MS. OSBORN:  Have you gone through the discovery,

10    the assets and your debts, and do you waive final declaration of

11    disclosures -- actually, we did those already, so never mind.

12    We've done those.

13        Today we've been meeting with Judge Lofthus, and we've been

14    working together for an agreement or some kind of resolution in

15    this matter; is that right?

16         MR. CHAVEZ:  Yes.

17         MS. OSBORN:  And, I guess, after we go through

18    all those, I'll ask if he understands those terms.

19         THE COURT:  But the date of marriage in the

20    petition filed in Alameda County on August 22nd was listed as

21    January 15th, 2001.  But that's a mistake, and you believe the

22    marriage was January 5th of 2001; is that correct?

23         MR. CHAVEZ:  Yes.

24         THE COURT:  And you agree -- even though there's

25    been some dispute about the date of separation, that for our

26    purposes today, you agree the date of separation to be used for

27    all purposes is June 21st of 2012?

28         MR. CHAVEZ:  Yes.

1              THE COURT:  Thank you.

2         And then let me go over to you, Ms. Chavez.  You understand

3    this petition was filed in Alameda County and transferred here?

4              MS. CHAVEZ:  Yes.

5              THE COURT:  You agree to submit to the

6    jurisdiction of the San Joaquin County court for this property

7    resolution?

8              MS. CHAVEZ:  Yes.

9              THE COURT:  And you also agree that the petition

10   incorrectly stated the date of marriage is January 15th, but it

11   was actually January 5th of 2001?

12             MS. CHAVEZ:  Yes.

13             THE COURT:  And even though disputed, you now

14   agree that the date of separation was June 21st of 2012; is that

15   correct?

16             MS. CHAVEZ:  Yes.

17             THE COURT:  All right.  Very good.

18        Then at this time the Court is going to grant the

19   dissolution of marriage based upon irreconcilable differences.

20             MS. CHAVEZ:  Your Honor, I mean, over here, I

21   object.  I thought we were doing it just for property issues.

22             THE COURT:  No.  I told you we were doing status

23   back there.

24             MS. CHAVEZ:  That's what I kept saying.  Judge

25   Agbayani said we can still have a trial.

26             THE COURT:  You can still have the trial.  What

27   we talked about on the health insurance for you --

28             MS. CHAVEZ:  Right.

1              THE COURT:  -- and you still have carved out the
2    issue of life insurance to secure that.
3              MS. CHAVEZ:  Right.
4              THE COURT:  Absolutely.
5              MS. CHAVEZ:  Right.  But I would object to
6    dissolution in regards to the status due to the fact that the
7    insurance issues are tied into the status.  I would object to
8    bifurcation of status today.  I would agree to proceeding with a
9    resolution to the issues as stated as far as the debt and the
10   properties and everything else.  But as far as the status and
11   then the remaining issues, I would like to proceed to trial --
12             THE COURT:  Okay.
13             MS. CHAVEZ:  -- on those.
14             THE COURT:  I'm going to grant the status
15   dissolved today with the understanding that when you go before
16   Judge Agbayani or any other judge on the contempt proceeding,
17   which is a jury trial, that there's also a court trial on the
18   issue of life insurance and health insurance, and I'll lay that
19   out so you aren't precluded from or prejudiced in any way.
20             MS. CHAVEZ:  Okay.  And I would also object
21   because I'm -- I apologize, but like I said, that was not my
22   understanding, and there -- there is no pending motion for a
23   bifurcation of status, so I would fully object.  And there's no
24   order even for the -- the factors that would keep the insurance
25   in place as it stands.  At this time if we were to have a
26   dissolution in regards to our status, that would end the life
27   insurance for me, and that is an issue for trial.  And so I
28   would object.  I would object to the status, and I would let --

```
 1                    THE COURT:  What do you mean it would end the
 2   life insurance?
 3                    MS. CHAVEZ:  If there was a dissolution -- if you
 4   granted the status dissolution, that would end the health
 5   insurance for me.
 6                    THE COURT:  Not the life insurance.
 7                    MS. CHAVEZ:  Right, not the life insurance.  I
 8   mis -- the health insurance.  So I would -- I would object --
 9   vigorously object to that and put the Court and counsel and
10   Petitioner on notice that I would be filing an immediate appeal
11   of that if -- if that order was made.
12                    THE COURT:  You have a trial date in two weeks.
13   You have a trial date in two weeks.
14                    MS. CHAVEZ:  Right.  That would be for the -- the
15   remaining issues.
16                    THE COURT:  Which you're here at a settlement
17   conference, and I -- I'm sorry, but when I went back there, I
18   said we were doing status today and that we were carving out the
19   health insurance and the life insurance for when you come back
20   in two weeks.  And I think that that is sufficient.  I'm going
21   to go ahead and grant the status dissolution today.  And I hear
22   your objection, and it's on the record.
23                    MS. CHAVEZ:  Okay.
24                    THE COURT:  Okay.  As a practical matter, it
25   takes a couple of weeks for the paperwork to come through when
26   they send the bifurcation, so that's not going to happen between
27   now and two weeks coming back to the trial.
28                    MS. CHAVEZ:  I would ask that Petitioner leave
```

1  | the insurance in place as it stands.
2  |            THE COURT:  He can't change it until he has an
3  | order signed by the Court.  Okay.  And so let's move on.
4  |            MS. CHAVEZ:  Okay.
5  |            THE COURT:  All right.  So we had -- in chambers
6  | we started this morning at 10 o'clock or close to that, and we
7  | reached certain settlements.  And I'm going to go over those
8  | things now.  And I'll ask each side is -- that is your
9  | agreement.  If I left anything out, please be sure and let me
10 | know.
11 |            MS. OSBORN:  Can the Court just, for the record,
12 | describe what we waived this morning in chambers and that -- I
13 | know you asked your clerk to put on the minute order, the
14 | process of how we conducted today's --
15 |            THE COURT:  Yes.  It's in the minute order that I
16 | met -- first of all, I met with everyone at the same time.  And
17 | I had my clerk with me at all times today, who is Lupe.  But --
18 | I do that largely not because of any personality here.  When I
19 | have one side that doesn't have a lawyer, I don't want to be the
20 | only one that has a point of view of what got said in the room,
21 | so I always have the clerk present for that.
22 |       So no offense to be taken, Ms. Chavez.
23 |       I told you how I conduct settlement conferences, and I
24 | asked for a waiver so that I could meet with each side.  And
25 | each side entered into that waiver, the right to be present
26 | during all communication, and that would be in the written
27 | minute order, too, from today.
28 |       And then we proceeded and we did talk about a number of

 1  things all together before we split up.  And then I first
 2  started meeting with Ms. Chavez, and then I -- we went back and
 3  forth and took a lunch break from 12:00 to 1:30, and we started
 4  up again.  And I met, starting with Ms. Chavez, right at 1:30,
 5  and we've been working until just now.  So when we met -- I'm
 6  just going to lay out all the things that are agreed upon.
 7  Okay.

 8      So the first thing we talked about was the date of
 9  separation, June 21st of 2012.

10      The next thing we have agreed upon today -- although, it
11  was disputed and was an issue for trial -- was there are certain
12  real properties known as                         'in San Diego.
13  The parties agree that that is a separate property of wife
14  having been inherited from her grandmother in early 2011.

15      The parties also agree there's a mobile home in San Lorenzo
16          which is the separate property of Ms. Chavez.  That
17  was a mobile home that she purchased prior to the date of
18  marriage.

19      And there is another piece of real property known as
20          'in Stockton.  This piece of property was inherited
21  by Ms. Chavez from her grandmother along with the Santa Maria
22  Terrace property.  That property has a loan in the husband's
23  name, but title is not in his name.  And husband waives any and
24  all Moore/Marsden reimbursements, slash, credits.  I can't
25  remember the correct verbiage, what we call those.

26          MS. OSBORN:  It was a 1031 exchange, just so the
27  record is very clear.

28          THE COURT:  There was a 1031 exchange from one

1    piece of property for Caleb?

2                    MS. OSBORN:  Yes.

3                    THE COURT:  And everybody knows that and all --

4    everyone agrees it's separate property of wife?

5                    MS. OSBORN:  Yes.

6                    THE COURT:  Okay.  And no Moore/Marsden

7    reimbursements are being sought?

8                    MS. OSBORN:  Yeah, we are waiving those.

9                    THE COURT:  And then the -- we talked about

10   community debt, and there is a lot of dispute about the

11   community debt.  Husband claimed that there was no community

12   debt, that it was collectible, due and owing.  Wife claimed that

13   there was sometimes in the neighborhood of 79,754 that was

14   comprised of an American Express card, a Bank of America card,

15   and a Citi card.  And when we started out our proceedings today,

16   everybody agreed that the debt was around 59,596.21 but

17   reserving the right to say that maybe they weren't owed or it

18   was less than that.  And, in fact, I was presented with evidence

19   that these are old debts, way beyond the statute of limitations.

20       I talked to Mrs. Chavez about the CCP section which

21   requires lawsuits to be initiated within four years from the

22   date of the last nonpayment, and these well exceeded those.

23       And the Bank of America debt actually got settled during

24   the term of the marriage in 2009 for about $7,000.  Wife has

25   agreed to waive any request for reimbursements on those debts in

26   view of the full settlement that I'm putting on the record here.

27       There was also a -- an issue about K-U-E-H-N-E, Kuehne &

28   Nagel, 401K in the sum of $630.59 at the date of separation and

1   discussions about what interest might have grown on that.  And
2   there was a big dispute about that, and the parties agree now
3   the 401K and any of its proceeds are awarded to husband.
4   There --
5                   MS. CHAVEZ:  Husband?  That's -- I'm sorry,
6   Judge, but --
7                   THE COURT:  That's part of the 2,500 that he's
8   paying you.
9                   MS. CHAVEZ:  But you said awarded to husband.
10                  THE COURT:  Right.  He gets the 401K.
11                  MS. CHAVEZ:  Oh, okay.  Okay.  I'm sorry.
12                  THE COURT:  All right.  And then the 2,500 that I
13  just referenced is -- there's going to be a payment that husband
14  makes to wife in the sum of 2,500 which settles all of these
15  issues.
16      The Home Depot retirement fund is awarded to husband as his
17  sole and separate property.  The Sherwin Williams retirement
18  fund is awarded to husband as his sole and separate property.
19  And the US Postal Service retirement is awarded to husband as
20  his sole and separate property.
21      Any community property accounts that were cash accounts,
22  each is to keep their own.
23      My understanding there is a Chase account that the parties
24  utilize now for -- you know, by mutual agreement -- that's Chase
25  account ending in 1062.  That's the account that husband is
26  going to make the deposits for the 2,500 in on a weekly basis
27  beginning September 6th.  He's to pay every Friday until that's
28  paid in full.  It's not part of any wage assignment that he has

1   right now, but that's the account that exists, so that's the

2   account that he will use.  And that will be a weekly deposit

3   until that 2,500 is paid in full.  There's no interest on that

4   2,500.

5       Each side will bear their own attorney's fees.  As a

6   practical matter, Ms. Chavez doesn't have an attorney and only

7   had one for about one month.  But husband has had several

8   attorneys.  And up until now, each side bearing their own

9   attorney's fees.  Whatever you do when you go to court in two

10  weeks, nobody is saying you can't ask for attorney's fees at

11  that time.  Okay.

12      The child custody has already been decided, and child

13  support has already been decided by Judge Agbayani in a recent

14  written decision.  And there has -- there is only a temporary

15  order on spousal support.  So Judge Agbayani has not done a

16  final hearing on permanent spousal support.  And so it was my

17  suggestion to the parties since they couldn't reach an agreement

18  on health insurance for mom or a further life insurance policy,

19  which I'll go into in a minute, that those can be addressed by

20  wife/mom at your spousal support hearing, which is what would be

21  addressed in your final trial anyway.  Okay.

22              MS. CHAVEZ:  Will there -- there is no pending

23  spousal support hearing.

24              THE COURT:  No, but you have a final trial set.

25              MS. CHAVEZ:  For the dissolution.

26              THE COURT:  For -- to resolve all your issues.  I

27  wasn't getting into support issues here today.

28              MS. CHAVEZ:  Right.  I understand.

```
1              THE COURT:  Or contempt issues.

2        So the life insurance that Mrs. Chavez was asking that

3   husband take out in addition to the two policies that she

4   already maintains in the sum of 300,000 with a company named ING

5   and Lincoln in the sum of $1,300,000, which she pays $400

6   quarterly or something on both of those, she can keep those.  So

7   the agreement is wife can keep that life insurance on husband's

8   life in those amounts as long as she pays it.  But the dispute

9   was wife would like husband to take out a life insurance policy

10  through his employer if it's available at no cost to secure

11  child support in addition to these amounts.

12       And that you'll be able to talk about, Mrs. Chavez, when

13  you go talk to Judge Agbayani at your trial date.

14              MS. CHAVEZ:  Or for him to purchase it on the

15  open market.

16              THE COURT:  Whatever you want to propose --

17              MS. CHAVEZ:  Right.

18              THE COURT:  -- to Judge Agbayani about that.

19       So we couldn't reach a resolution on that, and we couldn't

20  reach a resolution but -- as to life insurance that currently

21  exists, wife can continue to maintain those two policies with --

22  wife may be the beneficiary on that and that can continue on if

23  she wants.  The children are the ultimate beneficiaries if

24  anything happens to him during their term of minority.

25              MS. CHAVEZ:  Right.

26              MS. OSBORN:  I'm sorry.  I'm assuming just based

27  upon our conversations here that those life insurance policies

28  that my client is the one who is the insured?
```

```
1                    THE COURT:  Yes.

2                    MS. OSBORN:  She's not the owner --

3                    THE COURT:  He's the insured.

4                    MS. OSBORN:  He's insured; is that --

5                    MS. CHAVEZ:  Yes.

6                    THE COURT:  Mom might be the beneficiary on

7    those.  That's okay.  You told me --

8                    MS. OSBORN:  No -- yes.  I'm trying -- can I ask

9    who the owner of the pol --

10       Are you the owner?

11                   MS. CHAVEZ:  Right.  It's term.  It's not whole.

12                   THE COURT:  Right.  She explained that to me.

13   It's term.

14                   MS. OSBORN:  Mom is own -- excuse me.  Ms.

15   Chavez is owner of the policy; my client is the one insured, and

16   the beneficiaries are either Ms. Chavez and/or the children?

17                   THE COURT:  Right.

18                   MS. OSBORN:  Okay.  I just wanted to clarify.

19                   THE COURT:  Very good.

20       And then on the health insurance we reached an agreement

21   that husband will continue to maintain the children on his --

22   maintain medical, dental, and vision insurance for the children

23   during -- for the children, and as long as it is available

24   through his employment, as long as it is comparable with

25   Obamacare which now allows parents to keep children on the

26   policies until they reach the age of 26, and as long as it is

27   comparable to what he has now.  He works for UPS now.  Once a

28   child hits the age of 18 like Rudolfo, Jr., just did, then
```

1   father/husband is not making his copays or the out of pocket or

2   deductibles.  But now they're doing it for the minors.  He does

3   it for the minors.

4                    MS. OSBORN:  Right.

5                    THE COURT:  That will continue as long as they're

6   minors.  When they hit 18, then they have to get a job or have

7   student loans cover -- usually they get insurance through

8   other -- if they go to school, there's good insurance there.

9   Okay.

10      Then -- but what remains to be decided is mom's request

11  that she -- that dad pay for her health insurance.

12      And that will be something that you can do with Judge

13  Agbayani when you come for your final trial.

14                    MS. CHAVEZ:  Right.  And the life insurance for

15  the kids.

16                    THE COURT:  Yeah.  I said that already.

17                    MS. CHAVEZ:  Right.  Right.  Right.

18                    THE COURT:  Okay.  And then --

19                    MS. CHAVEZ:  Excuse me, Your Honor.

20      I know that you said it's already on the record in regards

21  to the status bifurcation, but I really truly was not aware that

22  it was --

23                    THE COURT:  You made your objection.

24                    MS. CHAVEZ:  Okay.

25                    THE COURT:  It's duly noted.

26                    MS. CHAVEZ:  Right.  But I was just going to ask

27  if, in fact, our divorce or dissolution trial is like you said

28  in two weeks --

1              THE COURT:  Whatever the date is.

2              MS. CHAVEZ:  Right.  Right.  September 6th I

3    think, but -- but can we wait until then for the status so

4    that --

5              THE COURT:  I already said no.  I'm granting it

6    as of today.

7              MS. CHAVEZ:  Okay.

8              THE COURT:  With the exception that you are

9    allowed to, without prejudice, make these arguments for your

10   health insurance and the life insurance.  Okay.

11        As a practical matter, that paperwork isn't going to get

12   through here in two weeks for that to be changed.  Okay.  So we

13   don't need --

14             MS. CHAVEZ:  Okay.

15             THE COURT:  -- to keep going over it.  We've got

16   a court reporter.  She's here.  You've made your record.  All

17   right.

18        The parties agree that spousal support from wife to husband

19   is terminated so that husband -- his right to obtain spousal

20   support from wife is now terminated as of today's date.  Okay.

21        And the parties agree that they have divided their

22   household furniture and furnishings, so whatever they currently

23   have, they're going to keep, and that's including vehicles, and

24   their taxes, each is to take their own.  The last time they

25   filed together was in 20 --

26        Did you file?

27             MS. CHAVEZ:  '12.

28             THE COURT:  2012 -- 2011 or 2012.  After that,

```
 1   they've been filing separately.  And all the other accounts have
 2   been equally divided.  Right --
 3                 MS. OSBORN:  They haven't been divided, but
 4   husband is waiving --
 5                 THE COURT:  They've all been divided -- whatever
 6   accounts each has other than that Chase one has been divided,
 7   and they waive any equalizing payment.
 8                 MS. OSBORN:  Right.
 9                 THE COURT:  And wife will take her student loans
10   and hold all of these awards -- having hold harmless and
11   indemnification clause as to each of them.  Whatever property
12   they're taking, taking whatever -- their obligations, they're
13   accepting, indemnifying, and holding the other harmless.  Okay.
14      The pensions, already discussed and divided; and no
15   equalizing payment, or they're waived if there was one.
16      And that's it.
17                 MS. OSBORN:  The 2,500 --
18                 THE COURT:  The 2,500.
19                 MS. OSBORN:  But the Court was saying that Ms.
20   Chavez was waiving the breach of the fiduciary duties --
21                 THE COURT:  It resolved that.  And the 401K and
22   any of the fiduciary duty argument and --
23                 MS. CHAVEZ:  In regards to the 401K?
24                 THE COURT:  Right.  To resolve all of that,
25   husband has agreed to pay the sum of $2,500, beginning
26   September 6th every Friday in the sum of $125 until paid in full
27   to Chase Account Number 1062.  And he will make sure that that
28   is deposited weekly.  But there was one other -- oh, it was also
```

1   mentioned on Page 2 of Mrs. Chavez's settlement numbers filed

2   October 10th of 2018.  It also included a $728 money judgment

3   that she claimed that husband owed to her, and that resolves

4   that issue, too.

5        So what that leaves is contempt issues that are subject of

6   a jury trial and the health insurance and life insurance as I've

7   laid out to be decided by the Judge in the short court trial and

8   your permanent spousal support, whatever that would be.

9        And I was asked to remind you, Ms. Chavez, that you were to

10  contact a vocational rehabilitation specialist within a certain

11  amount of time, and they don't think you've done that yet.  I'm

12  not saying that you didn't, but, you know, just a reminder.

13               MS. CHAVEZ:  We don't have a -- the support is

14  not pending and --

15               THE COURT:  I'm not asking you to defend about

16  why you -- if you have or haven't done it.  I'm not asking you.

17  But it does occur to me if there -- you know, maybe that -- I

18  don't know what's going to happen on your permanent spousal

19  support hearing and how much you guys can get done when you come

20  back.

21               MS. CHAVEZ:  Okay.

22               MS. OSBORN:  Are we resolving that issue?

23               MS. CHAVEZ:  Yeah.  We -- can we talk after this?

24               THE COURT:  Okay.

25               MS. CHAVEZ:  And then we had another issue that

26  wasn't addressed because it wasn't in the settlement statement,

27  but Ms. Osborn knows it's been an issue for me, and, I guess

28  we -- it was small, and I knew it wasn't going to be resolved

1   today.  I guess we can talk about it at trial, too.  And that's
2   the contribution for the college education for the children.
3                  THE COURT:  Oh, right.  Yeah.  And we didn't talk
4   about that.  I saw that in --
5                  MS. CHAVEZ:  Hers.
6                  THE COURT:  -- some mention in the paperwork, and
7   that's not anything a Court could ever order.  There's nothing
8   that the law provides that a husband can be ordered, as far as I
9   know.  I don't know about the domestic violence problems and
10  whether there's some authority for that.  I don't know.
11                 MS. CHAVEZ:  Yeah.
12                 THE COURT:  That is not anything we resolved here
13  today.
14                 MS. CHAVEZ:  Exactly.  I just want to reserve
15  that to discuss later.
16                 THE COURT:  So, Ms. Osborn, did I leave anything
17  out?
18                 MS. OSBORN:  No.  I was just -- I was just asking
19  Ms. Chavez about the support -- spousal support issue.
20                 THE COURT:  Yeah.
21                 MS. OSBORN:  We are having a trial on that; is
22  that correct?
23                 MS. CHAVEZ:  No.
24                 MS. OSBORN:  Okay.  So then --
25                 THE COURT:  But the life insurance and health
26  insurance kind of relate to spousal support so...
27                 MS. OSBORN:  Okay.  Well, no, just because of
28  preparation and trial brief, I need to know.  So if we're

```
 1   setting spousal support at zero and reserving jurisdiction, then
 2   could we -- can -- is that considered permanent spousal support?
 3                    MS. CHAVEZ:  (Indicating.)
 4                    MS. OSBORN:  That would be my request.
 5                    THE COURT:  I'm not deciding that.  If this --
 6                    MS. OSBORN:  If we have an agreement.
 7                    THE COURT:  If you have an agreement that you're
 8   not going to try the issue of spousal support when you come back
 9   and it's currently set at zero without prejudice to modify.
10                    MS. CHAVEZ:  I just -- I would like to just leave
11   it as you stated earlier because I wasn't prepared to even
12   discuss it or talk about it.  And we can talk about it more
13   after, but I'm not -- it's not --
14                    MS. OSBORN:  It's an issue for trial.
15                    THE COURT:  Yes, it is.  I'm going to finish
16   doing this first.
17                    MS. OSBORN:  Okay.
18                    THE COURT:  And I'll try to help you with that.
19   So as far as what I recited, Ms. Osborn, did I leave anything
20   out?
21                    MS. OSBORN:  I don't believe so.
22                    THE COURT:  All right.  Would you ask your
23   client?
24                    MS. OSBORN:  Yes.
25       Mr. Chavez, do you understand all the terms and agreements
26   we have come to today?
27                    MR. CHAVEZ:  Yes.
28                    MS. OSBORN:  Have you had enough time to discuss
```

1   with myself and/or with the Court all of these items?

2                   MR. CHAVEZ:  Yes.

3                   MS. OSBORN:  And are you in agreement with all of

4   the things we've just now placed on the record?

5                   MR. CHAVEZ:  Yes.

6                   THE COURT:  Okay.  And do you have any questions

7   of me, Mr. Chavez?

8                   MR. CHAVEZ:  No.

9                   THE COURT:  Okay.  And you understand that this

10  is a non-modifiable agreement?  I explained when we met in

11  chambers, this is a written contract, if you will, and so I have

12  a court reporter here, and you have a judge approving this

13  settlement in open court, and because of that, it is a

14  non-modifiable agreement.

15       Do you understand that?

16                  MR. CHAVEZ:  Yes.

17                  THE COURT:  Ms. Chavez, did you hear everything I

18  recited?

19                  MS. CHAVEZ:  (Nodded head.)  Yes.

20                  THE COURT:  Did I do it correctly?

21                  MS. CHAVEZ:  Yes.  Except for the part that I

22  objected to.

23                  THE COURT:  And you made your objection on the

24  record.

25                  MS. CHAVEZ:  Yes.

26                  THE COURT:  That was a decision I made when I was

27  sitting here.  So that wasn't part of your settlement.  I

28  thought it was, but it turns out it wasn't, but that's okay.  So

```
 1    I made the call, and I think the record reflects that.
 2                 MS. CHAVEZ:  Okay.
 3                 THE COURT:  But otherwise, is this your
 4    agreement?
 5                 MS. CHAVEZ:  Yes.
 6                 THE COURT:  Have you had enough time to think
 7    about this and consider all these terms and conditions?
 8                 MS. CHAVEZ:  Yes.
 9                 THE COURT:  Okay.  And do you have any questions
10    of me about it at this time?
11                 MS. CHAVEZ:  No.
12                 THE COURT:  Okay.  And do you understand that
13    this is a non-modifiable agreement because it's a settlement
14    entered into in open court and approved by a judge?
15                 MS. CHAVEZ:  Yes.  In regards to all the issues
16    minus the status issue.
17                 THE COURT:  Right.  I -- right.  Very clear.
18    Okay.  We call it 664.6.  That's another section in the Code of
19    Civil Procedure which -- yeah.  And so it's clear I made that
20    call on the status.
21                 MS. CHAVEZ:  Okay.
22                 THE COURT:  That wasn't your agreement.
23                 MS. CHAVEZ:  Okay.
24                 THE COURT:  Okay.
25                 MS. CHAVEZ:  Okay.
26                 THE COURT:  All right.  Ms. Osborn, will you
27    prepare the paperwork for this hearing today?
28                 MS. OSBORN:  Yeah.  Yes.
```

 1                    THE COURT:  Will you send a copy to Ms. Chavez?

 2                    MS. OSBORN:  Yes.

 3                    THE COURT:  If you have not received her

 4      signature on it with approval as to form and content within five

 5      days, then if you send it to me directly, as long as it matches

 6      my minute order and the transcript, I will sign it.

 7                    MS. OSBORN:  Okay.

 8                    THE COURT:  If you have things that she writes in

 9      there incorrectly, do a cover letter that says I disagree with

10      this because that isn't what we said, then I'm not going to sign

11      it if I get a copy of your letter, too.

12                    MS. CHAVEZ:  Okay.

13                    THE COURT:  Okay?

14                    MS. CHAVEZ:  Okay.

15                    THE COURT:  All right.  Thank you very much.

16                    MS. CHAVEZ:  Thank you for everything.

17                    THE COURT:  You're welcome.

18         You made a lot of progress today.  You made a lot, a lot of

19      progress.  It was an honor to do this, and I enjoy working with

20      all of you.  And I wish you all the best of luck.

21                    MS. CHAVEZ:  Thank you.

22                    MS. OSBORN:  Will the Court be around for a few

23      more minutes if we have an agreement?

24                    THE COURT:  Talk off the record, and I'll sit

25      here.  You want the court reporter to stay here?

26                    MS. OSBORN:  If you don't mind.

27                    (Whereupon proceedings concluded.)

28                              ---o0o---

```
 1   STATE OF CALIFORNIA        )
                                )   ss.
 2   COUNTY OF SAN JOAQUIN      )

 3

 4         I, VANESSA R. CLAYTON, Official Court Reporter

 5   of the Superior Court of the State of California, do hereby

 6   certify:

 7         That I was present in the Superior Court, County of

 8   San Joaquin, State of California, at the hearing of the

 9   above-entitled matter; that at said time and place, I took down

10   in shorthand notes all the testimony given and proceedings had;

11   that I thereafter caused said shorthand notes to be transcribed

12   into longhand typewriting by computer-aided transcription, the

13   above and foregoing being a full, true, and correct transcript

14   of all testimony taken and proceedings had.

15

16

17

                _____
18              VANESSA R. CLAYTON, C.S.R. No. 13112, CCRR

19

20

21

22

23

24

25

26

27

28
```

## SESSIONS

**VOLUME 1**

Wednesday, August 21, 2019
Afternoon Session                    v1:4

**$**

**$1,300,000** 15:5
**$125** 19:26
**$2,500** 19:25
**$400** 15:5
**$630.59** 12:28
**$7,000** 12:24
**$728** 20:2

**-**

**---o0o---** 3:6 25:28

**1**

**10** 10:6
**1031** 11:26,28
**1062** 13:25 19:27
**10th** 20:2
**12** 18:27
**12:00** 11:3
**15th** 6:21 7:10
**18** 16:28 17:6
**1808** 11:19
**1:30** 11:3,4

**2**

**2** 20:1
**2,500** 13:7,12,14,26
14:3,4 19:17,18
**20** 18:25
**2001** 6:21,22 7:11
**2009** 12:24
**2011** 11:14 18:28
**2012** 6:27 7:14 11:9
18:28
**2013** 4:21
**2018** 20:2

**2019** 3:3
**21** 3:3
**21st** 6:27 7:14 11:9
**22nd** 4:21 6:20
**26** 16:26

**3**

**300,000** 15:4

**4**

**4** 3:4
**401K** 12:28 13:3,10
19:21,23

**5**

**5405** 11:12
**59,596.21** 12:16
**5th** 6:22 7:11

**6**

**664.6** 24:18
**6th** 13:27 18:2 19:26

**7**

**79,754** 12:13

**A**

**Absolutely** 8:4
**accepting** 19:13
**account** 13:23,25 14:1,
2 19:27
**accounts** 13:21 19:1,6
**addition** 15:3,11
**addressed** 14:19,21
20:26
**AFTERNOON** 3:4
**Agbayani** 7:25 8:16
14:13,15 15:13,18

**17:13**
**age** 5:24 16:26,28
**agree** 6:24,26 7:5,9,14
8:8 11:13,15 13:2
18:18,21
**agreed** 11:6,10 12:16,
25 19:25
**agreement** 6:14 10:9
13:24 14:17 15:7 16:20
22:6,7 23:3,10,14 24:4,
13,22 25:23
**agreements** 22:25
**agrees** 12:4
**ahead** 9:21
**Alameda** 4:27 5:12,15
6:20 7:3
**allowed** 18:9
**America** 12:14,23
**American** 12:14
**amount** 20:11
**amounts** 15:8,11
**and/or** 16:16 23:1
**apologize** 8:21
**appeal** 9:10
**approval** 25:4
**approved** 24:14
**approving** 23:12
**argument** 19:22
**arguments** 18:9
**arisen** 5:28
**Ashland** 11:16
**assets** 6:10
**assignment** 13:28
**assistant** 4:6
**assuming** 15:26
**attorney** 4:6 14:6
**attorney's** 14:5,9,10
**attorneys** 14:8
**August** 3:3 4:21 6:20

**authority** 21:10
**awarded** 13:3,9,16,18,
19
**awards** 19:10
**aware** 17:21

**B**

**back** 7:23 9:17,19,27
11:2 20:20 22:8
**Bank** 12:14,23
**based** 7:19 15:26
**basis** 13:26
**bear** 14:5
**bearing** 14:8
**beginning** 13:27 19:25
**belief** 6:2
**beneficiaries** 15:23
16:16
**beneficiary** 15:22 16:6
**bifurcation** 8:8,23 9:26
17:21
**big** 13:2
**breach** 19:20
**break** 11:3
**breakdown** 5:27

**C**

**C-O-D-Y** 4:7
**Caleb** 11:20 12:1
**California** 5:6
**call** 11:25 24:1,18,20
**card** 12:14,15
**carved** 8:1
**carving** 9:18
**cash** 13:21
**caused** 5:27
**CCP** 12:20
**chambers** 10:5,12

Case 2:22-cv-01431-TLN-KJN   Document 1   Filed 08/12/22   Page 77 of 134
RUDOLFO CHAVEZ vs LEAH CHAVEZ                    Vol 1 August 21, 2019
FL-DWC-2014-0005424                              Index: change..exists

23:11

**change** 10:2

**changed** 18:12

**Chase** 13:23,24 19:6,
27

**Chavez** 4:5,7,15,16,21,
22,23,26 5:1,4,8,16,19,
22,25 6:1,5,8,16,23,28
7:2,4,8,12,16,20,24,28
8:3,5,13,20 9:3,7,14,23,
28 10:4,22 11:2,4,16,21
12:20 13:5,9,11 14:6,
22,25,28 15:2,12,14,17,
25 16:5,11,15,16 17:14,
17,19,24,26 18:2,7,14,
27 19:20,23 20:9,13,21,
23,25 21:5,11,14,19,23
22:3,10,25,27 23:2,5,7,
8,16,17,19,21,25 24:2,
5,8,11,15,21,23,25
25:1,12,14,16,21

**Chavez's** 20:1

**child** 5:23 14:12 15:11
16:28

**children** 5:21 15:23
16:16,21,22,23,25 21:2

**Circle** 11:20

**Citi** 12:15

**Civil** 24:19

**claimed** 12:11,12 20:3

**clarify** 16:18

**clause** 19:11

**clear** 11:27 24:17,19

**clerk** 4:10 10:13,17,21

**client** 4:19 15:28 16:15
22:23

**close** 10:6

**Code** 24:18

**Cody** 4:7

**collectible** 12:12

**college** 21:2

**communication** 10:26

**community** 12:10,11
13:21

**company** 15:4

**comparable** 16:24,27

**comprised** 12:14

**concluded** 25:27

**conditions** 24:7

**conduct** 10:23

**conducted** 10:14

**conference** 4:4 9:17

**conferences** 10:23

**considered** 22:2

**contact** 20:10

**contempt** 8:16 15:1
20:5

**content** 25:4

**continue** 15:21,22
16:21 17:5

**contract** 23:11

**contribution** 21:2

**conversations** 15:27

**copays** 17:1

**copy** 25:1,11

**correct** 6:22 7:15 11:25
21:22

**correctly** 23:20

**cost** 15:10

**counsel** 9:9

**counseling** 6:3

**County** 4:27 5:3,10,12
6:20 7:3,6

**couple** 9:25

**court** 4:3,17 5:13,17,18
6:3,19,24 7:1,5,6,9,13,
17,18,22,26 8:1,4,12,
14,17 9:1,6,9,12,16,24
10:2,3,5,11,15 11:28
12:3,6,9 13:7,10,12
14:9,24,26 15:1,16,18
16:1,3,6,12,17,19 17:5,
16,18,23,25 18:1,5,8,
15,16,28 19:5,9,18,19,
21,24 20:7,15,24 21:3,
6,7,12,16,20,25 22:5,7,

15,18,22 23:1,6,9,12,
13,17,20,23,26 24:3,6,
9,12,14,17,22,24,26
25:1,3,8,13,15,17,22,
24,25

**cover** 17:7 25:9

**credits** 11:24

**custody** 14:12

---

### D

**dad** 17:11

**date** 3:2 6:19,25,26
7:10,14 9:12,13 11:8,17
12:22,28 15:13 18:1,20

**days** 25:5

**debt** 8:9 12:10,11,12,
16,23

**debts** 6:10 12:19,25

**decided** 14:12,13
17:10 20:7

**deciding** 22:5

**decision** 14:14 23:26

**declaration** 6:10

**deductibles** 17:2

**defend** 20:15

**dental** 16:22

**deposit** 14:2

**deposited** 19:28

**deposits** 13:26

**Depot** 13:16

**describe** 10:12

**desire** 6:6

**Diego** 11:12

**differences** 5:26,28
7:19

**dire** 4:19

**directly** 25:5

**disagree** 25:9

**disclosures** 6:11

**discovery** 6:9

**discuss** 21:15 22:12,28

**discussed** 19:14

**discussions** 13:1

**dispute** 6:25 12:10
13:2 15:8

**disputed** 7:13 11:11

**dissolution** 4:22 7:19
8:6,26 9:3,4,21 14:25
17:27

**dissolved** 8:15

**divided** 18:21 19:2,3,5,
6,14

**divorce** 17:27

**divorced** 6:7

**domestic** 21:9

**due** 8:6 12:12

**duly** 17:25

**duties** 19:20

**duty** 19:22

---

### E

**earlier** 22:11

**early** 11:14

**education** 21:2

**employer** 15:10

**employment** 16:24

**end** 8:26 9:1,4

**ending** 13:25

**enjoy** 25:19

**entered** 10:25 24:14

**equalizing** 19:7,15

**equally** 19:2

**evidence** 12:18

**exceeded** 12:22

**exception** 18:8

**exchange** 11:26,28

**excuse** 16:14 17:19

**exists** 14:1 15:21

explained 16:12 23:10

Express 12:14

---

**F**

fact 8:6 12:18 17:27

factors 8:24

father/husband 17:1

fees 14:5,9,10

fiduciary 19:20,22

file 4:21 18:26

filed 5:10,14 6:20 7:3 18:25 20:1

filing 9:10 19:1

final 6:10 14:16,21,24 17:13

finish 22:15

form 25:4

fourth 5:23

Friday 13:27 19:26

full 12:26 13:28 14:3 19:26

fully 8:23

fund 13:16,18

furnishings 18:22

furniture 18:22

---

**G**

give 4:12

God 4:14

good 7:17 16:19 17:8

grandmother 11:14,21

grant 7:18 8:14 9:21

granted 9:4

granting 18:5

grown 13:1

guess 6:17 20:27 21:1

guys 20:19

---

**H**

hand 4:11

happen 9:26 20:18

harmless 19:10,13

head 23:19

health 7:27 8:18 9:4,8, 19 14:18 16:20 17:11 18:10 20:6 21:25

hear 9:21 23:17

hearing 14:16,20,23 20:19 24:27

held 4:4

hit 17:6

hits 16:28

hold 19:10

holding 19:13

home 11:15,17 13:16

honor 5:11 7:20 17:19 25:19

household 18:22

husband 11:23 12:11 13:3,5,9,13,16,18,19,25 14:7 15:3,9 16:21 18:18,19 19:4,25 20:3 21:8

husband's 11:22 15:7

---

**I**

included 20:2

including 18:23

incorrectly 7:10 25:9

indemnification 19:11

indemnifying 19:13

Indicating 22:3

ING 15:4

inherited 11:14,20

initiated 12:21

insurance 7:27 8:2,7, 18,24,27 9:2,5,6,7,8,19

---

10:1 14:18 15:2,7,9,20, 27 16:20,22 17:7,8,11, 14 18:10 20:6 21:25,26

insured 15:28 16:3,4, 15

interest 13:1 14:3

irreconcilable 5:26 7:19

irremediable 5:27

issue 8:2,18,27 11:11 12:27 20:4,22,25,27 21:19 22:8,14 24:16

issues 7:21 8:7,9,11 9:15 13:15 14:26,27 15:1 20:5 24:15

items 23:1

---

**J**

January 6:21,22 7:10, 11

Joaquin 5:2,10 7:6

job 17:6

Jr 16:28

judge 6:13 7:24 8:16 13:6 14:13,15 15:13,18 17:12 20:7 23:12 24:14

judgment 20:2

June 5:24 6:27 7:14 11:9

jurisdiction 5:17 7:6 22:1

jury 8:17 20:6

---

**K**

K-A-S-I-E 4:7

K-U-E-H-N-E 12:27

Kasie 4:6

kids 17:15

kind 6:14 21:26

knew 20:28

Kuehne 12:27

---

**L**

laid 20:7

largely 10:18

law 21:8

lawsuits 12:21

lawyer 10:19

lay 8:18 11:6

Leah 4:5

leave 9:28 21:16 22:10, 19

leaves 20:5

left 10:9

letter 25:9,11

life 8:2,18,26 9:2,6,7,19 14:18 15:2,7,8,9,20,27 17:14 18:10 20:6 21:25

limitations 12:19

Lincoln 15:5

listed 4:24 6:20

loan 11:22

loans 17:7 19:9

Lofthus 6:13

long 15:8 16:23,24,26 17:5 25:5

longer 5:9

Lorenzo 11:15

lot 12:10 25:18

luck 25:20

lunch 11:3

Lupe 10:17

---

**M**

made 9:11 17:23 18:16 23:23,26 24:1,19 25:18

maintain 15:21 16:21, 22

maintains 15:4

**majority** 5:24

**make** 13:26 18:9 19:27

**makes** 13:14

**making** 17:1

**Maria** 11:12,21

**market** 15:15

**marriage** 4:4 5:21,27, 28 6:3,7,19,22 7:10,19 11:18 12:24

**matches** 25:5

**matter** 4:13,25 6:15 9:24 14:6 18:11

**matters** 5:18

**Meaning** 5:27

**means** 6:4

**medical** 16:22

**meet** 10:24

**meeting** 6:13 11:2

**mention** 21:6

**mentioned** 20:1

**met** 10:16 11:4,5 23:10

**mind** 6:11 25:26

**minor** 5:21

**minority** 15:24

**minors** 17:2,3,6

**minus** 24:16

**minute** 10:13,15,27 14:19 25:6

**minutes** 25:23

**mis** 9:8

**mistake** 6:21

**mobile** 11:15,17

**modify** 22:9

**mom** 14:18 16:6,14

**mom's** 17:10

**money** 20:2

**month** 14:7

**months** 5:7,15

**Moore/marsden** 11:24 12:6

**morning** 10:6,12

**motion** 8:22

**move** 10:3

**mutual** 13:24

**N**

**Nagel** 12:28

**named** 15:4

**neighborhood** 12:13

**nodded** 23:19

**non-modifiable** 23:10, 14 24:13

**nonpayment** 12:22

**noted** 17:25

**notice** 9:10

**number** 10:28 19:27

**numbers** 20:1

**O**

**Obamacare** 16:25

**object** 7:21 8:5,7,20,23, 28 9:8,9

**objected** 23:22

**objection** 9:22 17:23 23:23

**obligations** 19:12

**obtain** 18:19

**occur** 20:17

**October** 20:2

**offense** 10:22

**open** 15:15 23:13 24:14

**order** 8:24 9:11 10:3, 13,15,27 14:15 21:7 25:6

**ordered** 21:8

**originated** 4:27

**Osborn** 4:6,19,20,24, 27 5:2,5,9,14,20,23,26 6:2,6,9,17 10:11 11:26 12:2,5,8 15:26 16:2,4,8, 14,18 17:4 19:3,8,17,19 20:22,27 21:16,18,21, 24,27 22:4,6,14,17,19, 21,24,28 23:3 24:26,28 25:2,7,22,26

**owed** 12:17 20:3

**owing** 12:12

**owner** 16:2,9,10,15

**P**

**paid** 13:28 14:3 19:26

**paperwork** 9:25 18:11 21:6 24:27

**parents** 16:25

**part** 13:7,28 23:21,27

**parties** 4:1,9 11:3,15 13:2,23 14:17 18:18,21

**past** 5:7

**pay** 13:27 17:11 19:25

**paying** 13:8

**payment** 13:13 19:7,15

**pays** 15:5,8

**pending** 8:22 14:22 20:14

**pensions** 19:14

**permanent** 14:16 20:8, 18 22:2

**personality** 10:18

**petition** 4:21 5:10,14 6:20 7:3,9

**Petitioner** 4:24 9:10,28

**piece** 11:19,20 12:1

**place** 8:25 10:1

**pocket** 17:1

**point** 10:20

**pol** 16:9

**policies** 15:3,21,27 16:26

**policy** 14:18 15:9 16:15

**Postal** 13:19

**practical** 9:24 14:6 18:11

**precluded** 8:19

**prejudice** 18:9 22:9

**prejudiced** 8:19

**preparation** 21:28

**prepare** 24:27

**prepared** 22:11

**present** 4:1,5 10:21,25

**presented** 12:18

**prior** 11:17

**pro** 4:8

**problems** 21:9

**Procedure** 24:19

**proceed** 8:11

**proceeded** 10:28

**proceeding** 8:8,16

**proceedings** 4:2 12:15 25:27

**proceeds** 13:3

**process** 10:14

**progress** 25:18,19

**properties** 8:10 11:12

**property** 5:18 7:6,21 11:13,16,19,20,22 12:1, 4 13:17,18,20,21 19:11

**propose** 15:16

**purchase** 15:14

**purchased** 11:17

**purposes** 6:26,27

**put** 9:9 10:13

**putting** 12:26

**Q**

**quarterly** 15:6

**questions** 23:6 24:9

Case 2:22-cv-01431-TLN-KJN   Document 1   Filed 08/12/22   Page 80 of 134
RUDOLFO CHAVEZ vs LEAH CHAVEZ                    Vol 1 August 21, 2019
FL-DWC-2014-0005424                              Index: raise..truth

## R

raise 4:11

reach 14:17 15:19,20
16:26

reached 5:24 10:7
16:20

real 11:12,19

received 25:3

recent 14:13

recited 22:19 23:18

record 4:3 9:22 10:11
11:27 12:26 17:20
18:16 23:4,24 24:1
25:24

referenced 13:13

reflects 24:1

rehabilitation 20:10

reimbursements
11:24 12:7,25

relate 21:26

remaining 8:11 9:15

remains 17:10

remember 11:25

remind 20:9

reminder 20:12

reporter 18:16 23:12
25:25

representing 4:7

request 12:25 17:10
22:4

requires 12:21

reserve 21:14

reserving 12:17 22:1

resident 5:5,6,9,12,15

resolution 6:14 7:7 8:9
15:19,20

resolve 5:18 14:26
19:24

resolved 19:21 20:28
21:12

resolves 20:3

resolving 20:22

retirement 13:16,17,19

room 10:20

Rudolfo 4:4,5 16:28

## S

San 5:2,10 7:6 11:12,15

Santa 11:12,21

saved 6:3

school 17:8

section 12:20 24:18

secure 8:2 15:10

send 9:26 25:1,5

separate 11:13,16 12:4
13:17,18,20

separately 19:1

separation 6:25,26
7:14 11:9 12:28

September 13:27 18:2
19:26

Service 13:19

SESSION 3:4

SESSIONS 3:1

set 14:24 22:9

setting 22:1

settled 12:23

settlement 4:4 9:16
10:23 12:26 20:1,26
23:13,27 24:13

settlements 10:7

settles 13:14

Sherwin 13:17

short 20:7

side 10:8,19,24,25
14:5,8

sign 25:6,10

signature 25:4

signed 10:3

sit 25:24

sitting 23:27

slash 11:24

small 20:28

sole 13:17,18,20

solemnly 4:12

sought 12:7

specialist 20:10

split 11:1

spousal 14:15,16,20,
23 18:18,19 20:8,18
21:19,26 22:1,2,8

Stand 4:11

stands 8:25 10:1

started 10:6 11:2,3
12:15

starting 11:4

state 4:12

stated 7:10 8:9 22:11

statement 20:26

status 4:18 7:22 8:6,7,
8,10,14,23,26,28 9:4,
18,21 17:21 18:3 24:16,
20

statute 12:19

stay 25:25

Stockton 11:20

student 17:7 19:9

subject 20:5

submit 7:5

submits 5:17

sufficient 9:20

suggestion 14:17

sum 12:28 13:14 15:4,5
19:25,26

support 14:13,15,16,
20,23,27 15:11 18:18,
20 20:8,13,19 21:19,26
22:1,2,8

sworn 4:9

## T

takes 9:25

taking 19:12

talk 10:28 15:12,13
20:23 21:1,3 22:12
25:24

talked 7:27 11:8 12:9,
20

taxes 18:24

temporary 14:14

term 12:24 15:24 16:11,
13

terminate 6:6

terminated 18:19,20

terms 6:18 22:25 24:7

Terrace 11:12,22

testimony 4:12

thing 11:8,10

things 10:8 11:1,6 23:4
25:8

thought 7:21 23:28

tied 8:7

time 7:18 8:25 10:16
14:11 18:24 20:11
22:28 24:6,10

times 10:17

title 11:23

today 6:7,13,26 8:8,15
9:18,21 10:17,27 11:10
12:15 14:27 18:6 21:1,
13 22:26 24:27 25:18

today's 10:14 18:20

told 7:22 10:23 16:7

transcript 25:6

transferred 5:2,11 7:3

trial 7:25,26 8:11,17,27
9:12,13,27 11:11 14:21,
24 15:13 17:13,27 20:6,
7 21:1,21,28 22:14

truth 4:13,14

RUDOLFO CHAVEZ vs LEAH CHAVEZ
FL-DWC-2014-0005424

turns 23:28

---

**U**

---

ultimate 15:23

understand 7:2 14:28
22:25 23:9,15 24:12

understanding 8:15,
22 13:23

understands 6:18

UPS 16:27

utilize 13:24

---

**V**

---

vehicles 18:23

verbiage 11:25

view 10:20 12:26

vigorously 9:9

violence 21:9

vision 16:22

vocational 20:10

voir 4:19

---

**W**

---

wage 13:28

wait 18:3

waive 6:10 12:25 19:7

waived 10:12 19:15

waiver 10:24,25

waives 11:23

waiving 12:8 19:4,20

wanted 16:18

Wednesday 3:3

weekly 13:26 14:2
19:28

weeks 9:12,13,20,25,
27 14:10 17:28 18:12

wife 11:13 12:4,12,24
13:14 15:7,9,21,22
18:18,20 19:9

wife/mom 14:20

Williams 13:17

working 6:14 11:5
25:19

works 16:27

writes 25:8

written 10:26 14:14
23:11

---

**Y**

---

years 12:21

# EXHIBIT F

FILED
SUPERIOR COURT-STOCKTON **APP-002**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY          STATE BAR NO. | **FOR COURT USE ONLY** |
| NAME **Leah Chavez** | 2019 AUG 26  AM 8: 20 |
| FIRM NAME | |
| STREET ADDRESS **6333 Pacific Ave. #355** | ROSA JUNQUEIRO, CLERK |
| CITY **Stockton**          STATE **CA**    ZIP CODE **95207** | |
| TELEPHONE NO.          FAX NO. | **FELICIA MORENO** |
| E-MAIL ADDRESS | DEPUTY |
| ATTORNEY FOR (name) **In Pro Per** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Joaquin**
STREET ADDRESS: **180 E. Weber Ave.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Stockton, CA 95202**
BRANCH NAME **Family Law Division**

PLAINTIFF/PETITIONER: **Rudolfo Chavez**
DEFENDANT/RESPONDENT: **Leah Chavez**

| [X] NOTICE OF APPEAL    [ ] CROSS-APPEAL (UNLIMITED CIVIL CASE) | CASE NUMBER: **FL2014-5424** |
|---|---|

---

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1. NOTICE IS HEREBY GIVEN that (name): **Leah Chavez**

   appeals from the following judgment or order in this case, which was entered on (date): **8-21-2019**
   
   **rendered, pending entry**

   [ ] Judgment after jury trial

   [ ] Judgment after court trial

   [ ] Default judgment

   [ ] Judgment after an order granting a summary judgment motion

   [ ] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

   [ ] Judgment of dismissal after an order sustaining a demurrer

   [ ] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)

   [X] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)

   [X] Other (describe and specify code section that authorizes this appeal): **Objection to the bifurcation and termination of marital status**
   **Family Code sec. 2337 - bifurcation of marital status; C.R.C. 5.390 - bifurcation; C.C.P. 664.6;**
   **California Constitution article I, section 7 - due process;  U.S. Const. amend. XIV, $ 1 - due process.**

2. For cross-appeals only:

   a. Date notice of appeal was filed in original appeal:

   b. Date superior court clerk mailed notice of original appeal:

   c. Court of Appeal case number (if known):

Date: **August 26, 2019**

| | |
|---|---|
| **Leah Chavez** | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2017]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
**(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**  Save this form 

# EXHIBIT G

1

**Claire Osborn**
**5250 Claremont Avenue, Suite 150**
**Stockton, CA 95207**
**(209) 463-4693 Fax: 463-5729**
**Claire@Osborn.legal**

**Attorney for**
**Rudolfo Chavez,**

FILED

2019 OCT 16 PM 1:42

ROSA JUNQUEIRO, CLERK
**KRISTINA ALCON**
BY_____
DEPUTY

2

3

4

5

6

7

8

9

SUPERIOR COURT OF CALIFORNIA

10

COUNTY OF SAN JOAQUIN

11

12

RUDOLFO CHAVEZ,

13                 Petitioner,

14

vs.

15

LEAH CHAVEZ.,

16

17                 Respondent

Case No.: FL-2014-5424

**SETTLEMENT AGREEMENT PURSUANT**
**TO C.C.P.  664.6**

18      Settlement conference held in chambers.
       **Both parties waive the right to be present when the court met with the other party.**
19      **Court met with each party and or their counsel individually.**
       **On the record with the court reporter present. Parties sworn.**
20

21      1.      **IDENTIFICATION OF PARTIES:** This agreement is made between RUDOLFO
22
               CHAVEZ., hereinafter referred to as "Petitioner," and LEAH CHAVEZ, hereinafter
23
               referred to as "Respondent."
24

25      2.      **DATE OF MARRIAGE:** The parties stipulated the date of marriage on the petition
26             is incorrect and true date is January 5, 2001, and ever since then have been and
27             are husband and wife.
28

SETTLEMENT AGREEMENT PURSUANT TO C.C.P.  664.6 - 1

3. **DATE OF SEPARATION:** The date of separation of the parties is June 21, 2012, for a marriage of eleven years and six months.

IT IS SO ORDERED:

4. **SPOUSAL SUPPORT:** The court terminates its jurisdiction over spousal support from Respondent to Petitioner. The court reserves jurisdiction of spousal support payable from Petitioner to Respondent. Spousal support is currently set at zero ($0.00) without prejudice to modify.

5. **ATTORNEY FEES:** Each party to pay their own attorney fees to date.

6. **REAL PROPERTY:**

Parties stipulated the Respondent is awarded the real properties located at San Diego, CA separate property inherited from her grandmother. Mobile home located at San Lorenzo, CA, separate property purchased prior to marriage and Stockton, CA, separate property inherited from grandmother, with a loan in Petitioner's name and he waives all Moore Marsden credits. There was a 1031 exchange for Caleb property.

7. **HOUSEHOLD FURNISHINGS AND PERSONAL PROPERTY:** All household furniture and furnishings have been divided; whatever each party has in their possession they will keep. This includes any vehicles. Petitioner waives any equalizing payment in any accounts that were or were not divided. Other property the parties are taking is their own obligation and they will hold the other harmless and indemnify the other therefrom.

SETTLEMENT AGREEMENT PURSUANT TO C.C.P. 664.6 - 2

8.    **<u>VEHICLES:</u>**

Each party will be awarded the vehicle(s) and or encumbrances therein in their

own possession and hold the other harmless and indemnify the other therefrom.

9.    **<u>BANK ACCOUNTS:</u>**

Any community property accounts that were cash amounts, each is to keep their

own.

10.    **<u>RETIREMENTS AND PENSION PLANS:</u>**

Petitioner's retirements from Kuehne Nagel 401k worth $630.59 at the date of

separation, Home Depot's 401k at $0 value, Sherwin Williams retirement funds at

$0 value, and UPS post-separation shall be awarded as his separate property. All

proceeds awarded to Petitioner. Petitioner shall pay Respondent $2,500.00 to

resolve any retirement issues and to any of the fiduciary duty arguments as to the

401k. Petitioner is to deposit $125.00 each Friday commencing September 6,

2019 into account ending in #1062. This includes a $728.00 money judgment that

Respondent claims that Petitioner owed her (see Respondent's Statement filed

October 10, 2018)

11.    **<u>OTHER ASSETS:</u>**

(a) If Respondent chooses, she may maintain and continue to pay about $400

quarterly on the two life insurance policies. These policies are through ING

and Lincoln in which Petitioner is the insured and the Respondent is the

current owner and primary beneficiary with the children being the contingent

beneficiaries.

(b) Petitioner shall continue to maintain the children on his medical, dental and

vision insurance until each child reaches the age 26 as long as it is available

SETTLEMENT AGREEMENT PURSUANT TO C.C.P. 664.6 - 3

through his employment and as long as it is comparable with Obama Care and as long as it is comparable to what he has now. Once a child reaches the age of 18 years old, Petitioner will not pay any co-pays, or out-of- pocket expenses or deductibles for that child but he will pay for the minors.

12. **COMMUNITY DEBT AND EXPENSES:**

(a) As to community debt with American Express, Citi Bank and Bank of America, these are old debts that are past the statute of limitation for collections. The Bank of America debt was settled prior to separation. Respondent waives request for reimbursement on these debts totaling approximately $59,596.21.

(b) Respondent will assume her student loans and hold Petitioner harmless and indemnify him therefrom.

13. **ENTIRE AGREEMENT:** This agreement contains the entire agreements of the parties on these matters, superseding any previous agreement between them and pursuant to CCP 664.6. Each party has carefully read this agreement in its entirety and understands each provision of this judgment on stipulated issues.

14. **LEGAL REPRESENTATION:** Husband has been represented in the negotiations and in preparation of this agreement by an independent attorney of his own choosing, Claire A. Osborn of Law Office of Claire Osborn. Wife has represented herself in the negotiations and in preparation of this agreement. The terms of this settlement agreement are fully understood and voluntarily accepted by both parties.

SETTLEMENT AGREEMENT PURSUANT TO C.C.P. 664.6 - 4

**15.**    **AMENDMENT OR REVOCATION:**

This settlement agreement is absolute, unconditional and irrevocable. The entire

agreement is not modifiable by the court.

**16.**    **GOVERNING LAW:**

This settlement agreement shall be construed and interpreted in accordance with

the laws of the State of California.

**17.**    **ENFORCEMENT OF SETTLEMENT AND RESERVATION OF JURISDICTION UNDER C.C.P. §664.6**

The settling parties further agree and hereby jointly request that the court retain

jurisdiction over the parties to enforce the settlement until performance in full of

the terms of the settlement.

///
///
///
///
///
///
///
///
///
///
///
///

SETTLEMENT AGREEMENT PURSUANT TO C.C.P.  664.6 - 5

**BINDING EFFECT OF AGREEMENT:**

This settlement agreement will inure to the benefit of, and be enforceable and binding on the parties, the parties' respective devisees, heirs, personal representatives, assigns, and successors in interest.

The foregoing is agreed to by:

Date: 10/9/19 _____    _____    BY FAX
Rudolfo Chavez
Petitioner / Husband

Dated: 10-7-19 _____   _____    BY FAX
Claire Osborn, Attorney for PETITIONER

Date: 10-7-2019 _____  _____    BY FAX
Leon Chavez
RESPONDENT / WIFE

Approved as conforming to the agreement of the parties:

**IT IS SO ORDERED:**

Dated: OCT 16 2019 _____   **LINDA L. LOFTHUS**
Honorable Linda Lofthus
Presiding Judge of the Superior Court

SETTLEMENT AGREEMENT PURSUANT TO C.C.P. 664.6  -6-

# EXHIBIT H

FILED
SUPERIOR COURT-STOCKTON
**FL-340**

FOR COURT USE ONLY

19 OCT 28 AM 11: 23

ROSA JUNQUEIRO, CLERK

BY _____

DEPUTY

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
| --- |
| Leah Chavez |
| 6333 Pacific Ave. #355 |
| Stockton, CA 95207 |

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* In Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin

STREET ADDRESS: **180 East Weber Ave.**

MAILING ADDRESS:

CITY AND ZIP CODE: **Stockton, CA 95202**

BRANCH NAME:

PETITIONER/PLAINTIFF: **Rudolfo Chavez**

RESPONDENT/DEFENDANT: **Leah Chavez**

OTHER PARTY:

| **FINDINGS AND ORDER AFTER HEARING** | CASE NUMBER: **FL2014-5424** |
| --- | --- |

1. This proceeding was heard

on *(date):*  **August 21, 2019**   at *(time):* **10:00a.m.**   in Dept.: **7C**   Room:

by Judge *(name):*  **Hon. Judge Linda L. Lofthus**   ☐ Temporary Judge   by *(name):*

On the order to show cause, notice of motion or request for order filed *(date):*

a. ☑ Petitioner/plaintiff present          ☑ Attorney present *(name):* Claire Osborn

b. ☑ Respondent/defendant present          ☐ Attorney present *(name):*

c. ☐ Other party present          ☐ Attorney present *(name):*

**THE COURT ORDERS**

2. Custody and visitation/parenting time:   As attached ☐   on form FL-341 ☐   Other ☐   Not applicable ☑

3. Child support:   As attached ☐   on form FL-342 ☐   Other ☐   Not applicable ☑

4. Spousal or family support:   As attached ☐   on form FL-343 ☐   Other ☐   Not applicable ☑

5. Property orders:   As attached ☐   on form FL-344 ☐   Other ☐   Not applicable ☑

6. Attorney's fees:   As attached ☐   on form FL-346 ☐   Other ☐   Not applicable ☑

7. Other orders:   ☑ As attached   ☐ Not applicable

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on *(date):*   at *(time):*   in Dept.:

on the following issues:

Trial is set for September 10, 11, 12, 13, and 17th, 2019

Date: **OCT 2 8 2019**

_Linda L. Lofthus_
JUDICIAL OFFICER

Approved as conforming to court order.

▶ _____

SIGNATURE OF ATTORNEY FOR ☑ PETITIONER / PLAINTIFF ☐ RESPONDENT/DEFENDANT ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. January 1, 2012]

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

www.courts.ca.gov

**FL-347**

| | |
|---|---|
| PETITIONER: Rudolfo Chavez | **CASE NUMBER:** |
| RESPONDENT: Leah Chavez | FL2014-5424 |

## BIFURCATION OF STATUS OF MARRIAGE OR DOMESTIC PARTNERSHIP

**ATTACHMENT TO** ☐ **JUDGMENT (FL-180)** ☑ **FINDINGS AND ORDER AFTER HEARING (FL-340)**
ON COURT'S OWN MOTION

The court grants the request of ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐    to bifurcate and grant a separate trial on the issue of the dissolution of the status of the marriage or domestic partnership apart from other issues. *without prejudice to health insurance and/or other positions Respondent may present at trial*

Date marital or domestic partnership status ends *(specify):* August 21, 2019

### THE COURT FINDS

1. A preliminary declaration of disclosure with a completed schedule of assets and debts and income and expense declaration has been served on the nonmoving party, or the parties have stipulated in writing to defer service of the preliminary declaration of disclosure until a later time.

2. Each retirement or pension plan of the parties has been joined as a party to the proceeding for dissolution unless joinder is precluded or made unnecessary by applicable law.

### THE COURT ORDERS

3.  a.  To preserve the claims of each party in all retirement plan benefits on entry of judgment granting a dissolution of the status of the marriage or domestic partnership, the court makes one of the following orders for each retirement plan in which either party is a participant:

    (1)  A final domestic relations order or qualified domestic relations order under Family Code section 2610 disposing of each party's interest in retirement plan benefits, including survivor and death benefits.

    (2)  An interim order preserving the nonemployee party's right to retirement plan benefits, including survivor and death benefits, pending entry of judgment on all remaining issues.

    (3)  A provisional order on *Pension Benefits—Attachment to Judgment* (form FL-348) incorporated as an attachment to the judgment of dissolution of the status of marriage or domestic partnership *(Judgment (Family Law)*(form FL-180)). This order provisionally awards to each party a one-half interest in all retirement benefits attributable to employment during the marriage or domestic partnership.

  b.  Name of plan:

                                                         **Type of order attached**

                                                        **3a(1)   3a(2)   3a(3)**

                                                         ☐    ☐    ☐

                                                          ☐    ☐    ☐

                                                          ☐    ☐    ☐

      ☐  See attachment 3b for additional plans.

  c.  The moving party must promptly serve on the retirement or pension plan administrator a copy of any order entered under items a and b above and a copy of the judgment granting dissolution of the status of the marriage or domestic partnership (form FL-180).

4.  Jurisdiction is reserved for later determination of all other pending issues in this case.

5.  The court makes the following additional orders as conditions for granting the severance on the issue of dissolution of the status of marriage or domestic partnership. In the case of the moving party's death, the order continues to be binding on that moving party's estate and will be enforceable against any asset, including the proceeds thereof, to the same extent that these obligations would have been enforceable before the person's death.

  a.  ☐  **Division of property**

    The ☐ petitioner ☐ respondent    must indemnify and hold the other party harmless from any ☐ taxes, ☐ reassessments, ☐ interest, and ☐ penalties payable by the other party in connection with the division of the community estate that would not have been payable if the parties were still married or domestic partners at the time the division was made.

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
FL-347 [Rev. July 1, 2012]

**BIFURCATION OF STATUS OF MARRIAGE
OR DOMESTIC PARTNERSHIP—ATTACHMENT
(Family Law)**

Family Code, §§ 2337, 2610;
Probate Code, §§ 100 et seq., 5000 et seq.
www.courts.ca.gov

**FL-347**

| PETITIONER: Rudolfo Chavez | CASE NUMBER: FL2014-5424 |
|---|---|
| RESPONDENT: Leah Chavez | |

**5. b.** ☐ **Health insurance**

Until a judgment has been entered and filed on all remaining issues, the ☐ petitioner ☐ respondent must maintain all existing health and medical insurance coverage for the other party, and that party must also maintain any minor children as named dependents, as long as that party is eligible to do so. If at any time during this period the ☐ petitioner ☐ respondent is not eligible to maintain that coverage, that party must, at his or her sole expense, provide and maintain health and medical insurance coverage that is comparable to the existing health and medical insurance coverage to the extent it is available.

If that coverage is not available, the ☐ petitioner ☐ respondent is responsible for paying the health and medical care for the other party and the minor children to the extent that care would have been covered by the existing insurance coverage but for the dissolution of marital status or domestic partnership, and will otherwise indemnify and hold the other party harmless from any adverse consequences resulting from the loss or reduction of the existing coverage. "Health and medical insurance coverage" includes any coverage under any group or individual health or other medical plan, fund, policy, or program.

**c.** ☐ **Probate homestead**

Until a judgment has been entered and filed on all remaining issues, the ☐ petitioner ☐ respondent must indemnify and hold the other party harmless from any adverse consequences to the other party if the bifurcation results in a termination of the other party's right to a probate homestead in the residence in which the other party resides at the time the severance is granted.

**d.** ☐ **Probate family allowance**

Until a judgment has been entered and filed on all remaining issues, the ☐ petitioner ☐ respondent must indemnify and hold the other party harmless from any adverse consequences to the other party if the bifurcation results in the loss of the rights of the other party to a probate family allowance as the surviving spouse or surviving domestic partner.

**e.** ☐ **Retirement benefits**

Except for any retirement plan, fund, or arrangement identified in any order issued and attached as set out in paragraph 3, until a judgment has been entered on all remaining issues, the ☐ petitioner ☐ respondent must indemnify and hold the other party harmless from any adverse consequences to the other party if the bifurcation results in the loss of the other party's rights with respect to any retirement, survivor, or deferred compensation benefits under any plan, fund, or arrangement, or to any elections or options associated with them, to the extent that the other party would have been entitled to those benefits or elections as the spouse or surviving spouse or the domestic partner or surviving domestic partner of the moving party.

**f.** ☐ **Social security benefits**

The moving party must indemnify and hold the other party harmless from any adverse consequences if the bifurcation results in the loss of rights to social security benefits or elections to the extent the other party would have been entitled to those benefits or elections as the surviving spouse or surviving domestic partner of the moving party.

**g.** ☐ **Beneficiary designation— Nonprobate transfer**

Attachment 5(g), Order Re: Beneficiary Designation for Nonprobate Transfer Assets, will remain in effect for each covered asset until the division of any community interest therein has been completed.

**h.** ☐ **Individual Retirement Account**

Attachment 5(h), Order Re: Division of IRA Under Internal Revenue Code Section 408(d)(6), has been issued to preserve the ability of ☐ petitioner ☐ respondent to defer distribution of his or her community interest on the death of the IRA owner.

**BIFURCATION OF STATUS OF MARRIAGE
OR DOMESTIC PARTNERSHIP—ATTACHMENT
(Family Law)**

**FL-347**

| PETITIONER: Rudolfo Chavez | CASE NUMBER: FL2014-5424 |
|---|---|
| RESPONDENT: Leah Chavez | |

5.  i. ☐  **Enforcement of community property rights**

Good cause exists to make additional orders as set out in Family Code section 2337(c)(9). See Attachment 5(i).

j. ☐  **Other conditions that are just and equitable**

Other:

6.  Number of attachments: _____

> **WARNING:**  *Judgment (Family Law)* (form FL-180) (status only) must be completed in addition to this form for the status of the marriage or domestic partnership to be ended.

**BIFURCATION OF STATUS OF MARRIAGE
OR DOMESTIC PARTNERSHIP—ATTACHMENT
(Family Law)**

# EXHIBIT I

Filed 4/18/22  Marriage of Chavez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re the Marriage of RUDOLFO and LEAH CHAVEZ. | C090325 |
| RUDOLFO CHAVEZ,<br><br>Respondent,<br><br>v.<br><br>LEAH CHAVEZ,<br><br>Appellant. | (Super. Ct. No. STA-FL-DWC-2014-0005424) |

Appellant Leah Chavez appeals from a trial court order bifurcating the issue of marital status and ordering termination of the same. Appellant contends the trial court lacked the authority to "bifurcate and terminate the parties' marital status" on its own motion. In so doing, she argues, the trial court denied her due process right to "notice and . . . opportunity to prepare and argue against bifurcation." We affirm the trial court's order.

1

DISCUSSION

California Rules of Court, rule 5.390(a) states that on noticed motion of a party, using form FL-300, "Request for Order," "the stipulation of the parties, case management, *or the court's own motion*, the court may bifurcate one or more issues to be tried separately before other issues are tried." (Italics added.) Accordingly, the court had the authority to bifurcate and terminate the parties' marital status on its own motion.

Moreover, "[c]onsistent with the legislative policy favoring no fault dissolution of marriage, only slight evidence is necessary to obtain bifurcation and resolution of marital status. On the other hand, a spouse opposing bifurcation must present compelling reasons for denial." (*Gionis v. Superior Court* (1988) 202 Cal.App.3d 786, 790.) Here, appellant objected to the court terminating the parties' marital status because, she argued, it would cause her to lose her health insurance. The court noted they already discussed terminating the parties' marital status at the settlement conference. During that discussion, the court agreed to "carv[e] out the health insurance and the life insurance for when [the parties returned] in two weeks." On this record, we conclude appellant's stated concern failed to present a "compelling reason" for the court not to terminate the parties' marital status.

DISPOSITION

The trial court order bifurcating and terminating the parties' marital status is affirmed.  Respondent is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/
HOCH, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
KRAUSE, J.

3

# EXHIBIT J

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically RECEIVED on 5/31/2022 at 3:01:13 PM

Document 1    Filed

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically FILED on 5/31/2022 by Tao Zhang, Deputy Clerk

**S274537**

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

RUDOLFO CHAVEZ,

Petitioner and Respondent,


v.


LEAH CHAVEZ

Respondent and Appellant.

| |
|---|
| Supreme Court No. |
| Court of Appeal No.   C090325 |
| Superior Court No. STAFLDWC20140005424 |

APPEAL FROM THE SUPERIOR COURT OF

SAN JOAQUIN COUNTY

Honorable Linda L. Lofthus, Judge

---

## PETITION FOR REVIEW

---

After the Unpublished Decision of the Court of Appeal

Third Appellate District


Leah Chavez, Pro Per Respondent and Appellant

6333 Pacific Ave. #355, Stockton, CA 95207

## TABLE OF CONTENTS

**PAGE(S)**

ISSUES PRESENTED ............................................................. ……………..4

NECESSITY FOR REVIEW……...……………………...............................................5

STATEMENT OF CASE AND FACTS ……………….................................................7

ARGUMENT …………………......................................................................9

**I.**  Under C. R.C. 5.390 a trial court is authorized to bifurcate and terminate a parties marital status on "the court's own motion", but did the Court of Appeal err in finding the courts authority under C.R.C. 5.390 to *sua sponte* terminate Appellant's marital status and subsequently deprive Appellant of associated property interest does NOT require providing notice and an opportunity to be heard before terminating this fundamental right?....................................................9

**II.**  Is it a violation of Due Process and the Equal Protection Clause of the United States Constitution for the trial court when bifurcating and terminating marital status and depriving litigants of associated property interests, to do so without providing notice and an opportunity to be heard only to a select group of litigants?………………………………………………………………..…13

**III.** Does the Equal Protection Clause of the United States Constitution protect an African-American litigant, as it does a White litigant, from the government's *sua sponte* termination of their marital status without notice or opportunity to be heard, where the termination was based on implicit racial bias towards the litigant?………………………………………………..…………………...15

**IV.** Did the Court of Appeal lack jurisdiction to base its entire Opinion on issues no party briefed, without requesting supplemental briefing? (G.C. 68081) (C.R.C. 8.500(b)(2).) The issues not briefed were: (1.) did "the trial court lack[] the authority to "bifurcate and terminate the parties' marital status" on its own motion." (Op.P1.); and (2.) "compelling reasons" against bifurcation (Op.P2.)....20

CONCLUSION ………………………………………………………………...24

CERTIFICATION OF WORD COUNT....................................................................24

# TABLE OF AUTHORITIES

**CASES**                                                              **PAGE(S)**

*Gionis v. Superior Court*
    (1988) 202 Cal.App.3d 786………………………………………….. ….23

*In re Marriage of Carlsson*
    (2008), 163 Cal. App. 4th 281…………………………………………..17

*In re Marriage of Siegel*
    (2015) 239 Cal. App. 4th 944………………………………………….5

*In re Marriage of Straczynski*
    (2010) 189 Cal. App. 4th 531………..............................................6

*Marriage of O'Connell*
    (1992) 8 Cal.App.4th 565…………………………………………..6

*Pulver v. Avco Financial Services*
    (1986) 182 Cal. App. 3d 622…………………………………………24

*Spector v. Superior Court*
    (1961) 55 Cal.2d 839…………………………………………………11

*Zablocki v. Redhail*
    (1978), 434 U.S. 374………......………………………………………..11

**STATUTES & RULES**

*California Rules of Court*
    § 5.390…………………………………………………………..…*passim*

*California Rules of Court*
    § 8.504……………………………………………………...…9, 25

*Code of Civil Procedure*
    § 664.6……….…….…..…………………………………………8

**TABLE OF AUTHORITIES**

**(CONTINUED)**

*Family Code*
    § 2337……………………………………………………………..*passim*

*California State Constitution*
    Art. I, sec. 7… … … … … … … … … … … .… … … … … … … … … … … ...*passim*

*U.S. Constitution*
    14th *Amendment, sec 1*……… … … … … … … … … … … … … … .…...*passim*

## OTHER AUTHORITIES

*Miller, Barry A. "Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to Be Heard."*
    San Diego L. Rev. 39 (2002): 253… … … … … … … … … … … … ...22, 24

*Traynor, Roger J. "Some open questions on the work of State Appellate Courts."*
    U. Chi. L. Rev. 24 (1957): 211… … … … .… … … … … … … … … … …22

*Traynor, Roger J. "Quo Vadis, Prospective Overruling: A Question of Judicial Responsibility."*
    Hastings LJ 28 (1976): 533… … … … .… … … … … … … … … … ..…22

*California Chief Justice Appoints New Work Group to Address Bias in Court Proceedings (2020),*
    https://newsroom.courts.ca.gov/news/california-chief-justice-appoint s-new-work-group-address-bias-court-proceedings (last visited May 27, 2022)… … … … … … … … … … … … … … … … … … … … …..…6, 16

TO THE HONORABLE CHIEF JUSTICE, TANI GORRE
CANTIL-SAKAUYE, AND TO THE HONORABLE ASSOCIATE
JUSTICES OF THE SUPREME COURT OF THE STATE OF
CALIFORNIA.

## ISSUES PRESENTED

➤ (I) Under C. R.C. 5.390 a trial court is authorized to bifurcate and
terminate a parties marital status on "the court's own motion", but did
the Court of Appeal err in finding the courts authority under C.R.C.
5.390 to *sua sponte* terminate Appellant's marital status and
subsequently deprive Appellant of associated property interest does
NOT require providing notice and an opportunity to be heard before
terminating this fundamental right?

➤ (II) Is it a violation of Due Process and the Equal Protection Clause of
the United States Constitution for the trial court when bifurcating and
terminating marital status and depriving litigants of associated
property interests, to do so without providing notice and an
opportunity to be heard only to a select group of litigants?

➤ (III) Does the Equal Protection Clause of the United States
Constitution protect an African-American litigant, as it does a White
litigant, from the government's *sua sponte* termination of their marital
status without notice or opportunity to be heard, where the
termination was based on implicit racial bias towards the litigant?

4

➤ (IV) Did the Court of Appeal lack jurisdiction to base its entire
Opinion on issues no party briefed, without requesting supplemental
briefing? (G.C. 68081) (C.R.C. 8.500(b)(2).) The issues not briefed
were: (1.) did "the trial court lack[] the authority to "bifurcate and
terminate the parties' marital status" on its own motion." (Op.P1.);
and (2.) "compelling reasons" against bifurcation (Op.P2.)

## NECESSITY FOR REVIEW

The facts related to the issues in this matter have been fully developed
and are uncontradicted as to the issues presented.   No matter how this Court
decides the issue, it requires resolution because it is of serious legal
importance and there needs to be a definitive answer on the unsettled and
important question of law: Does the authority given the California family
law court under California Rules of Court 5.390 include the authority to
arbitrarily and unilaterally bifurcate and terminate a parties' marital status
(and associated property interests) on "the court's own motion", without first
giving them notice and an opportunity to be heard on the issue?

First, the courts are in conflict right now on how much authority is
given to a California family court to act *sua sponte* within a dissolution
proceeding.   The Court of Appeal ruling creates a conflict with established
California case law regarding *sua sponte* actions and the California and
United States Constitution's guarantee of due process.

On the one hand, courts across the state recognize the family court's
inherent authority to make *sua sponte,* on the "court's own motion",
decisions. On the other hand, courts in California recognize that there is a
limit on the *sua sponte* authority of family courts and have held so in various
cases. (*In re Marriage of Siegel (2015) 239 Cal. App. 4th 944, 953*, citing *In*

5

re Marriage of O'Connell (1992) 8 Cal.App.4th 565, 574 [10 Cal.Rptr.2d 334].) [a dissolution court cannot grant unrequested relief against a party who appears without affording that party notice and an opportunity to respond.]; see also (*In re Marriage of Straczynski (2010) 189 Cal. App. 4th 531,* 538 [the trial court violated party's due process rights when it dismissed a petition for dissolution of marriage for reasons introduced for the first time at the hearing.]

Secondly, there is an extremely important question to be answered which is: whether in the context of bifurcating and terminating "marital status" in specific, does the court's authority under C.R.C. 5.390 require the trial court to provide notice or an opportunity to be heard to an actively involved (not dissolution by default) litigant? Appellant would argue; case law would show, and the U.S. and California Constitutions would support the finding that the family court should be required to provide notice and opportunity to be heard before bifurcating and terminating marital status.

Resolution of the issue of how much *sua sponte* authority family law courts have to bifurcate and terminate a parties' marital status is of vital importance among African-American family law litigants.   Understanding the serious ramifications of racial bias in various facets of the California legal system upon African-Americans, this Court recently formed a work group to address the problem.

On November 4, 2020 Chief Justice Tani Cantil-Sakauye announced the formation of a new work group to address racial bias in court proceedings. ("*California Chief Justice Appoints New Work Group to Address Bias in Court Proceedings.*" (2020), https://newsroom.courts.ca.gov /news/california-chief-justice-appoints-new-work-group-address-bias-court -proceedings.)

Inherent racial bias is a pervasive problem in family law courts and a major social issue in this state.   Considering the impact of legal interaction on the family unit, whether the family law court is required to provide due process to African-American litigant's or can hide behind *sua sponte* decisions in making racially biased rulings is a major problem this Court needs to address.   It's time for this Court to provide judicial guidance through case law decisions which identify avenues that allow implicit bias in judicial decision making, and how to avoid and begin to remove the pathways from infiltrating our court systems.   Appellant calls on this Court to assure ALL litigants are equally provided with due process in the administration of law in family courts and that judicial officers are not allowed to hide behind the inherent authority of the family law court to make unconstitutional and racially biased decisions on "its own motion".

## STATEMENT OF CASE AND FACTS

The uncontradicted facts relevant to the issues presented are that the parties' dissolution trial was scheduled to begin on September 10, 2019 in front of the Honorable Judge Tony J. Agbayani, Jr., the judge "assigned for all purposes" and the judicial officer the parties regularly appeared before. Judge Agbayani thought it would be good if a different judge conducted the settlement conference before trial, so on July 17, 2019 he set a settlement conference before the Honorable Judge Linda L. Lofthus for August 14, 2019 at 10:00 am which was continued on the court's own motion to August 21, 2019 at 10:00 am. (CT25-26.)

The settlement conference began at approximately 10:00 am the morning of August 21, 2019 off the record, in the chambers of Judge Lofthus. (RT10; 5-7.) Present for the settlement discussions were Judge

7

Lofthus, her clerk "Lupe", the parties, Husband's attorney Claire Osborn, and Ms. Osborn's assistant. (RT4: 3-8.)   The parties met off the record together with Judge Lofthus and Lupe, and also separately off the record with Judge Lofthus and Lupe in efforts to negotiate a settlement on specific property issues. (RT10: 5-28; RT11: 1-7.) The settlement discussions were always conducted with the understanding that there were certain issues that would not be resolved at the settlement conference (including the dissolution of marital status), but instead at the trial beginning September 10, 2019. (CT15; RT7: 24-28; RT8: 1-11; RT9: 12-13.)

During the off the record in chambers settlement conference, an agreement between the parties was reached on certain property issues. There was no discussion in chambers about bifurcating and terminating the parties' marital status.

After the settlement conference concluded Judge Lofthus, Judge Lofthus clerk Lupe, the parties, Husband's attorney, and Husband's attorney's assistant then moved into the courtroom specifically to have the parties' settlement agreement read on the record and transcribed by the court reporter in order to satisfy the requirements of California Code of Civil Procedure 664.6. (RT4: 3-16; CT5-6; CT9-14.) Instead, the court *sua sponte* ruled to bifurcate and terminate the parties' marital status immediately after the parties were seated, without notice or an opportunity to be heard being afforded the Appellant before the court ruled.

The court's *sua sponte* ruling terminating the parties' marital status without notice or an opportunity to be heard was recorded in the Findings and Order After Hearing filed on October 28, 2019 attaching Form FL-347. Under C.R.C. 5.390(d)(3) it is required that the filing terminating marital status contain use of the "mandatory" judicial council Form FL-347-BIFURCATION OF STATUS OF MARRIAGE OR DOMESTIC

8

PARTNERSHIP. At the top of page one on Form FL-347 there are preprinted boxes available to check who the requesting party was for the marital status bifurcation trial, the words "Petitioner" and "Respondent" are crossed out and "ON COURT'S OWN MOTION" is inserted. (CT16.)

Under California Rules of Court, rule 8.504(b)(3) Petitioner seeks review of the Court of Appeal Decision affirming the trial court decision, and a Petition for Rehearing was filed and denied by the Third District Court of Appeals.

## ARGUMENT

**I. Under C. R.C. 5.390 a trial court is authorized to bifurcate and terminate a parties marital status on "the court's own motion", but did the Court of Appeal err in finding the courts authority under C.R.C. 5.390 to *sua sponte* terminate Appellant's marital status and subsequently deprive Appellant of associated property interest does NOT require providing notice and an opportunity to be heard before terminating this fundamental right?**

The Court of Appeal erred in finding that California Rules of Court 5.390 authorizes trial courts to bifurcate and terminate parties' marital status without first providing notice and opportunity to be heard.   Family Code 2337 requires that bifurcation and termination may only be granted "upon noticed motion" which in turn requires the mandatory use of Form FL-315 to reply to the request for bifurcation providing litigants an initial and automatic opportunity to be heard.   To think that such a drastic split would be found between the California Rules of Court and the Family Code, where the C.R.C. would authorize courts to make such a serious determination as to

9

end a marital union and deprive litigants of associated property interests without prior notice or an opportunity to be heard is illogical. The courts and people of this state deserve clarification from the California Supreme Court on bifurcation of marital status under **C.R.C. 5.390**, because as it stands and is interpreted by the Court of Appeal this statute violates the United Stated Constitution and is invalid.

The facts of the present case are that the trial court, without prior notice or opportunity to be heard in presenting arguments against bifurcation or for conditions of bifurcation, made the decision to bifurcate and terminate the parties' marital status on the spot from the bench. (RT4: 1 - RT7: 19.) The court clearly stating for the record: "That was a decision I made when I was sitting here. So that wasn't part of your settlement. I thought it was, but it turns out it wasn't, but that's okay. So I made the call, and I think the record reflects that." (RT23:26 – RT24:1.)   Judge Lofthus then went on to state again on the record that she was maintaining her decision to *sua sponte* terminate the parties' marital status stating:   "so it's clear I made that call on the status… That wasn't your agreement." (RT24: 19-22.)

The Court of Appeals erred in finding that California Rules of Court 5.390 authorizes the trial court to bifurcate and terminate a parties' marital status without due process of law.   Under both the United States and the California Constitutions what the trial court did in bifurcating and terminating Appellant's marital status without prior notice or an opportunity to be heard was a clear violation of due process.

> *United Stated Constitution, amendment XXIV, section 1, in part:*
> "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

//

10

*California Constitution article I, section 7, in part:*
"…A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws…"

"It is a cardinal principle of our jurisprudence that a party should not be bound or concluded by a judgment unless he has had his day in court. This means that a party must be duly cited to appear and afforded an opportunity to be heard and to offer evidence at such hearing in support of his contentions.   His right to a hearing does not depend upon the will, caprice or discretion of the trial judge who is to make a decision upon the issues.   An order or judgment without such an opportunity is lacking in all the attributes of a judicial determination. [Citations.] Refusal to permit counsel ... to present evidence and make a reasonable argument in support of his client's position [i]s not a mere error in procedure. It amount[s] to a deprival of a substantial statutory right...." (*Spector v. Superior Court (1961) 55 Cal.2d 839, 843-844 [13 Cal.Rptr. 189, 361 P.2d 909]*.)

Marriage (and its associated property interest) is a fundamental right, and for the state statute C.R.C. 5.390 to authorize "on the court's own motion" termination of marital status without prior notice or an opportunity to be heard, clearly makes the statute void as it violates both the 14th Amendment of the United States Constitution and Article I, Section 7 of the California Constitution.

Justice Marshall writing for The United States Supreme Court wrote about marriage as a fundamental right in *Zablocki*, stating that "(w)hen a statutory classification significantly interferes with the exercise of a fundamental right, it cannot be upheld unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests." (*Zablocki v. Redhail (1978), 434 U.S. 374, 388*.)

11

The actions of the lower court and the Court of Appeal's interpretation of C.R.C. 5.390 to allow courts to bifurcate and terminate marital status (and its associated property interest) without notice or an opportunity to be heard, interferes with the exercise of a fundamental right – marriage, and is not supported by "sufficiently important state interests and is [not] closely tailored to effectuate only those interests". (*Id.*) The right to marry and exercise the right to remain married is a fundamental right. Any governmental regulation that affects the ability to form, maintain, dissolve, or resolve conflicts within a family is subject to rigorous judicial scrutiny. (*Zablocki, Id.*)

*Sua sponte* bifurcation and termination of an individuals' marital status without notice or opportunity to be heard under California Rules of Court 5.390(a) is an issue that needs to be reviewed under the strict scrutiny standard, and would undoubtedly fail such review.   The court taking away such bedrock due process rights as notice and an opportunity to be heard, before terminating a marital union, is not narrowly tailored to the states interest in the judicious dissolution of marital unions.

Additionally, Form FL-315 Request or Response to Request for Separate Trial is a "mandatory" use form used when a party is requesting bifurcation and termination of marital status, which contains important information on rights responsibilities of the parties and provides for the non-requesting party an opportunity to be heard and to request conditions of bifurcation.   Because the court terminated Wife's marital status "on its own motion" the mandatory judicial council was not required and Wife did not have this opportunity to be heard; time to research; and could not benefit from the important legal statement on page one, which reads: "NOTE: A request for an early termination of your marital or partnership status may have a significant impact on your rights or responsibilities in your case. If

12

you do not understand this form, you should speak with an attorney." *Wife was not given the opportunity to consult counsel* before the lower court terminated her marital status, which additionally served to deprive Wife of life, liberty, or property without due process of law.

An associated right under C.R.C. 5.390(d)(2) and F.C. 2337 is the right to request conditions of bifurcation of marital status (also found on mandatory use Form FL-315, which is required in response to a request for bifurcation of marital status by a party; along with mandatory use Form FL-347 which contains the orders as the court decides after bifurcation is granted.) One such F.C. 2337 condition is the constitutionally protected marital right of a spouse's property interest in their marital *health insurance* coverage. (*United States Constitution, amendment XXIV, section 1.*) Appellant Wife's health insurance is not only listed under F.C. 2337, but it is protected as part of the fundamental rights of marriage and requires due process before depriving Appellant of this important property interest; the court's interpretation of C.R.C. 5.390 conflicts with her fundamental rights by not providing due process *before* termination.

Interpretation of C.R.C. 5.390 to authorize trial courts to arbitrarily bifurcate and terminate marital status without notice or opportunity to be heard is a violation of both the *California Constitution article I, section 7* and *United States Constitution, amendment XXIV, section 1*

**II. Is it a violation of Due Process and the Equal Protection Clause of the United States Constitution for the trial court when bifurcating and terminating marital status and depriving litigants of associated property interests, to do so without providing notice and an opportunity to be heard only to a select group of litigants?**

Family Code 2337 authorizes a court to bifurcate and terminate marital status "upon noticed motion"; C.R.C. 5.390 also authorizes bifurcation and termination of marital status with notice; however it adds that on the "court's own motion" it may bifurcate and terminate marital status without notice or an opportunity to be heard (as interpreted by the Third District Court of Appeal in this matter).   This interpretation of C.R.C. 5.390 to authorize California courts to *sua sponte* on the "court's own motion" bifurcate and terminate marital status <u>without</u> notice or opportunity to be heard before ruling violates Due Process and Equal Protection guarantees as it relates to marriage and the associated property rights (such as marital health insurance coverage), including that it separates out groups of individuals for different treatment based arbitrarily on who is subject to bifurcation and termination of the fundamental right of marital status on the "court's own motion" versus those individuals subject to bifurcation and termination on the motion of a party.

GROUP 1: Subject to bifurcation and termination on "court's own motion" =
- No due process required (no notice or opportunity to be heard)

GROUP 2: Subject to bifurcation and termination on "motion of a party" =
- Due Process required (notice an opportunity to be heard required)

Why would litigants be put in Group 1 to have their rights stripped? Married individuals not subject to *sua sponte* bifurcation retain their due process rights and are given notice and an opportunity to be heard and an opportunity to consult counsel, <u>*before*</u> termination of their marital status; whereas those subject to *sua sponte* bifurcation and termination of marital status on "court's own motion" do not.

14

A problematic factor associated with the current interpretation of C.R.C. 5.390 is "who" the court decides to put in the group assigned to lose their due process rights? With the interpretation of C.R.C. 5.390 as affirmed by the Court of Appeal, California Judges are allowed unfettered discretion to arbitrarily pick and chose who is denied due process rights and put in "GROUP 1".   There are no requirements either in determining when the court will act upon this power or who the court will choose to deny their due process rights to, so judicial bias has a clear path under this statute.   The court if it so chooses can decide to put only Black citizens in GROUP 1, with no questions asked.   A litigant can innocently show up for court ready to discuss settlement and be ambushed by the court terminating their marital status and denying their due process rights and day in court - out of the blue, as happened to Appellant.   The Court of Appeal interpretation of C.R.C. 5.390 contains both due process and clear equal protection violations.

**III. Does the Equal Protection Clause of the United States Constitution protect an African-American litigant, as it does a White litigant, from the government's *sua sponte* termination of their marital status without notice or opportunity to be heard, where the termination was based on implicit racial bias towards the litigant?**

The Court of Appeal erred in not addressing the pivotal issue of the violation of due process rights the Appellant argued in her brief.   If the judicial system in this state ever wants to rectify the system of implicit and inherent bias in the California legal system, it has to cut off the unnecessary and unconstitutional avenues for it to infiltrate the legal system under the radar.

The United States of America is currently dealing with a racial reckoning, which includes dealing with implicit and inherent racial bias in the legal system.   On November 4, 2020 California Supreme Court Chief Justice Tani Cantil-Sakauye announced the formation of a new work group to address racial bias in court proceedings. ("*California Chief Justice Appoints New Work Group to Address Bias in Court Proceedings.*" (2020), https://newsroom.courts.ca.gov/news/california-chief-justice-appoints-new-work-group-address-bias-court-proceedings.)   Appellant also believes it is time to look at racial bias in the entire legal system, including the family law courts in California. The effect that legal decision making has on the day to day life of African-Americans in this state and in this country is massive. And one of the largest points of contact with the legal system for average Black-Americans is with the family law courts.   It is time to deal with the implicit and inherent racial bias in our family law courts.

Appellant is an African-American woman who was married to a Mexican-American man, and the trial court judge is a White woman (Judge Linda L. Lotfhus).   Appellant showed up for court ready to attend a settlement conference between her and her Husband. They were scheduled to discuss financial issues and then about two weeks later have their dissolution trial for resolution on all remaining issues.   Implicit bias lead Judge Lofthus to take the *sua sponte* action of bifurcating and terminating Appellant's marital status, without any notice to Appellant, only two weeks before the dissolution trial was set to begin. There was absolutely no reason for bifurcation (an "early trial" on the issue) of marital status, because as stated the dissolution trial was only two weeks away.   Appellant's dissolution matter was assigned to Judge Agbayani for all matters, but Judge Lofthus conducted the final settlement conference.   Appellant had never appeared before Judge Lofthus before the day of the settlement conference, where the

judge without providing notice or an opportunity to be heard bifurcated and terminated Appellant's marital status out of hand. (RT4: 1 - RT7: 19.)

In the classic use of the word "prejudice" the court in the instant case, prejudged Appellant's case in violation of her procedural and substantive due process rights.   The court in *Carlsson* citing *Hanson* stated in one sense "The term `due process of law' asserts a fundamental principle of justice which is not subject to any precise definition but deals essentially with the denial of fundamental fairness, shocking to the universal sense of justice." [Citation.] "`The trial of a case should not only be fair in fact, but it should also appear to be fair.' [Citations.] A prime corollary of the foregoing rule is that `***A trial judge should not prejudge the issues*** but should keep an open mind until all the evidence is presented to him". (*In re Marriage of Carlsson (2008), 163 Cal. App. 4th 281, 291.*). (*Italics, bold, and underline added.*)

Judge Lofthus clearly "prejudged" the issue of bifurcation and termination of marital status, because no testimony was given before the court made its ruling, with the court stating for the record: "That was a decision I made when I was sitting here. So that wasn't part of your settlement. I thought it was, but it turns out it wasn't, but that's okay. So I made the call, and I think the record reflects that." (RT23:26 – RT24:1.) Judge Lofthus clearly prejudged the Appellant's matter and the bifurcation and termination of marital status issue, and absolutely denied Appellant her day in court and was confident in doing so.   Why?

Appellant had been actively involved in the litigation of her dissolution since the beginning and was preparing for her dissolution trial, which included the issue of marital status.   Appellant should have been afforded the same rights to complete the litigation process and have her day in court that every other White litigant is given.   Instead Appellant was dismissed out of hand, when the court without notice or an opportunity to be

heard pulled the rug from under her and terminated her marital status violating her right to due process and equal protection of the laws.

The Court of Appeal is complicit in the unfair and bias treatment of Black and minority litigants, when it summarily denies arguments that raise due process concerns.   It appeared the family court knew its decision would not be properly reviewed by the Court of Appeal, because Appellant was but one litigant (with no legal representation and a Hispanic surname) complaining about a due process violation.   And then there is the all but certainty that the California Supreme Court will not review, thereby allowing a racially biased decision to stand and denying minority litigants their due process rights as an everyday occurrence with no repercussions and no readily available avenue of redress.

There is no doubt that a similarly situated White litigant would have had their day in court, especially considering the trial was only two weeks away and bifurcation and termination was not necessary nor was it part of the parties' settlement agreement. The trial court judge was forthright in stating on the record that bifurcation and termination of marital status was not agreed upon by the parties but was her decision: "That was a decision I made when I was sitting here. So that wasn't part of your settlement. I thought it was, but it turns out it wasn't, but that's okay. So I made the call, and I think the record reflects that." (RT23:26 – RT24:1.)   Judge Lofthus then went on to state again on the record that she was maintaining her decision to *sua sponte* terminate the parties' marital status:  "so it's clear I made that call on the status… That wasn't your agreement." (RT24: 19-22.)   Not only was this a racially condescending statement, but the judge "prejudged" the matter and terminated Appellant's marital status without giving Appellant an opportunity to prepare and argue against bifurcation – in other words Appellant was denied her day in court.   The court unilaterally terminated the

18

marital status of an actively involved litigant and refused Appellant her day in court, because Appellant was a Black woman and the court could take this action as a matter of course.   This would never have happened had Appellant been White.

During discussions in chambers there were comments made by the court, though never overtly containing racial bias, they were made with implicit racial bias.   The courts comments made Appellant feel uncomfortable and as though the court was belittling Appellant, something that would not have been done to a similarly situated White litigant.

The fact that Appellant's marital status was unilaterally terminated without notice or hesitation, and in such a manner that in and of itself demonstrates an action that should be viewed with heightened scrutiny, should lead an observer to question what implicit bias would lead a court of law to take such a serious action directly antithetical to the constitutional guarantees of procedural and substantive due process as they relate to the fundamental right of marriage and its associated rights.

Given the speed with which the family court judge made the decision and fact there was no opportunity for Appellant to present argument, there obviously was no opportunity for the court to do the minimal amount of reflection on arguments made which is part of standard legal decisions.   The court had no time for meaningful reflection, there was no discussion, there were no finding of facts or opportunity for Appellant to ask for conditions of bifurcation to protect Appellant and her children as is her right (F.C. 2337; as found in mandatory use Form FL-315: health insurance, beneficiary designation on non-probate transfer, enforcement of community property rights, etc), nothing happened before the family law judge made the ruling – she just made the ruling.   And when Appellant brought the matter to the

19

Court of Appeal she was, for all intents and purposes, summarily denied with barely a three paragraph Opinion.

The California Supreme Court is called on to review the decision of the Court of Appeal as it relates to the interpretation of C.R.C. 5.390 to authorize family law courts to bifurcate and terminate marital status without notice or an opportunity to be heard.   By allowing trial courts to make decisions to terminate parties marital status *sua sponte* without notice or an opportunity to be heard, the Court of Appeal is allowing family law courts the discretion to mete out divorces as "they" see fit and to whom they see fit and when they see fit, without input from the actual litigants involved.   In the instant case, the court felt it knew better than the Black Woman who was in the actual marriage and had been advocating on her own behalf during the entire dissolution proceeding before other judges, and was weeks away from the dissolution trial where she was preparing to present her arguments. Blacks in this country have the right to marry and they also have the same right to remain married or divorce as White citizens do.   It is not within a court's authority to dissolve someone's marital union by surprise, at a hearing on something entirely different. This was a violation of the Equal Protection clause and Appellant's Civil Rights.

Appellant felt as if she was treated like the White court knew what was best just because she was Black, and had to control the situation and life of the Black woman and adjudge that it was in Appellant's and Appellants children's best interest for her to be divorced, *without* the same rights and protections afforded to White litigant's and their children during bifurcations of marital status (as found in F.C. 2337; and Forms FL-315 and FL-347).   It harkens back to Jim Crow days when adult Black men were called "boy", and Whites believed they had inherently superior intellectual acumen and it was alright to treat a Black man as less than, like a child – a "boy".

20

The courts behavior is highly offensive and indicative of implicit and inherent racial bias which permeates the court system, including family courts. Appellant calls upon this court to simply allow review of the decision, no matter the outcome in this specific case.

**IV. Did the Court of Appeal lack jurisdiction to base its entire Opinion on issues no party briefed, without requesting supplemental briefing? (G.C. 68081) (C.R.C. 8.500(b)(2).) The issues not briefed were: (1.) did "the trial court lack[] the authority to "bifurcate and terminate the parties' marital status" on its own motion." (Op.P1.); and (2.) "compelling reasons" against bifurcation (Op.P2.)**

No party briefed the issue: "Appellant contends the trial court lacked the authority to "bifurcate and terminate the parties' marital status" on its own motion." (Opin. p.1, second sentence.); and no party briefed the issue "compelling reasons" to deny bifurcation and termination of marital status (Opin.p.2, 2nd paragraph.).

The Court of Appeal based its decision entirely on issues not briefed or proposed by any party and denied granting rehearing as required under Government Code 68081, which reads:

> "Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."

21

The California Supreme Court has authority to review the Court of Appeal decision under C.R.C. 8.500(b)(2), which reads in part:

"(b) Grounds for review

The Supreme Court may order review of a Court of Appeal decision[]

(2) When the Court of Appeal lacked jurisdiction"

Appellant argues that under C.R.C. 8.500(b)(2) the Court of Appeal lacked jurisdiction to decide issues not briefed or proposed without requesting supplemental briefing (G.C. 68081), because the issues not briefed comprised the entire Court of Appeal Opinion.   By deciding the appeal on issues *sua sponte*, the Court of Appeal is compounding the very problem that Appellant sought guidance from the appeals court for. Due to the fact that supplemental briefing was not requested, Appellant argues this provides grounds for review in the California Supreme Court for lack of jurisdiction in deciding the matter in the Court of Appeal.

"As Chief Justice Traynor of the California Supreme Court wrote: "[I]t is only fair that the appellate court direct the attention of counsel" to legal theories, cases, or other materials not covered by the briefs, "if it appears that they may affect the outcome of the case, and give them the opportunity to submit additional briefs. (*Traynor, Roger J. "Some open questions on the work of State Appellate Courts." U. Chi. L. Rev. 24 (1957): 211, 219;* see also *Roger J. Traynor, Quo Vadis, Prospective Overruling: A Question of Judicial Responsibility, 28 HASTINGS L.J. 533, 558 (1977)* (arguing that parties should have the opportunity to brief retroactivity before the issue is decided)." *Miller, Barry A. "Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to Be Heard." San Diego L. Rev. 39 (2002): 1253, 1297.*

22

Appellant never made the contention that "the trial court lacked authority to bifurcate and terminate the parties' marital status "on its own motion" as stated in the Court's Opinion page 1.   The contention made by Appellant and stated throughout her brief was that the court was required to give notice and opportunity to be heard, and these due process rights were required to be given before *sua sponte* bifurcating and terminating her marital status.   This is a distinctly different issue than what was noted in the Court of Appeal opinion.

The issue as presented in the Appeals Court opinion stops short of articulating the full issue (it omits the issue of the trial court being required to first provide notice of the trial and then the opportunity to be heard at the trial), thus completely changing the issue in the process.

Appellant was not given the opportunity to provide supplemental briefing, so under G.C. 68081, Appellant must be afforded a rehearing based on this new issue of whether "the trial court lacked the authority to "bifurcate and terminate the parties' marital status" on its own motion" under C.R.C. 5.390(a). (Opinion, p. 1 and 2.)

Additionally, the Court of Appeal states in its Opinion that "[c]onsistent with the legislative policy favoring no fault dissolution of marriage, only slight evidence is necessary to obtain bifurcation and resolution of marital status. On the other hand, a spouse opposing bifurcation must present compelling reasons for denial." (*Gionis v. Superior Court (1988) 202 Cal.App.3d 786, 790*.)" (Opinion, page 2.)

The Court of Appeal decision was based on no evidence for bifurcation (the lower court made no finding of any evidence for bifurcation, not even "slight evidence" as required under *Gionis*, *Id.*).   No party presented any evidence, because there was no trial before the court's ruling.

23

It is a universal fact that "the parties may have presented different evidence if they had known the issue would be considered. Without such notice, relevant facts may, or may not, be in the record." (*Miller, Barry A. "Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to Be Heard.   San Diego L. Rev. 39 (2002): 1253, 1302*.) Additionally, "Established appellate standards dictate that documents and facts not presented to the trial court are not properly part of the record on appeal and cannot be considered on appeal." (*Pulver v. Avco Financial Services (1986) 182 Cal. App. 3d 622*.)

Appellant was never given an opportunity to present "compelling reason" for the trial court to not bifurcate and terminate the parties' marital status." (Opinion, p.2.), because there was no trial and thus Appellant never had an opportunity to present "compelling reasons" in her Appellant's Opening Brief as it was an impossibility because no such argument was made in the trial court (and therefore by law could not be presented to the Court of Appeal).   The Court of Appeal pointed out that opposing bifurcation is a high burden (Opinion, p.2.), but how was Appellant supposed to meet this admittedly high burden without notice or an opportunity to be heard?

In the instant case Appellant was never given the opportunity to present "compelling reasons" because there was no lower court trial or request for supplemental briefing on the issue in the Court of Appeal, but the Court of Appeal based its decision on Appellant not meeting the burden of providing "compelling reasons" why bifurcation should be denied. (Opinion, p.2.)   That is clearly an error; Appellant could not do something she was not given an opportunity to do and the reason why the Court of Appeal lacked jurisdiction.

Appellant should have rightfully been granted a rehearing and the opportunity to provide supplemental briefing on the issue of 1.) Whether the court lacked authority to bifurcate the parties' marital status and 2.) Compelling reasons why bifurcation should have been denied.   Due process and fairness principals would necessarily dictate that Appellant is given the opportunity to present her case, and have her day in court.

## CONCLUSION

For the reasons stated, the petition for review should be granted.

Dated: 05/27/2022                    Respectfully submitted,

                                     /s/Leah Chavez
                                     Appellant and Respondent – In Pro Per

## CERTIFICATION OF WORD COUNT

I, Leah Chavez, hereby certify in accordance with California Rules of Court, rule 8.504(d)(1), that this petition contains 6,912, words as calculated by the Microsoft Word software in which it was written.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated: 05/27/2022                    Respectfully submitted

                                     /s/Leah Chavez
                                     Appellant and Respondent
                                     In Pro Per

25

Filed 4/18/22  Marriage of Chavez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re the Marriage of RUDOLFO and LEAH CHAVEZ. | C090325 |
| RUDOLFO CHAVEZ, Respondent, v. LEAH CHAVEZ, Appellant. | (Super. Ct. No. STA-FL-DWC-2014-0005424) |

Appellant Leah Chavez appeals from a trial court order bifurcating the issue of marital status and ordering termination of the same.  Appellant contends the trial court lacked the authority to "bifurcate and terminate the parties' marital status" on its own motion.  In so doing, she argues, the trial court denied her due process right to "notice and . . . opportunity to prepare and argue against bifurcation."  We affirm the trial court's order.

1

DISCUSSION

California Rules of Court, rule 5.390(a) states that on noticed motion of a party, using form FL-300, "Request for Order," "the stipulation of the parties, case management, *or the court's own motion*, the court may bifurcate one or more issues to be tried separately before other issues are tried." (Italics added.) Accordingly, the court had the authority to bifurcate and terminate the parties' marital status on its own motion.

Moreover, "[c]onsistent with the legislative policy favoring no fault dissolution of marriage, only slight evidence is necessary to obtain bifurcation and resolution of marital status. On the other hand, a spouse opposing bifurcation must present compelling reasons for denial." (*Gionis v. Superior Court* (1988) 202 Cal.App.3d 786, 790.) Here, appellant objected to the court terminating the parties' marital status because, she argued, it would cause her to lose her health insurance. The court noted they already discussed terminating the parties' marital status at the settlement conference. During that discussion, the court agreed to "carv[e] out the health insurance and the life insurance for when [the parties returned] in two weeks." On this record, we conclude appellant's stated concern failed to present a "compelling reason" for the court not to terminate the parties' marital status.

DISPOSITION

The trial court order bifurcating and terminating the parties' marital status is affirmed.  Respondent is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                        /s/_____
                                        HOCH, J.


We concur:


/s/_____
ROBIE, Acting P. J.


/s/
KRAUSE, J.

3

# EXHIBIT K

SUPREME COURT
FILED

JUL 2 0 2022

Jorge Navarrete Clerk

Deputy

Court of Appeal, Third Appellate District - No. C090325

S274537

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re the Marriage of RUDOLFO and LEAH CHAVEZ.

RUDOLFO CHAVEZ, Respondent,

v.

LEAH CHAVEZ, Appellant.

The petition for review is denied.
The request for an order directing publication of the opinion is denied.

CANTIL-SAKAUYE
*Chief Justice*

# EXHIBIT L

IN THE

# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

In re the Marriage of RUDOLFO and LEAH CHAVEZ.

RUDOLFO CHAVEZ,
 Respondent,
 v.
LEAH CHAVEZ,
 Appellant.

        C090325
        San Joaquin County
        No. STAFLDWC20140005424

## REMITTITUR TO TRIAL COURT CLERK

I, ANDREA K. WALLIN-ROHMANN, Clerk of the Court of Appeal of the State of
California for the Third Appellate District, do hereby certify that the attached opinion or
order, previously provided to the parties, is a true and correct copy of the original
opinion or order entered in the above entitled cause that has now become final.

Respondent to recover costs on appeal.

WITNESS my hand and the seal of the Court affixed this 4th day of August 2022.

ANDREA K. WALLIN-ROHMANN
Clerk

*Christie Doutherd*

By: Christie Doutherd
Deputy Clerk



Receipt of the original remittitur in the above case is hereby acknowledged.

Dated:

Trial Court Clerk

By:
Deputy Clerk

cc: See Mailing List

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:    Chavez v. Chavez
      C090325
      San Joaquin County Super. Ct. No. STAFLDWC20140005424

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Rudolfo Chavez
P.O. Box 14441
Oakland, CA 94621

Leah Chavez
6333 Pacific Avenue #355
Stockton, CA 95207

San Joaquin County Superior Court
Appeals Division
180 E. Weber Avenue, Suite 230
Stockton, CA 95202
(by email)